Peter Bibring (SBN 223981)
  pbibring@aclu-sc.org
Ahilan T. Arulanantham (SBN 237841)
  aarulanantham@aclu-sc.org
Jennifer L. Pasquarella (SBN 263241)
  jpasquarella@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Ameena Mirza Qazi (SBN 250404)
  aqazi@cair.com
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, California 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

Counsel for Plaintiffs
Continued on next page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASSIR FAZAGA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, *et al.*, <br><br> Defendants. | Case No. SA CV 11-00301 CJC (ANx) <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RELATED CASE |

Additional Plaintiffs' Counsel:

Dan Stormer (SBN 101967)
  dstormer@hadsellstormer.com
Joshua Piovia-Scott (SBN 222364)
  jps@hskrr.com
Reem Salahi (SBN 259711)
  reem@hskrr.com
HADSELL STORMER KEENY RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Pursuant to Central District Local Rule 83-1.3.2, Plaintiffs file this response to the Notice of Related Case filed by defendants on March 31, 2011, identifying as a related case the civil action *Monteilh v. Federal Bureau of Investigation*, *et al.*, Case No. SA 10-cv-00102 JVS (RNBx) ("*Monteilh*"). In their Notice, Defendants suggest that the present action is not only related to *Monteilh*, but is "more related to *Monteilh*" than to *Islamic Shura Council of Southern California et al. v. Federal Bureau of Investigation et al.*, Case No. SA 07-cv-10188-CMC (ANx) ("*Islamic Shura Council*"), which Plaintiffs identified as related at the filing of this action.

Plaintiffs respectfully disagree with that claim. The pleadings in the *Monteilh* case are not a model of clarity, but they appear to center on allegations that after Monteilh worked for the FBI as an informant conducting both criminal investigations (into enterprises involving narcotics, bank robberies, and murder for hire) and counterterrorism investigations, FBI Special-Agent-in-Charge Barbara Walls conspired with the City of Irvine and an Irvine Police Department detective, Ron Carr, to have Monteilh arrested and convicted for crimes committed at the instruction of the FBI during a criminal investigation of drug sales, as well as "to cause Mr. Monteilh harm" during his incarceration. (Corrected Second Amended Complaint, ¶ 51, *Monteilh v. F.B.I.*, Dkt. No. 63, Case No. SA 07-cv-10188-CMC (ANx) (filed Sept. 9, 2010) (hereinafter "*Monteilh* SAC", attached as Exhibit 1).) Monteilh claims that Walls spread false rumors to the Irvine Police Department that resulted in his arrest, and refused to honor an "exit" agreement that he be allowed to assert immunity to any charges, terminated from his parole on state criminal charges, and paid $100,000 upon finishing his work. (*Monteilh* SAC ¶ 46, 63.) Monteilh also presents claims that he was physically forced to take a polygraph test without his counsel present (*Monteilh* SAC ¶¶ 70-85), and that that Irvine Police Department detectives told people in the Orange County jail on whom Monteilh had gathered information that he was an informant, and that the FBI refused to help place him in protective custody, causing him physical harm

1

and emotional distress. (*Monteilh* SAC ¶¶ 86-109.) The significant majority of the alleged acts that give rise to the claims in the *Monteilh* case occurred after Monteilh stopped infiltrating the Muslim community in about summer 2007.

The district court dismissed nearly all Monteilh's claims with leave to amend in two orders in August 2010.[1] Monteilh then filed a second amended complaint on Sept. 9, 2010. On February 16, 2011, the district court dismissed with prejudice Monteilh's claims against Walls and the United States for putting him in danger by arresting him and telling other inmates he was an informant, leaving the possibility of Monteilh proceeding against Walls only by amending the claim involving the unlawful polygraph test, and allowing him to proceed against the United States only by re-filing contractual claims against the government in the federal Court of Claims.[2]

Local Rule 83-1.3.1 provides, in relevant part, that a case is related to a prior action if the two actions appear: "(a) To arise from the same or a closely related transaction, happening or event; or (b) To call for determination of the same or substantially related or similar questions of law and fact; or (c) For other reasons would entail substantial duplication of labor if heard by different judges . . . ." *Monteilh* neither calls for the determination of legal questions similar to those arising in this case nor involves a significant overlap with the factual questions at issue here.

