| | |
|---|---|
| Peter Bibring (SBN 223981) | TONY WEST |
| pbibring@aclu-sc.org | Assistant Attorney General |
| ACLU FOUNDATION OF | ANDRE BIROTTE, JR. |
| SOUTHERN CALIFORNIA | United States Attorney |
| 1313 West Eighth Street | ANTHONY J. COPPOLINO |
| Los Angeles, California 90017 | tony.coppolino@usdoj.gov |
| Telephone: (213) 977-5236 | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| COUNCIL ON AMERICAN-ISLAMIC | 20 Mass. Avenue, N.W. |
| RELATIONS, CALIFORNIA | Washington, D.C. 20001 |
| | Telephone: (202) 514-4782 |
| HADSELL STORMER KEENY | |
| RICHARDSON & RENICK LLP | *Attorneys for Defendants* |
| | *Sued in their Official Capacities* |
| *Attorney for the Plaintiffs* | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASSIR FAZAGA *et al.*, | CASE: SA11-CV-00301 CJC (VBKx) |
| Plaintiffs, | |
| v. | **Stipulation to Defer Class Certification Proceedings** |
| FEDERAL BUREAU OF INVESTIGATION, *et al.* | |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs and Defendants Federal Bureau of Investigation (FBI); Robert Mueller, named in his official capacity as Director of the FBI; and Steven M. Martinez, named in his official capacity as Assistant Director in Charge of the FBI's Los Angeles Field (hereinafter "Official Capacity Defendants"), by and through their counsel of record, do stipulate as follows:

1. WHEREAS, in this action, Plaintiffs have brought claims seeking

Stipulation to Defer Class Certification Proceedings                 SA11-CV-00301 CJC (VBKx)

1

injunctive relief against the Official Capacity Defendants on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure;[1]

2. WHEREAS, Central District Local Rule 23-3 requires a party to file a motion for class certification "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . unless otherwise ordered by the Court;"

3. WHEREAS, the Plaintiffs intend to seek discovery on class issues prior to filing a motion for class certification, and the parties anticipate such a request for discovery will raise issues that could require resolution by the Court;

4. WHEREAS, the Official Capacity Defendants may decide to file initial dispositive motions in response to the Complaint, and such motions may impact issues related to class discovery;[2]

5. WHEREAS, service of the Complaint on four of the individual capacity defendants was completed on April 8, 2011, and the parties believe that additional time will be necessary for the parties to adequately brief any dispositive motions that may be filed, and because any dispositive motions could not be filed, briefed, and heard by the present deadline for Plaintiffs to file a motion class certification;

6. WHEREAS, for these reasons, the Plaintiffs and Official Capacity Defendants believe that deferring the motion for class certification until after any initial dispositive motions filed in response to the Complaint have been adjudicated would best use the resources of the parties and the Court while heeding the

---

[1] No class claims have been brought against defendants in this action other than the Official Capacity Defendants.

[2] Nothing in this stipulation forecloses the Official Capacity Defendants from filing a dispositive motion within the time for responding to the initial complaint under Fed.R.Civ.P. 12 or, in the alternative, under Fed.R.Civ.P. 56.

Stipulation to Defer Class Certification Proceedings            SA11-CV-00301 CJC (VBKx)

2

admonition of Rule 23 of the Federal Rules of Civil Procedure that determinations as to class certification be made at "an early practicable time after a person sues as a class representative;"

Plaintiffs and Official Capacity Defendants hereby **STIPULATE** that, subject to the approval and order of the Court, Plaintiffs may be relieved from the requirement set forth in Local Rule 23-3 that a motion for class certification be filed within 90 days after service of a pleading purporting to commence a class action.

In the event that Plaintiffs' claims against the Official Capacity Defendants are not dismissed, then the Plaintiffs and Official Capacity Defendants request that the Court permit them to submit a joint report setting forth their respective positions on class certification matters, including their positions concerning class discovery and the scheduling of class certification proceedings, within 21 days after any decision by this Court denying any initial dispositive motions filed in response to the Complaint by the Official Capacity Defendants, or within 21 days after the deadline for such a motion has passed without its filing; or, in the alternative, that the Court hold a scheduling conference to address the matter.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | Dated: 4/11/2011 | ACLU FOUNDATION OF SOUTHERN CALIFORNIA |
| 2 | | |
| 3 | | COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA |
| 4 | | HADSELL STORMER KEENY RICHARDSON & RENICK LLP |
| 5 | | |
| 6 | | |
| 7 | | By: _____ PETER BIBRING |
| 8 | | |
| 9 | | *Attorneys for Plaintiffs* |
| 10 | Dated: 4/11/2011 | TONY WEST Assistant Attorney General |
| 11 | | |
| 12 | | ANDRE BIROTTE, JR. United States Attorney |
| 13 | | |
| 14 | | BY: _____ ANTHONY J. COPPOLINO |
| 15 | | tony.coppolino@usdoj.gov |
| 16 | | U.S. Department of Justice Civil Division |
| 17 | | 20 Massachusetts Ave N.W. Rm 6102 |
| 18 | | Washington, D.C. 20001 |
| 19 | | |
| 20 | | *Attorneys for Defendants Sued in their Official Capacities* |

28 | Stipulation to Defer Class Certification Proceedings   SA11-CV-00301 CJC (VBKx)