TON Y WEST
Assistant Attorney General
ANDRE BIROTTE JR.
United Sates Attorney
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
E-mail: tony.coppolino@usdoj.gov
LYNN. Y LEE (SBN #235531)
E-mail: lynn.lee@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: 202-514-4782
Facsimile: 202-616-8460
*Attorneys for the Federal Bureau of Investigation and Defendants Mueller and Martinez Sued in their Official Capacities*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| YASSIR FAZAGA *et al.*,<br><br>   Plaintiffs<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION *et al.*,<br><br>   Defendants. | CASE:   SA11-CV-00301 CJC (VBKx)<br><br>STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW<br><br>DATE: November 14, 2011<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Cormac J. Carney |

Pursuant to Local Rule 56-1, defendants Federal Bureau of Investigation ("FBI"), Robert Mueller, Director of the FBI sued in his official capacity, and Steven Martinez, Assistant Director in Charge of the FBI Los Angeles Field office, sued in his official capacity (hereafter "Government Defendants"), submit the following statement of material facts as to which there is no genuine dispute:

1. In this lawsuit, plaintiffs claim in part that the FBI collected and maintained records describing the exercise of their First Amendment rights in violation of the Privacy Act, 5 U.S.C. § 552a. Compl. ¶¶ 241-43.

2. Plaintiffs seek, among other relief, the destruction or return of "any information gathered through the unlawful surveillance program by [Craig] Monteilh and/or Operation Flex … and any information derived from that unlawfully obtained information."  Compl. at 62 (Prayer for Relief, ¶ b).

3. The records maintained by the FBI concerning Monteilh's source work and Operation Flex constitute investigatory material compiled for law enforcement and criminal investigation purposes.  Operation Flex was the name given by the FBI to a group of counterterrorism investigations on which Monteilh was reporting.  Declaration of Christopher N. Morin ("Morin Decl.") ¶ 5.

4. The information gathered by Monteilh and concerning Operation Flex is located in the FBI's Central Records System ("CRS") and the Electronic Surveillance ("ELSUR") indices.  Pursuant to 5 U.S.C. §§ 552a(j) and (k) and 28 C.F.R. § 16.96, both the FBI's CRS and ELSUR indices have been expressly exempted from those portions of the Privacy Act which address the federal government's obligations to provide individuals access to records concerning them and to amend any portion of such records which is not accurate, relevant, timely, or complete.  Morin Decl. ¶ 6.

5. The exemption applies to records that are maintained by "any agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws" and consist of "information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual," as well as other "investigatory material compiled for law enforcement purposes."  5 U.S.C. §§ 552a(j)(2)(B), (k)(2); Morin Decl. ¶ 6.

6. The CRS has been exempted from the Privacy Act's amendment requirements because "requir[ing] the FBI to amend information thought to be

incorrect, irrelevant or untimely, because of the nature of the information collected and the essential length of time it is maintained, would create an impossible administrative and investigative burden by forcing the agency to continuously retrograde its investigations attempting to resolve questions of accuracy[.]" 28 C.F.R. §§ 16.96(a)(1), (b)(2)(iii); Morin Decl. ¶ 7.

7. The ELSUR indices have been exempted from the Privacy Act's amendment and access requirements because "access to records in this system would compromise ongoing investigations, reveal investigatory techniques and confidential informants, and invade the privacy of private citizens who provide information in connection with a particular investigation." 28 C.F.R. §§ 16.96(c)(1), (d)(2); Morin Decl. ¶ 7.

8. Even if the records at issue were not exempt by statute and regulation from the Privacy Act's amendment provisions, their destruction could significantly impair the FBI's ability to conduct any ongoing or future investigations. When the FBI receives new information that may relate to an ongoing or prior investigation, it examines and seeks to verify that information in the context of information it has already received. Thus, if the FBI's existing records regarding Monteilh and Operation Flex were destroyed, and further information relating to the investigative matter at issue were later brought to the FBI's attention, the investigating agent would not have the complete context in which to evaluate the newly received information and properly assess the matter. Morin Decl. ¶¶ 8-9.

9. The maintenance of investigative records also permits the FBI to assess the reliability of sources of information it receives over time. The premature destruction of files would severely hinder the FBI's ability to evaluate the accuracy and credibility of information received from the same source over the course of several years or even decades. Morin Decl. ¶ 10.

11. The FBI also maintains investigative records for historic and accountability purposes. The premature destruction of records relating to investigative activities, in addition to being in violation of record retention and destruction schedules agreed to in conjunction with the National Archives and Records Administration ("NARA"), would significantly impede any future inquiry into how the FBI responded to information it received. Morin Decl. ¶¶ 8, 11.

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRE BIROTTE, JR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

 /s/ Anthony J. Coppolino
ANTHONY J. COPPOLINO
E-mail: tony.coppolino@usdoj.gov
 /s/ Lynn Y. Lee
LYNN Y. LEE (SBN # 235531)
E-mail: lynn.lee@usdoj.gov

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20001
Telephone: 202-514-4782
Facsimile:   202-616-8460

*Attorneys for the Federal Bureau of Investigation and Defendants Mueller and Martinez Sued in their Official Capacities*