1
2
3
4
5
6

Peter Bibring (SBN 223981)
   pbibring@aclu-sc.org
Ahilan T. Arulanantham (SBN 237841)
   aarulanantham@aclu-sc.org
Jennifer L. Pasquarella (SBN 263241)
   jpasquarella@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California  90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

7
8
9
10

Ameena Mirza Qazi (SBN 250404)
   aqazi@cair.com
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, California  92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

11
12

Attorneys for Plaintiffs
Continued on next page

13

## UNITED STATES DISTRICT COURT

14
15

## CENTRAL DISTRICT OF CALIFORNIA

16

17
18
19
20
21
22
23
24

YASSIR FAZAGA, ALI UDDIN
MALIK, YASSER ABDELRAHIM,

              Plaintiffs,

        v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

              Defendants.

CASE NO.: SA CV 11-00301 CJC (VBKx)

**CLASS ACTION**

**PLAINTIFFS' *EX PARTE*
APPLICATION TO STAY REVIEW OF
GOVERNMENT DEFENDANTS' *IN
CAMERA* FILINGS; MEMORANDUM
OF POINTS AND AUTHORITIES;
DECLARATION OF PETER BIBRING**

25
26
27
28

Date:     n/a
Time:     n/a
Court:    Hon. Cormac J. Carney

1

Additional Plaintiffs' Attorneys:

2

Dan Stormer (SBN 101967)
  dstormer@hadsellstormer.com

3

Joshua Piovia-Scott (SBN 22364)
  jps@hskrr.com

4

Reem Salahi (SBN 259711)
  reem@hskrr.com

5

HADSELL STORMER KEENY RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue, Suite 204

6

Pasadena, California 91103
Telephone: (626) 585-9600

7

Facsimile: (626) 577-7079

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO DEFENDANTS-RESPONDENTS AND THEIR COUNSEL OF RECORD**

Pursuant to Local Rule 7-19, Plaintiffs Yassir Fazaga, Ali Uddin Malik, and Yasser Abdelrahim hereby apply *ex parte* for this Court to refrain from reviewing the *ex parte*, *in camera* materials submitted by the government in its motion to dismiss claims under the state secrets doctrine until after such time as Plaintiffs have submitted arguments that the state secrets doctrine should not apply in this case as a matter of law, and the Court has reviewed and adjudicated those arguments.

This application is based on Plaintiffs' memorandum of points and authorities filed with this application; the declaration of Peter Bibring filed with this application; and such other and further evidence and argument as may be presented to the Court on this application.

After email discussions regarding the subject of this motion, plaintiffs gave notice of this motion to opposing counsel via email on the morning of August 3, 2011. Declaration of Peter Bibring (attached hereto) ¶ 6. Counsel Tony Coppolino (who represents defendants Federal Bureau of Investigation ("FBI"), Mueller, and Martinez) indicated by return email that the government would oppose this motion and intends to file a written opposition. *Id*. ¶ 7. Counsel Carl Nichols (for defendants Tidwell and Walls) and Angela Machala (for defendants Armstrong, Allen and Rose) indicated by return email that they would take no position on this motion as of the time of that correspondence. *Id*. ¶¶ 8, 9.

The address and contact information for defense counsel in this case is as follows:

TONY WEST
Assistant Attorney General
ANDRE BIROTTE, JR.
United States Attorney
ANTHONY J. COPPOLINO
tony.coppolino@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch

20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
 Telephone: (202) 514-4782
Attorneys for Defendants Federal Bureau of Investigation,
Robert Mueller, and Steven M. Martinez

WILMER CUTLER PICKERING HALE AND DORR LLP
Brian R. Michael
brian.michael@wilmerhale.com
P. Patty Li
patty.li@wilmerhale.com
350 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

WILMER CUTLER PICKERING
HALE AND DORR LLP
Howard M. Shapiro
howard.shapiro@wilmerhale.com
Carl J. Nichols
carl.nichols@wilmerhale.com
Annie L. Owens
annie.owens@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Attorneys for Defendants J. Stephen Tidwell and Barbara Walls

SCHEPER, KIM & HARRIS LLP
David C. Scheper
dscheper@scheperkim.com
Angela Machala
amachala@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656
Attorneys for Defendants Pat Rose, Kevin Armstrong, and Paul Allen

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs file this Application to obtain urgent but modest relief from the Court concerning the procedure for the consideration of the *ex parte* evidence submitted by the government.[1]  Specifically, for the reasons provided herein, Plaintiffs respectfully request a modest restriction on the timing for this Court's review of the government's *ex parte* submissions:  that the Court refrain from reviewing or otherwise considering the *ex parte* materials submitted by the government in this case until such time as it has reviewed Plaintiffs' substantive opposition to the motions and determined that the *ex parte* submissions are appropriately subject to consideration by this Court.

