# TAB 1

## Lee, Lynn (CIV)

| | |
|---|---|
| **From:** | Peter Bibring <pbibring@ACLU-SC.ORG> |
| **Sent:** | Wednesday, August 03, 2011 6:45 PM |
| **To:** | Angela Machala; Coppolino, Tony (CIV) |
| **Cc:** | Lee, Lynn (CIV); Ahilan Arulanantham; aqazi@cair.com; dstormer@hadsellstormer.com; Josh Piovia-Scott; Laura Moran; Reem Salahi; Nichols, Carl; Michael, Brian R.; David C. Scheper; Amos A. Lowder |
| **Subject:** | RE: Fazaga: government's submission of ex parte, in camera materials |

Counsel,

Plaintiffs still intend to file the ex parte, but will do so tomorrow rather than today.

Best,

Peter Bibring
Staff Attorney
ACLU of Southern California
1313 W. Eighth Street
Los Angeles, CA 90017
T: (213) 977-9500 x.295
F: (213) 977-5297
pbibring@aclu-sc.org

---

**From:** Angela Machala [mailto:amachala@scheperkim.com]
**Sent:** Wednesday, August 03, 2011 9:23 AM
**To:** Peter Bibring; Coppolino, Tony (CIV)
**Cc:** Lee, Lynn (CIV); Ahilan Arulanantham; aqazi@cair.com; dstormer@hadsellstormer.com; Josh Piovia-Scott; Laura Moran; Reem Salahi; Nichols, Carl; Michael, Brian R.; David C. Scheper; Amos A. Lowder
**Subject:** RE: Fazaga: government's submission of ex parte, in camera materials

Peter, your email does not provide us with sufficient information about the basis for your motion to determine whether or not we will oppose it. Unless you can give us more information about what your ex parte application will argue, we (counsel for Armstrong/Allen/Rose) will withhold our decision whether to oppose until we see the brief.

---

**From:** Peter Bibring [mailto:pbibring@ACLU-SC.ORG]
**Sent:** Tuesday, August 02, 2011 10:52 PM
**To:** Coppolino, Tony (CIV)
**Cc:** Lee, Lynn (CIV); Ahilan Arulanantham; aqazi@cair.com; dstormer@hadsellstormer.com; Josh Piovia-Scott; Laura Moran; Reem Salahi; Nichols, Carl; Michael, Brian R.; Angela Machala
**Subject:** RE: Fazaga: government's submission of ex parte, in camera materials

Counsel,

We intend to file a short ex parte application tomorrow requesting that the Court not review the sealed, in camera submissions until it has ruled that, as a matter of law, the state secrets privilege can be invoked in this case.

Please inform me whether you oppose the motion. If you tell me that you intend to file written oppositions, I am happy to make that representation in our application so the Court will be aware, but I do not think it will be

necessary to set a briefing schedule for this.  If you disagree after reviewing our application, we can discuss the matter further.

Best,

Peter Bibring
Staff Attorney
ACLU of Southern California
 1313 W. 8th Street
 Los Angeles, CA 90017
T: (213) 977-9500 x.295
F: (213) 977-5297
pbibring@aclu-sc.org

---

**From:** Coppolino, Tony (CIV) [Tony.Coppolino@usdoj.gov]
**Sent:** Tuesday, August 02, 2011 4:56 PM
**To:** Peter Bibring
**Cc:** Lee, Lynn (CIV); Ahilan Arulanantham; aqazi@cair.com; dstormer@hadsellstormer.com; Josh Piovia-Scott; Laura Moran; Reem Salahi; Coppolino, Tony (CIV); Nichols, Carl; Michael, Brian R.; Angela Machala
**Subject:** RE: Fazaga: government's submission of ex parte, in camera materials

Peter

The Government is not willing to agree to your proposed stipulation.

Would you let me know when you intend to raise this issue with the court  so that we might discuss a briefing schedule on the matter?

I've added counsel for the individual-capacity defendants to this chain so that they are aware of the issue as well.

Tony Coppolino
Department of Justice
Civil Division
(202) 514-4782

---

**From:** Peter Bibring [mailto:pbibring@ACLU-SC.ORG]
**Sent:** Tuesday, August 02, 2011 2:50 PM
**To:** Coppolino, Tony (CIV)
**Cc:** Lee, Lynn (CIV); Ahilan Arulanantham; aqazi@cair.com; Dan Stormer (dstormer@hadsellstormer.com); Josh Piovia-Scott; Laura Moran; Reem Salahi
**Subject:** Fazaga: government's submission of ex parte, in camera materials

Tony,

I write about the filing of in camera, ex parte evidence and argument in support of the government's motion to dismiss.  While those materials may support your argument that the matters at issue are privileged, we are considering arguments that, as a threshold matter of law, the state secrets doctrine cannot be invoked in this case, which seeks, among other things, injunctive relief in the context of a domestic law enforcement operation.  Obviously, the submission of in camera, ex parte evidence poses concerns for due process and basic fairness that we would like to minimize.

We therefore ask the government to stipulate that the Court should not review the in camera, ex parte evidence and argument until it has made an initial determination as to whether or not the state secrets doctrine can properly be invoked in this case. We intend to brief that issue either prior to or as part of our response to the motion to dismiss.

Please let me know your position as soon as possible.

Best,

Peter Bibring
Staff Attorney
ACLU of Southern California
1313 W. Eighth Street
Los Angeles, CA 90017
T: (213) 977-9500 x.295
F: (213) 977-5297
pbibring@aclu-sc.org