TONY WEST
Assistant Attorney General
ANDRE BIROTTE, JR.
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
E-mail: tony.coppolino@usdoj.gov
LYNN Y. LEE (SBN #235531)
E-mail: lynn.lee@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone:  202-514-4782
Facsimile:   202-616-8460
*Attorneys for the Federal Bureau of Investigation and
Defendants Mueller and Martinez Sued in their
Official Capacities*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| YASSIR FAZAGA *et al.*, | CASE:  SA11-CV-00301 CJC (VBKx) |
| Plaintiffs | |
| v. | DATE: January 30, 2012 <br> TIME: 1:30 pm <br> JUDGE: Hon. Cormac J. Carney |
| FEDERAL BUREAU OF INVESTIGATION *et al.* | |
| Defendants. | |

## DECLARATION OF CHRISTOPHER N. MORIN

I, Christopher N. Morin, declare as follows:

1.  I am currently the Unit Chief of the FOIA/Privacy Act ("FOIPA") Litigation Support Unit ("LSU"), Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), formerly located at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C., and currently relocated to Winchester, Virginia.  I have been employed by the Federal Bureau of Investigation ("FBI") since March 14, 2010.  Prior to joining the FBI,

from December 7, 2007, to February 19, 2010, I was the Acting Assistant Judge Advocate General of the United States Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From November 13, 1984 to December 6, 2007, I served as a Navy Judge Advocate at various commands and worked on record processing matters. I am also an attorney who has been licensed to practice law in the State of Ohio since 1984.

2. In my official capacity as the Unit Chief of the FOIPA LSU, I supervise ten Legal Administrative Specialists ("LASs") whose collective mission is to support the FBI Office of the General Counsel ("OGC") FOIA Litigation Unit ("FLU") in all FOIA litigation and other legal units within OGC with regard to Privacy Act litigation. The LSU is responsible for justifying the search, review, classification, and processing of records for release in response to FOIA/PA requests, and for drafting declarations in support of RIDS responses to FOIA and Privacy Act requests. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. In the course of my official duties, I have become aware that Yassir Fazaga, Ali Uddin Malik, and Yasser AbdelRahim (collectively, "plaintiffs") have filed a lawsuit alleging that the FBI, through a paid confidential informant named Craig Monteilh, infiltrated several mosques in southern California and indiscriminately collected information on plaintiffs and "hundreds if not thousands" of other Muslims solely on the basis of their religion and in violation of their constitutional and statutory rights. Based on my review of the First Amended Complaint ("FAC"), I understand that plaintiffs claim in part that the

FBI collected and maintained records describing the exercise of their First Amendment rights in violation of the Privacy Act, 5 U.S.C. § 552a(e)(7).  FAC ¶¶ 246-247.  I further understand that plaintiffs have alleged that, on or about September 6 and 12, 2011, they submitted letters to the FBI requesting disclosure of all records in the possession of the FBI, associated with each Plaintiff, that were "gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any information derived from that information," and expungement of all such records that describe the exercise of plaintiffs' First Amendment rights.  Moreover, Plaintiffs allege, as of the filing of the FAC, that the FBI had "failed to provide Plaintiffs with those records or otherwise to respond to their requests."  FAC ¶ 248.  I further understand that plaintiffs seek, among other relief, the destruction or return of "any information gathered through the unlawful surveillance program by Monteilh and/or Operation Flex … and any information derived from that unlawfully obtained information."  *Id.* at 68-69 (Prayer for Relief, ¶ b).

4.  This declaration is submitted in support of the FBI's motion to dismiss and for summary judgment with respect to plaintiffs' Privacy Act claim.  The purpose of this declaration is to address (1) the status of plaintiffs' Privacy Act access requests and (2) why the information plaintiffs seek to expunge, to the extent that it exists, is exempt from such destruction by application of the Privacy Act.  In providing this declaration, I am relying on my review of information provided to me in my official capacity, including files relating to the reporting of Monteilh, Operation Flex, and other information related to the investigative activity potentially at issue in this case.

