Peter Bibring (SBN 223981)
 *pbibring@aclu-sc.org*
Ahilan T. Arulanantham (SBN 237841)
 *aarulanantham@aclu-sc.org*
Jennifer L. Pasquarella (SBN 263241)
Mohammad Tajsar (SBN 280152)
Laura Moran  (bar admission pending)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California  90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Attorneys for Plaintiffs

(Additional Counsel listed on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASSIR FAZAGA, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION *et al.*,<br><br>            Defendants. | CASE NO.: SA CV 11-00301 CJC (VBKx)<br><br>**PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND EVIDENTIARY OBJECTIONS IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     January 30, 2012<br>Time:    1:30 p.m.<br>Judge:   Hon. Cormac J. Carney |

Additional Plaintiffs' Attorneys:

Ameena Mirza Qazi (SBN 250404)
  *aqazi@cair.com*
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, California  92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340


Dan Stormer (SBN 101967)
  *dstormer@hadsellstormer.com*
Joshua Piovia-Scott (SBN 222364)
  *jps@hskrr.com*
Reem Salahi (SBN 259711)
  *reem@hskrr.com*
HADSELL STORMER KEENY RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Plaintiffs YASSIR FAZAGA, ALI UDDIN MALIK, and YASSER ABDELRAHIM submit this statement of genuine issues of material fact pursuant to Central District of California Local Rule 56-2 in opposition to Defendants' motion for summary judgment. Facts 1 through 11 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts and Conclusions of Law by the moving party.

| Defendants' Alleged Facts | Plaintiffs' Response & Evidence |
|---|---|
| **Fact No. 1:** In this lawsuit, plaintiffs claim in part that the FBI collected and maintained records describing the exercise of their First Amendment rights in violation of the Privacy Act, 5 U.S.C. § 552a.<br><br>Compl. ¶¶ 241-43. | Undisputed. |
| **Fact No. 2:** Plaintiffs seek, among other relief, the destruction or return of "any information gathered through the unlawful surveillance program by [Craig] Monteilh and/or Operation Flex ... and any information derived from that unlawfully obtained information."<br><br>Compl. at 62 (Prayer for Relief, ¶ b). | Undisputed. |
| **Fact No. 3:** The records maintained by the FBI concerning Monteilh's source work and Operation Flex constitute | Disputed as framed.<br><br>Object to the extent that it states a legal |

1

| | |
|---|---|
| investigatory material compiled for law enforcement and criminal investigation purposes. Operation Flex was the name given by the FBI to a group of counterterrorism investigations on which Monteilh was reporting.<br><br>Declaration of Christopher N. Morin ("Morin Decl.") ¶ 5. | conclusion rather than a fact.<br><br>The information contained in the records maintained by the FBI concerning Monteilh's source work and Operation Flex includes personal information on hundreds and perhaps thousands of innocent Muslim Americans that was indiscriminately collected solely on the basis of these individuals' religion. This dragnet investigation did not result in even a single conviction related to counterterrorism and represented a violation of the Constitution and various federal statutes. (Compl. ¶¶ 2-7)<br><br>There has been no discovery conducted in this case. As a result, Plaintiffs have not had the opportunity to explore these factual allegations and do not have sufficient information at this time to determine whether the records maintained by the FBI concerning Monteilh's source work and Operation Flex constitute investigatory material compiled for law enforcement and criminal investigation purposes or |

2

whether Operation Flex was the name given by the FBI to a group of counterterrorism investigations on which Monteilh was reporting.

Even if the materials were so compiled, that fact would not render them immune from expungement under 5 U.S.C. 552a(e)(7) and the United States Constitution.

If the Court is nonetheless inclined to grant Defendants' Motion for Summary Judgment on the basis of this fact, Plaintiffs respectfully request that the Court defer ruling on the Motion and allow Plaintiffs the opportunity to conduct discovery on the factual issues on which Defendants' request for Summary Judgment is based, pursuant to Federal Rule of Civil Procedure 56(d).

Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking foundation and/or personal knowledge

3

| | | |
|---|---|---|
| 1 2 | | (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807). |
| 3–20 | **Fact No. 4:** The information gathered by Monteilh and concerning Operation Flex is located in the FBI's Central Records System ("CRS") and the Electronic Surveillance ("ELSUR") indices. Pursuant to 5 U.S.C. §§ 552a(j) and (k) and 28 C.F.R. § 16.96, both the FBI's CRS and ELSUR indices have been expressly exempted from those portions of the Privacy Act which address the federal government's obligations to provide individuals access to records concerning them and to amend any portion of such records which is not accurate, relevant, timely, or complete.<br><br>Morin Decl. ¶ 6. | Object to the extent that it states a legal conclusion rather than a fact.<br><br>Disputed that the information gathered by Monteilh and concerning Operation Flex has been expressly exempted from those portions of the Privacy Act which address the federal government's obligations to provide individuals access to records concerning them and to amend any portion of such records which is not accurate, relevant, timely or complete.<br><br>Plaintiffs have alleged that the records contained in these indices are covered by Section (e)(7) of the Privacy Act. *See e.g.* FAC ¶178; ("Agents Armstrong and Allen instructed Monteilh to monitor Fazaga at the prayers he conducted, to record and report on what he said"); FAC ¶246 (defendants "collected and maintained records describing how Plaintiffs exercised their First Amendment rights, in violation of 5 U.S.C. §552a(e)(7). |

Collection and maintenance of these records is not expressly authorized by statute, not authorized by Plaintiffs, and is neither pertinent to nor within the scope of an authorized law enforcement activity."). Section (e)(7) establishes that an agency may "maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity," 5 U.S.C. §552a(e)(7).

The plain text of the statute does not permit agencies to exempt themselves from Section (e)(7). *See* 5 U.S.C. §552a(j) (allowing agency to exempt itself from subsections <u>other</u> than, *inter alia*, (e)(7)); 552a(k) (listing sections that are exempt, but not listing (e)(7)).

In addition, the plain text of 28 C.F.R. 16.96 confirms that the CRS and ELSUR indices have <u>not</u> been expressly exempted as claimed by Defendants.

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | | Section 16.96(a) explicitly states that the CRS system is not exempt from 5 U.S.C. 552a(e)(7). *See* 28 C.F.R. 16.96(a). *See also* 28 C.F.R. §16.96(c) (listing 5 U.S.C. 552a sections from which ELSUR is exempt, but not listing (e)(7)).<br><br>Plaintiffs do not have sufficient information at this time as to whether the information gathered by Monteilh and concerning Operation Flex is located in these two indices as there has been no discovery conducted in this case.<br><br>Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking foundation and/or personal knowledge (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807). |
| 24<br>25<br>26<br>27<br>28 | **<u>Fact No. 5</u>:** The exemption applies to records that are maintained by "any agency or component thereof which performs as its principal function any activity pertaining to the enforcement of | Undisputed that this is what the statute states.<br><br>Object to the extent that it states a legal conclusion rather than a fact. |

6

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | criminal laws" and consist of "information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual," as well as other "investigatory material compiled for law enforcement purposes." 5 U.S.C. §§ 552a(j)(2)(B), (k)(2).<br><br>Morin Decl. ¶ 6. | Disputed that these exemptions apply to information covered by 5 U.S.C. 552a(e)(7). *See* response to Fact No. 4, *supra*. |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **Fact No. 6:** The CRS has been exempted from the Privacy Act's access requirements because compliance with these requirements "could compromise sensitive information classified in the interest of national security, interfere with the overall law enforcement process by revealing a pending sensitive investigation, possibly identify a confidential source or disclose information which would constitute an unwarranted invasion of another individual's personal privacy, reveal a sensitive investigative technique, or constitute a potential danger to the health or safety to law enforcement | Undisputed that this is what the regulation states.<br><br>Object to the extent that it states a legal conclusion rather than a fact.<br><br>Disputed that these exemptions apply to information covered by 5 U.S.C. §552a(e)(7). *See* response to Fact No. 4, *supra*.<br><br>In addition, the two 28 C.F.R. §16.96 sections Defendants rely on for Fact No. 6 do not apply to 5 U.S.C. §552a(e)(7). Section 16.96(b)(2)(i) only applies to 5 U.S.C. §552a "subsections (d), (e)(4) (G) and (H), (f) and (g)" and Section |