The gravamen of Plaintiffs' complaint in this case is a challenge to FBI surveillance based on Plaintiffs' religion, raising claims of religious discrimination

---

[1] *See* Order dated Aug. 13, 2010, Dkt No. 60, *Monteilh v. F.B.I.*, Case No. SA 10-cv-00102 JVS (RNBx) (re United States defendants); Order dated Aug. 30, 2010, Dkt No. 61, *Monteilh v. F.B.I.*, Case No. SA 10-cv-00102 JVS (RNBx) (re United States defendants).
[2] *See* Order dated Feb. 16, 2011, Dkt. No. 93, *Monteilh v. F.B.I.*, Case No. SA 10-cv-00102 JVS (RNBx).

2

under the First Amendment, Equal Protection Clause, and the Religious Freedom Restoration Act, as well as claims that the FBI surveillance was unlawful under the Fourth Amendment, the Foreign Intelligence Surveillance Act, and the Privacy Act. None of the legal questions presented by these claims arise in Monteilh's civil case, because Monteilh was neither discriminated against because of his religion nor the subject of any surveillance.

The two cases do not, then, concern "the same or substantially related or similar questions of law," nor would analysis of the legal issues by different judges cause any duplication of effort. The mere fact that both actions are brought under *Bivens* does not indicate any similarity in the substance of those claims, other than that they both arise under the Constitution and are for monetary damages. *See* Notice of Related Case at 4:8-11.

Further, the two cases do not involve "the same or substantially related or similar" issues of fact. The issues of fact in the present action focus on whether the FBI's basis for investigating Plaintiffs and other Muslims was discriminatory and whether the surveillance was unreasonably intrusive. These facts undoubtedly relate to Mr. Monteilh himself, as they involve details of what surveillance the FBI directed Mr. Monteilh to conduct during his counterterrorism investigation, and what FBI agents on that investigation told Mr. Monteilh about who to target and why. But the factual issues presented by the *Monteilh* case are wholly different, as they focus on whether FBI agents conspired to allow the Irvine PD to arrest Monteilh and to place him in danger while in jail *after* he finished engaging in the investigation at issue in this case.

The only common question of fact between the two cases involves the relatively uncontroversial claim that Monteilh worked for the FBI — indeed, that is the sole purpose for which the documents filed in the *Monteilh* case were cited in this action. *See Fazaga* Complaint ¶ 160 (citing transcript in which assistant district attorney represented on record that FBI Agent Kevin Armstrong contacted

3

1  his office to say that Monteilh had been working with the FBI and had given "very
2  valuable information"); ¶ 161-62 (citing discovery in which Irvine acknowledged
3  that the FBI asked its police officers to delay action against Monteilh and that they
4  had been told by the FBI that he was an FBI informant); ¶ 163 (citing letter from
5  the FBI acknowledging a nondisclosure agreement between Monteilh and the FBI
6  and mentioning "Operation Flex" as a "particular FBI operation or investigation").
7  The proof of this minor point in separate cases does not render the factual issues
8  "the same or substantially related or similar," nor would it require "substantial
9  duplication of labor if heard by" different judges.

Plaintiffs cited *Islamic Shura Council* as a related case because that case involves a Freedom of Information Act request for documents on FBI surveillance of mosques in Southern California. The lead plaintiff in that action, the Islamic Shura Council of Southern California, is a membership organization of mosques that includes the mosque whose imam (or religious leader) is Plaintiff Yassir Fazaga. As a consequence, Plaintiffs have reason to believe that at least some of the surveillance challenged here may be documented in the records sought in *Islamic Shura Council*.

Dated: April 5, 2011          Respectfully Submitted,

                              ACLU FOUNDATION OF SOUTHERN
                                 CALIFORNIA

                              COUNCIL ON AMERICAN-ISLAMIC
                                 RELATIONS, CALIFORNIA

                              HADSELL STORMER KEENY RICHARDSON
                                 & RENICK LLP

                              By:    \s\ Peter Bibring
                                     Peter Bibring
                              Attorneys for Plaintiffs

4