On February 22, 2011 Plaintiffs filed the complaint in this case seeking both injunctive relief against the United States and damages against certain individuals based on violations of federal statutory and constitutional law.  On August 1, 2011, defendants Federal Bureau of Investigation ("FBI"), Robert Mueller, Director of the FBI sued in his official capacity, and Steven Martinez, Assistant Director in Charge of the FBI Los Angeles Field office, sued in his official capacity (hereafter "Government Defendants"), filed a motion to dismiss.  The motion argues, *inter alia*, that most of

_____

[1] This request is appropriately considered via an *ex parte* application because the relief plaintiffs seek would become moot, thus irreparably prejudicing Plaintiffs, if the Court reviews the *ex parte* materials already lodged by the Government Defendants. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 490 (C.D.Cal. 1995).  Plaintiffs are not at fault for creating this urgency as they could not have raised this issue sooner.  *Id.*  The Government Defendants first apprised Plaintiffs of their intent to assert the state secrets privilege only in a telephone call on Monday, August 1, 2011, the same day that their motion was filed.  Bibring Dec. ¶¶ 3, 4.  Prior to filing this application, Plaintiffs also requested that the Government Defendants stipulate to a procedure whereby the Court would not review the *ex parte* materials until after it had decided whether the state secrets privilege could properly be invoked, or had reviewed Plaintiffs' opposition to the Government Defendants' motion to dismiss, which the Government Defendants declined to do.  Bibring Dec. ¶ 5, 10.

However, Plaintiffs have no objection to allowing the Government Defendants additional time to file a written response provided the Court does not review the *ex parte* materials in the interim.

Plaintiffs' claims must be dismissed on the ground that litigation of this case would require disclosure of "state secrets."  Gov't Defs. Mot. to Dismiss, Dkt. No. 32 (filed Aug. 1, 2011) at 22-35.  In support of this argument, the government has made available for *ex parte*, *in camera* review by the Court a secret declaration of FBI Assistant Director Mark F. Giuliano as well as a document entitled "Classified Supplemental Memorandum in Support of the Government Defendants' Motion to Dismiss and for Summary Judgment."  *See* Notices of Lodging, Dkts. No. 35 and 36 (filed Aug. 1, 2011).  According to the Government Defendants' public brief and declarations, these secret documents explain why litigation of this case would require disclosure of information that is properly classified as a state secret, and perhaps also explain why the case must be dismissed as a result.

As a general matter, elemental principles of fairness in federal litigation counsel against the use of *ex parte* process.  The Ninth Circuit has held, even in the national security context, that "undisclosed information in adjudications should be presumptively unconstitutional.  Only the most extraordinary circumstances could support one-sided process." *American-Arab Anti-Discrimination Committee v. Reno*, 70 F.3d 1045, 1070 (9th Cir. 1995); *see also United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987) (reasoning, in holding that district court violated Due Process by refusing to allow defense counsel to hear government's reasons for use of peremptory challenges, that "ex parte proceedings are anathema in our system of justice" and only tolerated in the most compelling of circumstances).  As Justice Frankfurter wrote over fifty years ago, "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights."  *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring) (holding use of ex parte evidence unauthorized by statute in employment context, even given national security concerns).

As a result, the due process interest in adversarial adjudication requires that this Court permit *ex parte* proceedings only if absolutely necessary.  *United States v.*

4

*Abuhamra*, 389 F.3d 309, 321 (2d Cir. 2004) (holding in bail context that courts should permit *ex parte* proceedings only if  "no alternative means of meeting [the] need [to maintain the secrecy of certain evidence] exist other than *ex parte* submission."). *Cf., e.g., Waller v. Georgia,* 467 U.S. 39, 48 (1984) (holding that, prior to closure of pre-trial criminal proceedings, "the trial court must consider reasonable alternatives to closing the proceeding").