5.  Attached hereto as Exhibit "A" are true and correct copies of the Privacy Act requests submitted by plaintiffs Fazaga, Malik, and AbdelRahim, which have been redacted to omit personally identifying information.

6. In accordance with DOJ regulations, 28 C.F.R. § 16.41(d), on September 22, 2011, RIDS sent form letters to plaintiffs Fazaga, Malik, and AbdelRahim, asking each of them to provide additional information required by FBI regulation to process their requests. On October 13, 2011, RIDS received the requested information from plaintiff Fazaga, which it acknowledged in a letter dated October 19. On October 18, RIDS received the requested information from plaintiff Malik, which it acknowledged in a letter dated October 19. On October 21, RIDS received the requested information from plaintiff AbdelRahim, which it acknowledged in a letter dated October 24. RIDS' acknowledgment letters were intended solely to notify plaintiffs that it had received the additional information which it had requested earlier. Such acknowledgment should not be construed as confirmation that the documents sought in plaintiffs' Privacy Act requests exist. Attached hereto as Exhibit B are true and correct copies of these letters that have been redacted to omit personally identifying information.

7. RIDS is currently processing plaintiffs' access requests. In the event that any of these requests is denied, plaintiffs may file an administrative appeal with the FBI pursuant to 28 C.F.R. § 16.45. To date, plaintiffs' requests have not been denied and plaintiffs have not filed any appeal.

8. In light of the classified nature of these records, I cannot fully discuss on the public record all of the details concerning the collection of information by Monteilh or Operation Flex. I am able to attest to the fact that the records maintained by the FBI concerning Monteilh's source work and Operation Flex constitute investigatory material compiled for law enforcement and criminal investigation purposes. I am advised that Operation Flex was the name given by the FBI to a group of counterterrorism investigations on which Monteilh was reporting. No statement in this declaration should be construed as admitting or

suggesting that the FBI has any records responsive to plaintiff's access requests, or any unlawfully obtained records concerning Monteilh or Operation Flex.

9. The information gathered by Monteilh and concerning Operation Flex is located in the FBI's Central Records System ("CRS") and the Electronic Surveillance ("ELSUR") indices. Pursuant to 5 U.S.C. §§ 552a(j) and (k) and 28 C.F.R. § 16.96, both the FBI's CRS and ELSUR indices have been expressly exempted from subsection (d) of the Privacy Act, which addresses the federal government's obligations to provide individuals access to records concerning them and to amend any portion of such records which is not accurate, relevant, timely, or complete. The exemption applies to records that are maintained by "any agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws" and consist of "information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual," as well as other "investigatory material compiled for law enforcement purposes." 5 U.S.C. §§ 552a(j)(2)(B), (k)(2). As noted above, the records concerning information collected by Monteilh and for Operation Flex in the CRS and ELSUR indices constitute investigatory material compiled for law enforcement and criminal investigation purposes.

10. As explained in the FBI's regulations, the CRS has been exempted from the Privacy Act's access requirements because compliance with these requirements "could compromise sensitive information classified in the interest of national security, interfere with the overall law enforcement process by revealing a pending sensitive investigation, possibly identify a confidential source or disclose information which would constitute an unwarranted invasion of another individual's personal privacy, reveal a sensitive investigative technique, or constitute a potential danger to the health or safety to law enforcement personnel."

28 C.F.R. § 16.96(b)(2)(i). The CRS has been exempted from the Privacy Act's amendment provision because "requir[ing] the FBI to amend information thought to be incorrect, irrelevant or untimely, because of the nature of the information collected and the essential length of time it is maintained, would create an impossible administrative and investigative burden by forcing the agency to continuously retrograde its investigations attempting to resolve questions of accuracy[.]" 28 C.F.R. § 16.96(b)(2)(iii).