7

| | | |
|---|---|---|
| 1 | personnel." 28 C.F.R. § 16.96(b)(2)(i); Morin Decl. ¶ 10. The CRS has been exempted from the Privacy Act's amendment provision because "requir[ing] the FBI to amend information thought to be incorrect, irrelevant or untimely, because of the nature of the information collected and the essential length of time it is maintained, would create an impossible administrative and investigative burden by forcing the agency to continuously retrograde its investigations attempting to resolve questions of accuracy[.]" 28 C.F.R.§§ 16.96(b)(2)(iii); Morin Decl. ¶ 10. | 16.96(b)(2)(iii) only applies to "paragraph (d)(2)." |
| | | Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking foundation and/or personal knowledge (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807). |
| 20-27 | **Fact No. 7:** The ELSUR indices have been exempted from the Privacy Act's amendment and access requirements because "access to records in this system would compromise ongoing investigations, reveal investigatory techniques and confidential informants, and invade the privacy of private | Undisputed that this is what the regulation states.<br><br>Object to the extent that it states a legal conclusion rather than a fact.<br><br>Disputed that these exemptions apply to information covered by 5 U.S.C. |

8

| | |
|---|---|
| citizens who provide information in connection with a particular investigation." 28 C.F.R. §§ 16.96(c)(1), (d)(2).<br><br>Morin Decl. ¶ 7 | 552a(e)(7). *See* response to Fact No. 4, *supra*.<br><br>In addition, the 28 C.F.R. §16.96 section that Defendants rely on for Fact No. 7 does not apply to 5 U.S.C. §552a(e)(7). Section 16.96(d)(2) only applies to 5 U.S.C. §552a "subsections (c)(4), (d), (e)(4) (G) and (H), and (g)."<br><br>Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking foundation and/or personal knowledge (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807). |
| **Fact No. 8:** Even if the records at issue were not exempt by statute and regulation from the Privacy Act's amendment provisions, their destruction could significantly impair the FBI's ability to conduct any ongoing or future investigations. When the FBI receives new information that may relate to an ongoing or prior investigation, it examines and seeks to verify that information in the context of information | Disputed.<br><br>Plaintiffs contend that the records at issue were obtained in violation of both the Constitution and statutory law, such that the FBI is not entitled to maintain these records, regardless of whether their destruction "could" impair the FBI's ability to conduct any ongoing or future investigations. Indeed, the Privacy Act was enacted in large part to |

9

| | | |
|---|---|---|
| 1 | it has already received. Thus, if the | prevent federal agencies from gathering |
| 2 | FBI's existing records regarding | information on Americans based on the |
| 3 | Monteilh and Operation Flex were | hypothetical need for them at some |
| 4 | destroyed, and further information | unknown point in the future. |
| 5 | relating to the investigative matter at | Furthermore, the portion of this "fact" |
| 6 | issue were later brought to the FBI's | that relates to what "could" happen if |
| 7 | attention, the investigating agent would | various other events were to take place |
| 8 | not have the complete context in which | is not fact, but speculation – especially |
| 9 | to evaluate the newly received | in light of Plaintiffs' allegations that the |
| 10 | information and properly assess the | information was based on religion, |
| 11 | matter. | without suspicion of criminal activity. |
| 12 | | FAC ¶ 3. |
| 13 | Morin Decl. ¶¶ 8-9. | |
| 14 | | Plaintiffs also object to the portion of |
| 15 | | the Morin Decl. on which this fact is |
| 16 | | based as irrelevant (Federal Rule of |
| 17 | | Evidence ("FRE")) 402), lacking |
| 18 | | foundation and/or personal knowledge |
| 19 | | (FRE 602), improper opinion testimony |
| 20 | | (FRE 701), and hearsay (FRE 802-807). |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | If the Court is inclined to grant |
| 25 | | Defendants' Motion for Summary |
| 26 | | Judgment on the basis of this fact, |
| 27 | | Plaintiffs respectfully request that the |
| 28 | | Court defer ruling on the Motion and |