This general rule against ex parte procedures in litigation has implications for the order in which the Court should consider the evidence the government has presented.  While the use of *ex parte* affidavits may be a necessary evil *if* the state secrets privilege has been properly invoked, the use of *ex parte* evidence may be unnecessary (and therefore impermissible) if the state secrets privilege may not, as a threshold matter of law, be invoked in the present case.[2]

Plaintiffs intend to argue that the government has no authority to invoke the state secrets privilege in this case.  While Plaintiffs are not in a position to provide a full explanation of their argument at this preliminary stage, it should suffice for present purposes to note that the Government Defendants have asserted authority to require the dismissal of a claim for injunctive relief from an on-going constitutional violation — the maintenance of surveillance files concerning Plaintiffs and other individuals that were created solely because of their religion — arising from a domestic law enforcement program implemented against United States citizens on United States soil. On the Government Defendants' view, this suit must be dismissed because the defendants must disclose state secret information in order to respond to the complaint. Importantly, the government's theory is not contingent on whether or not the secret information actually would disprove Plaintiffs' claims — even if the *ex parte* evidence fails to disprove that the government is engaging in on-going unconstitutional conduct,

---

2   At this point the Government Defendants have cited the proffered *ex parte* evidence only in support of their assertion of state secrets privilege, and on no other basis.

1    the suit must still be dismissed.  *See, e.g.*, *Ellsberg v. Mitchell*, 709 F.2d 51, 57 (D.C.

2    Cir. 1983) ("When properly invoked, the state secrets privilege is absolute. No

3    competing public or private interest can be advanced to compel disclosure of

4    information found to be protected by a claim of privilege.").

5         A review of the approximately sixty published federal appellate court decisions

6    addressing the state secrets doctrine at any length reveals few, if any, cases in which

7    the government has successfully asserted the state secrets doctrine to win dismissal of

8    a lawsuit under the circumstances at issue in this case – where Plaintiffs seek

9    injunctive relief from an on-going constitutional violation arising from a domestic law

10   enforcement program implemented against United States citizens (and lawful

11   permanent residents) on United States soil.  Plaintiffs have identified only a handful of

12   cases outside the employment or contract context in which the government has even

13   invoked state secrets doctrine as a basis for dismissal of a claim for injunctive relief.

14   Of these cases, the only Ninth Circuit case involved a challenge to environmental

15   practices on an Air Force base which would have required the disclosure of military

16   secrets; no constitutional claims were at issue.  *Kasza v. Browner,* 133 F.3d 1159 (9th

17   Cir. 1998).  *C.f. Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190, 1193

18   (9th Cir. 2007) (holding, in action that did not seek injunctive relief, that action should

19   not be dismissed based on state secrets, but that document did fall within protection of

20   state secrets privilege, and remanding for determination whether the Foreign

21   Intelligence Surveillance Act pre-empts that privilege); *Mohamed v. Jeppesen

22   Dataplan*, 614 F.3d 1070 (9th Cir. 2010) (en banc)  (dismissing damage action brought

23   by non-citizens for violations cognizable under the Alien Tort Statute based on state

24   secrets doctrine).  Thus, the scope of the government's authority to assert the state

25   secrets doctrine as a basis for the dismissal of the claims in this case, which include a

26

27

28

constitutional challenge seeking injunctive relief from a domestic surveillance operation, remains an open question.[3]

Moreover, the consequences of a legal rule permitting the government to invoke the state secrets doctrine under such circumstances are extraordinary: should the government be permitted to invoke the state secrets doctrine in this case, it could presumably also invoke it to shield from litigation a policy to arrest people solely on the basis of their race, nationality, or political opinion, *see Korematsu v. United States*, 323 U.S. 214 (1944), or even a policy to summarily murder American citizens suspected of posing a threat to the present administration. *Cf. Al-Aulaqi v. Obama*, 727 F.Supp.2d 1, 54 (D.D.C. 2010) (noting, in dismissing challenge to government's program of targeted killing abroad, that the government had invoked state secrets, but deciding on other grounds). In each such example, if the state secrets doctrine were applied as the Government Defendants suggest, the Court would have no power to consider whether the government's continuing conduct was lawful or whether the state secret evidence proved the government's conduct justified, if it determined that litigation of the case would lead to the disclosure of state secrets. *See Ellsberg*, 709 F.2d at 57.