11. Similarly, the ELSUR indices have been exempted because "access to records in this system would compromise ongoing investigations, reveal investigatory techniques and confidential informants, and invade the privacy of private citizens who provide information in connection with a particular investigation." 28 C.F.R. §§ 16.96(d)(2).

12. Even if the records sought by plaintiffs, to the extent they exist, were not exempt by statute and regulation from the Privacy Act's amendment provisions, the destruction of any such records could significantly impair the FBI's ability to conduct ongoing or future investigations. The FBI maintains and preserves its investigative records – subject to strict records retention schedules agreed to in conjunction with the National Archives and Records Administration ("NARA") – for several reasons.

13. First, when the FBI receives new information that may relate to an ongoing or prior investigation, it examines and seeks to verify that information in the context of information it has already received. Thus, if the FBI's existing records regarding Monteilh and Operation Flex were destroyed, and further information relating to the investigative matter at issue were later brought to the FBI's attention, the investigating agent would not have the complete context in which to evaluate the newly received information and properly assess the matter.

14. Second, the maintenance of investigative records permits the FBI to assess the reliability of sources of information it receives over time. The premature destruction of files would severely hinder the FBI's ability to evaluate the accuracy and credibility of information received from the same source over the course of several years or even decades.

15. Finally, the FBI maintains investigative records for historic and accountability purposes. The premature destruction of records relating to investigative activities, in addition to being in violation of the NARA-imposed record retention and destruction schedules, would significantly impede any future inquiry into how the FBI responded to information it received.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November, 2011.

CHRISTOPHER N. MORIN
Unit Chief
FOIPA Litigation Support Unit
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

# EXHIBIT A

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C.
§552a et seq.  I, Yasser AbdelRahim, via my attorney representative, hereby request
the opportunity to review all records in the possession of the Federal Bureau of
Investigation that are associated with me that were gathered through the
surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well
as any information derived from that information.  Pursuant to the Privacy Act, 5
U.S.C. §552a et seq, I also request that the Federal Bureau of Investigation expunge
all records associated with me that describe the exercise of my rights under the First
Amendment of the United States Constitution that were gathered through the
surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well
as any records derived from that information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5).  Specifically, I
invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be
permitted prompt access to all  records pertaining to me in the possession of the
Federal Bureau of Investigation described in the preceding paragraph in a
reasonable time and manner, to be accompanied by my named representative, and to
be given access to review and copy the aforementioned records.  Under 5 U.S.C.
§552a(a)(4), I request that my access include the ability to review all records in the
possession of the Federal Bureau of Investigation described in the preceding
paragraph that may be associated with me through my name, identifying number,

---

[1]"Records" in the Privacy Act is defined as "any item, collection, or grouping of
information about an individual that is maintained by an agency, including, but not limited
to, his education, financial transactions, medical history, and criminal or employment
history and that contains his name, or the identifying number, symbol, or other identifying
particular assigned to the individual, such as a finger or voice print or a photograph." 5
U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or
audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C.
§552a(g)(1)(A-D), the expungement of any records that both a) describe or
document the exercise of my rights under the First Amendment of the United States
Constitution and b) were gathered through the surveillance of former FBI informant
Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable
remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Yasser
AbdelRahim, c/o Ameena Qazi, CAIR-California,

Under penalty of perjury, I hereby declare that I am the person named above and I
understand that any falsification of this statement is punishable under the provisions
of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than
$10,000 or by imprisonment of not more than five years, or both; and that
requesting or obtaining any record(s) under false pretenses is punishable under the
provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of
not more than $5,000.