| | | |
|---|---|---|
| 1 | | allow Plaintiffs the opportunity to conduct discovery on the factual issues on which Defendants' request for Summary Judgment is based pursuant to Federal Rule of Civil Procedure 56(d). |
| 6 | **Fact No. 9:** The maintenance of investigative records also permits the FBI to assess the reliability of sources of information it receives over time. The premature destruction of files would severely hinder the FBI's ability to evaluate the accuracy and credibility of information received from the same source over the course of several years or even decades.<br><br>Morin Decl. ¶ 10. | Disputed.<br><br>Plaintiffs contend that the records at issue were obtained in violation of both the Constitution and statutory law, such that the FBI is not entitled to maintain these records, regardless of whether their destruction would hinder the FBI's ability to evaluate the accuracy and credibility of information received from the same source over the course of several years. Indeed, the Privacy Act was enacted in large part to prevent federal agencies from gathering information on Americans based on the hypothetical need for them at some unknown point in the future. Furthermore, the portion of this "fact" that relates to what "would" happen in the future if files were expunged is not fact, but speculation – especially in light of Plaintiffs' allegations that the information was based on religion, |

| | |
|---|---|
| | without suspicion of criminal activity. FAC ¶ 3. |
| | Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking foundation and/or personal knowledge (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807). |
| | If the Court is inclined to grant Defendants' Motion for Summary Judgment on the basis of this fact, Plaintiffs respectfully request that the Court defer ruling on the Motion and allow Plaintiffs the opportunity to conduct discovery on the factual issues on which Defendants' request for Summary Judgment is based pursuant to Federal Rule of Civil Procedure 56(d). |
| **Fact No. 10: Blank** | Defendants did not provide or rely on a Fact No. 10 |
| **Fact No. 11:** The FBI also maintains investigative records for historic and accountability purposes. The premature destruction of records relating to investigative activities, in addition to being in | Disputed.<br><br>Plaintiffs contend that the records at issue were obtained in violation of both the Constitution and statutory law, such that the FBI is not entitled to maintain |

12

| | |
|---|---|
| violation of record retention and destruction schedules agreed to in conjunction with the National Archives and Records Administration ("NARA"), would significantly impede any future inquiry into how the FBI responded to information it received.<br><br>Morin Decl. ¶¶ 8, 11. | these records. As a result, their destruction would not violate the record retention and destruction schedules agreed to in conjunction with the National Archives and Records Administration nor impede any future inquiry into how the FBI responded to appropriate information it received. Furthermore, this fact is speculative as it relates to what could happen if various other events were to take place. Furthermore, the portion of this "fact" that relates to what "would" happen in the future if files were expunged is not fact, but speculation – especially in light of Plaintiffs' allegations that the information was based on religion, without suspicion of criminal activity, FAC ¶ 3, and the fact that any expungement would likely result only after this Court conducted an "inquiry into how the FBI" conducted this investigation.<br><br>Plaintiffs also object to the portion of the Morin Decl. on which this fact is based as irrelevant (Federal Rule of Evidence ("FRE")) 402), lacking |

foundation and/or personal knowledge (FRE 602), improper opinion testimony (FRE 701), and hearsay (FRE 802-807).

There has been no discovery conducted in this case. As a result, Plaintiffs have not had the opportunity to explore these factual allegations and do not have sufficient information at this time to determine whether the FBI would maintain these investigative records for historic and accountability purposes or whether the destruction of records relating to investigative activities would violate the record retention and destruction schedules agreed to in conjunction with the National Archives and Records Administration or impede any future inquiry into how the FBI responded to information it received.

If the Court is inclined to grant Defendants' Motion for Summary Judgment on the basis of this fact, Plaintiffs respectfully request that the Court defer ruling on the Motion and allow Plaintiffs the opportunity to conduct discovery on the factual issues

| | |
|---|---|
| | on which Defendants' request for Summary Judgment is based pursuant to Federal Rule of Civil Procedure 56(d). |

DATED: December 23, 2011

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA

HADSELL STORMER KEENY RICHARDSON & RENICK, LLP

By: s/ Ahilan Arulanantham
     Ahilan Arulanantham

     Attorneys for Plaintiffs