Plaintiffs recognize that the government likely disagrees with the assertions presented here. However, Plaintiffs do not seek, at this stage, a ruling from the Court on whether the government has properly invoked the state secrets doctrine. Rather, Plaintiffs merely propose a simple ordering rule for consideration of the evidence in this case. Because Plaintiffs plainly have at least a colorable argument concerning whether the state secrets doctrine may be invoked to justify dismissal of this case, they ask only that the Court refrain from considering the *ex parte* evidence prior to the resolution of that threshold question, which Plaintiffs intend to address in their

---

[3] Plaintiffs do not intend to suggest by this discussion that there is no question concerning the validity of the invocation of the state secrets doctrine as it pertains to the damages portion of their complaint.

response to the government's motion to dismiss.  Such an ordering rule would prevent the Court from unnecessarily reviewing information that could be highly prejudicial to Plaintiffs and not properly subject to consideration by the Court.

Under Plaintiffs' proposed approach, should the Court agree with Plaintiffs that invocation of the state secrets doctrine is impermissible in this case, it can return the evidence to the government without either side having suffered any injury.  In contrast, should the Court agree with the government concerning the applicability of the state secrets doctrine, it can then review the *ex parte* information, again without prejudice to either side.

For these reasons, Plaintiffs respectfully request that the Court grant this Application.

Respectfully submitted,

DATED:  August 4, 2011

ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA

COUNCIL ON AMERICAN-ISLAMIC
    RELATIONS, CALIFORNIA

HADSELL STORMER KEENY RICHARDSON
    & RENICK, LLP

By:  _____\s\ *Peter Bibring*_____
            Peter Bibring

Attorneys for Plaintiffs

8

## **DECLARATION OF PETER BIBRING**

I, Peter Bibring, declare as follows:

1.      I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.      I am an attorney at the ACLU of Southern California.  I am admitted to practice law in the State of California and before this Court.  I am one of the counsel of record for plaintiffs in the above-captioned case.

3.      The parties held a telephonic conference to discuss the substance of defendants' motions to dismiss the complaint in this case, pursuant to Central District Local Rule 7-3, on July 15, 2011.   At that conference, Tony Coppolino, counsel for defendants the FBI, Mueller and Martinez (the "Government Defendants"), represented that they were considering a motion based on issues of sensitive and classified information, but he was not sure exactly what the scope and substance of that argument would be.

4.      On August 1, 2011, Mr. Coppolino requested an additional conference to discuss the substance of the motion he was filing that day.  In a telephone call that afternoon, Mr. Coppolino informed counsel for the first time that he would be making an argument for dismissal under the state secrets doctrine.

5.      On August 2, 2011, I wrote Mr. Coppolino an email expressing concern about the filing of an *ex parte* declaration and memorandum of law in support of the Government Defendants' Motion to Dimiss, informing him that Plaintiffs were considering arguments that, as a threshold matter of law, the state secrets doctrine cannot be invoked in this case, and asking if the Government Defendants would agree that the Court should not review the *ex parte* materials until after it had made a threshold determination of that issue.   Mr. Coppolino responded via email the same day that the Government Defendants would not agree to such a stipulation.

6.      On August 3, 2011, at about 1:52 a.m., I wrote an email counsel for all defendants in this case and informed them that plaintiffs intended to file an *ex parte*

9

application asking the Court to refrain from reviewing the *ex parte* materials filed by the Government Defendants in support of their assertion of the state secrets doctrine until it had addressed Plaintiffs' arguments that the doctrine could not be invoked in this case, and asking if they opposed the motion and whether they intended to file written oppositions.

7.    At about 8:17 a.m. on Aug. 3, 2011, Mr. Coppolino wrote me an email informing me that the Government Defendants would oppose Plaintiffs' *ex parte* application and intended to file a written opposition.

8.    At about 8:22 a.m. on Aug. 3, 2011, Carl Nichols (counsel for defendants Tidwell and Walls) wrote an email informing me that his clients would take no position on Plaintiffs' *ex parte* application.

9.    At about 9:23 a.m. on Aug. 3, 2011, Angela Machala (counsel for defendants Armstrong, Allen, and Rose) wrote me an email informing me that her clients would withhold a decision on whether to oppose Plaintiffs' *ex parte* application until they saw the brief.

10.    Plaintiffs' counsel Ahilan Arulanantham and I spoke by telephone with Mr. Coppolino on the morning of Aug. 4, 2011, and asked if the Government Defendants would stipulate that the Court could refrain from reviewing the *ex parte* materials until it had reviewed Plaintiffs' opposition to their motion to dismiss.   Mr. Coppolino again declined such a stipulation.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.  Executed this 4th day of August, 2011 in Los Angeles, California.

    /s/ Peter Bibring

Peter Bibring

10