Sincerely,

Yasser AbdelRahim

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C.
§552a et seq.  I, Ali Uddin Malik, via my attorney representatives, hereby request
the opportunity to review all records in the possession of the Federal Bureau of
Investigation that are associated with me that were gathered through the
surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well
as any information derived from that information.  Pursuant to the Privacy Act, 5
U.S.C. §552a et seq, I also request that the Federal Bureau of Investigation expunge
all records associated with me that describe the exercise of my rights under the First
Amendment of the United States Constitution that were gathered through the
surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well
as any records derived from that information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5).  Specifically, I
invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be
permitted prompt access to all  records pertaining to me in the possession of the
Federal Bureau of Investigation described in the preceding paragraph in a
reasonable time and manner, to be accompanied by my named representative, and to
be given access to review and copy the aforementioned records.  Under 5 U.S.C.
§552a(a)(4), I request that my access include the ability to review all records in the
possession of the Federal Bureau of Investigation described in the preceding
paragraph that may be associated with me through my name, identifying number,

---

[1]"Records" in the Privacy Act is defined as "any item, collection, or grouping of
information about an individual that is maintained by an agency, including, but not limited
to, his education, financial transactions, medical history, and criminal or employment
history and that contains his name, or the identifying number, symbol, or other identifying
particular assigned to the individual, such as a finger or voice print or a photograph." 5
U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552a(g)(1)(A-D), the expungement of any records that both a) describe or document the exercise of my rights under the First Amendment of the United States Constitution and b) were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Ali Uddin Malik, c/o Ameena Qazi, CAIR-California,

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Ali Uddin Malik

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C.
§552a et seq. I, Yassir Mohammed, also known as Yassir Fazaga, via my attorney
representatives, hereby request the opportunity to review all records in the
possession of the Federal Bureau of Investigation that are associated with me that
were gathered through the surveillance of former FBI informant Craig Monteilh
and/or Operation Flex, as well as any information derived from that information.
Pursuant to the Privacy Act, 5 U.S.C. §552a et seq, I also request that the Federal
Bureau of Investigation expunge all records associated with me that describe the
exercise of my rights under the First Amendment of the United States Constitution
that were gathered through the surveillance of former FBI informant Craig
Monteilh and/or Operation Flex, as well as any records derived from that
information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5). Specifically, I
invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be
permitted prompt access to all records pertaining to me in the possession of the
Federal Bureau of Investigation described in the preceding paragraph in a
reasonable time and manner, to be accompanied by my named representative, and to
be given access to review and copy the aforementioned records. Under 5 U.S.C.
§552a(a)(4), I request that my access include the ability to review all records in the
possession of the Federal Bureau of Investigation described in the preceding
paragraph that may be associated with me through my name, identifying number,

---

[1] "Records" in the Privacy Act is defined as "any item, collection, or grouping of
information about an individual that is maintained by an agency, including, but not limited
to, his education, financial transactions, medical history, and criminal or employment
history and that contains his name, or the identifying number, symbol, or other identifying
particular assigned to the individual, such as a finger or voice print or a photograph." 5
U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552a(g)(1)(A-D), the expungement of any records that both a) describe or document the exercise of my rights under the First Amendment of the United States Constitution and b) were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Yassir Mohammed, c/o Ameena Qazi, CAIR-California. █████████████████████████████
██████████████

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Yassir Mohammed/Fazaga

# EXHIBIT B



In name of God, the Compassionate, the Merciful

Council on American-Islamic Relations
Greater Los Angeles Area Chapter

# Cover Sheet

| **To:** | **FOIA Officer** | | **From:** | Ameena M. Qazi, Esq. |
|---|---|---|---|---|
| **Fax:** | 540.888.4097 | | **Pages:** | 2(incl cover) |
| **Phone:** | | | **Date:** | 10/18/11 |
| **Re:** | FOIPA Request No. 1173727-000 | | **CC:** | |

| ☐ Urgent | √ For Review | ☐ Please Comment | ☐ Please Reply | ☐ Please Recycle |
|---|---|---|---|---|



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 22, 2011

MR. ALI UDDIN MALIK
C/O AMEENA QAZI
CAIR - CALIFORNIA

███████████████

FOIPA Request No.: 1173727- 000
Subject: MALIK, ALI UDDIN

Dear Mr. Malik:

  This is in response to the above referenced Freedom of Information/Privacy Acts (FOIPA) request.  Your letter did not contain sufficient information to conduct an accurate search of the Central Records System.

Full Name: *Ali Uddin Malik*

Current Address: ██████████████████████████████

Date of Birth: ████████    Place of Birth: ████████████████

Daytime Telephone Number: ████████████

  Please provide any additional information that you think would assist the FBI with our search for records, such as prior addresses, employments, aliases, approximate time frame for the information sought.



  Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5 U.S.C. § 552a (i)(3), as a misdemeanor and by a fine of not more than $5,000.  The signature must be legible.

Signature _____   Date 10-18-01

  You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn:  Work Process Unit.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.  You must include the FOIPA request number with any communication regarding this matter.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 19, 2011

MR. ALI UDDIN MALIK
C/O AMEENA QAZI
CAIR - CALIFORNIA

FOIPA Request No.: 1173727- 000
Subject: MALIK, ALI UDDIN

Dear Mr. Malik:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the
FBI.

- ☒ This FOIPA request has been received at FBI Headquarters for processing.

- ☐ This FOIPA request has been received at the [_____ **Resident Agency** / _____ **Field Office**] and forwarded to FBI Headquarters for processing.

- ☒ We are searching the indices to our Central Records System for the information responsive to this request. You will be informed of the results in future correspondence.

- ☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

- ☒ Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this
number in all correspondence concerning your request. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division



In name of God, the Compassionate, the Merciful

Council on American-Islamic Relations
Greater Los Angeles Area Chapter

# Cover Sheet

| To: | **FOIPA Officer** | | From: | Ameena M. Qazi, ESq |
|---|---|---|---|---|
| Fax: | **540.968.4297** | | Pages: | 2 (incl cover) |
| Phone: | | | Date: | 10/21/11 |
| Re: | **FOIPA REQUEST NO.: 1173728-000** | | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 22, 2011

MR. YASSER ABDELRAHIM
C/O AMEENA QAZI
CAIR - CALIFORNIA

FOIPA Request No.: 1173728- 000
Subject: ABDELRAHIM, YASSER

Dear Mr. Abdelrahim:

This is in response to the above referenced Freedom of Information/Privacy Acts (FOIPA) request.   Your
letter did not contain sufficient information to conduct an accurate search of the Central Records System.

Full Name: _Yasser Abdelrahim_

Current Address: _____

Date of Birth: _____   Place of Birth: _____

Daytime Telephone Number: _____

Please provide any additional information that you think would assist the FBI with our search for records,
such as prior addresses, employments, aliases, approximate time frame for the information sought.

_____

_____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any
falsification of this statement is punishable under the provisions of Title 18 U.S.C. § 1001 by a fine of not more than
$10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s)
under false pretenses is punishable under the provisions of Title 5 U.S.C. § 552a (i)(3), as a misdemeanor and by a
fine of not more than $5,000.  The signature must be legible.

Signature_____ Date_____

You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the
Attn: Work Process Unit.  If we do not receive a response from you within 30 days from the date of this letter, your
request will be closed.  You must include the FOIPA request number with any communication regarding this matter.

*October 21, 2011*

*Ameena M. Qazi, Esq.*
*On behalf of Yassir Abdelrahim, my client*



In name of God, the Compassionate, the Merciful

**Council on American-Islamic Relations**
**Greater Los Angeles Area Chapter**

# Cover Sheet

| | | | | |
|---|---|---|---|---|
| **To:** | FOIPA Officer | | **From:** | Ameena M. Qazi, ESq |
| **Fax:** | 548.868.4997 | | **Pages:** | 2 (incl cover) |
| **Phone:** | | | **Date:** | 10/21/11 |
| **Re:** | FOIPA REQUEST NO.: 1173728-000 | | **CC:** | |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

With Client Signature.



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 22, 2011

MR. YASSER ABDELRAHIM
C/O AMEENA QAZI
CAIR - CALIFORNIA

FOIPA Request No.: 1173726- 000
Subject: ABDELRAHIM, YASSER

Dear Mr. AbdelRahim:

This is in response to the above referenced Freedom of Information/Privacy Acts (FOIPA) request.  Your letter did not contain sufficient information to conduct an accurate search of the Central Records System.

Full Name: _Yasser Abdelrahim_

Current Address: _____

Date of Birth: _____  Place of Birth: _____

Daytime Telephone Number: _____

Please provide any additional information that you think would assist the FBI with our search for records, such as prior addresses, employments, aliases, approximate time frame for the information sought.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5 U.S.C. § 552a (i)(3), as a misdemeanor and by a fine of not more than $5,000.  The signature must be legible.

Signature _____  Date _October 2ist 2011_

You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn: Work Process Unit.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.  You must include the FOIPA request number with any communication regarding this matter.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 24, 2011

MR. YASSER ABDELRAHIM
C/O AMEENA QAZI
CAIR - CALIFORNIA

FOIPA Request No.: 1173728- 000
Subject: ABDELRAHIM, YASSER

Dear Mr. Abdelrahim:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the
FBI.

☒    This FOIPA request has been received at FBI Headquarters for processing.

☐    This FOIPA request has been received at the [_____ **Resident Agency** / _____ **Field
Office**] and forwarded to FBI Headquarters for processing. ·

☒    We are searching the indices to our Central Records System for the information
responsive to this request. You will be informed of the results in future correspondence.

☐    Your request for a fee waiver is being considered and you will be advised of the decision
at a later date.

☒    Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this
number in all correspondence concerning your request. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division



Council on American-Islamic Relations
**Greater Los Angeles Area Chapter**

# Cover Sheet

| | | | |
|---|---|---|---|
| **To:** | **FOIA OFFICER** | **From:** | Ameena M. Qazi, Esq |
| **Fax:** | **540.868.4997** | **Pages:** | 2 (incl cover) |
| **Phone:** | | **Date:** | 10/13/11 |
| **Re:** | **FOIPA Request NO.: 1173729-000** | **CC:** | |

☐ Urgent    √ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 22, 2011

MR. YASSER MOHAMMED
C/O AMEENA QAZI
CAIR - CALIFORNIA

███████████████

FOIPA Request No.: 1173729- 000
Subject: MOHAMMED, YASSIR

Dear Mr. Mohammed:

This is in response to the above referenced Freedom of Information/Privacy Acts (FOIPA) request.  Your letter did not contain sufficient information to conduct an accurate search of the Central Records System.

Full Name: *Yassir Ibrahim Mohammed*

Current Address: ██████████████████████████████

Date of Birth: ████     Place of Birth: ████████████

Daytime Telephone Number: ████████████

Please provide any additional information that you think would assist the FBI with our search for records, such as prior addresses, employments, aliases, approximate time frame for the information sought.

████████████████████████████████████

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5 U.S.C. § 552a (i)(3), as a misdemeanor and by a fine of not more than $5,000.  The signature must be legible.

Signature ___*Yusr Moh*___                    Date *09-26-11*

You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn:  Work Process Unit.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.  You must include the FOIPA request number with any communication regarding this matter.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 19, 2011

MR. YASSIR MOHAMMED
C/O AMEENA QAZI
CAIR - CALIFORNIA

FOIPA Request No.: 1173729- 000
Subject: MOHAMMED, YASSIR IBRAHIM

Dear Mr. Mohammed:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the
FBI.

    ☒    This FOIPA request has been received at FBI Headquarters for processing.

    ☐    This FOIPA request has been received at the [_____ **Resident Agency** / _____ **Field
Office**] and forwarded to FBI Headquarters for processing.

    ☒    We are searching the indices to our Central Records System for the information
responsive to this request.  You will be informed of the results in future correspondence.

    ☐    Your request for a fee waiver is being considered and you will be advised of the decision
at a later date.

    ☒    Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request.  Please use this
number in all correspondence concerning your request.  Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division