# EXHIBIT 1

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C. §552a et seq. I, Yassir Mohammed, also known as Yassir Fazaga, via my attorney representatives, hereby request the opportunity to review all records in the possession of the Federal Bureau of Investigation that are associated with me that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any information derived from that information. Pursuant to the Privacy Act, 5 U.S.C. §552a et seq, I also request that the Federal Bureau of Investigation expunge all records associated with me that describe the exercise of my rights under the First Amendment of the United States Constitution that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any records derived from that information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5). Specifically, I invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be permitted prompt access to all records pertaining to me in the possession of the Federal Bureau of Investigation described in the preceding paragraph in a reasonable time and manner, to be accompanied by my named representative, and to be given access to review and copy the aforementioned records. Under 5 U.S.C. §552a(a)(4), I request that my access include the ability to review all records in the possession of the Federal Bureau of Investigation described in the preceding paragraph that may be associated with me through my name, identifying number,

---

[1] "Records" in the Privacy Act is defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552a(g)(1)(A-D), the expungement of any records that both a) describe or document the exercise of my rights under the First Amendment of the United States Constitution and b) were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Yassir Mohammed, c/o Ameena Qazi, CAIR-California, 2180 W. Crescent Avenue, Suite F, Anaheim, California 92801.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Yassir Mohammed/Fazaga

PRIV ACT - FOIA/PA

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   FBI
   FOI/PA Request
   Record/Info Section
   170 Michael Drive
   Winchester, VA 22602-4843

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                   9-9-11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (transfer from service label)
   7011 1570 0003 4811 3574

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C. §552a et seq. I, Ali Uddin Malik, via my attorney representatives, hereby request the opportunity to review all records in the possession of the Federal Bureau of Investigation that are associated with me that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any information derived from that information. Pursuant to the Privacy Act, 5 U.S.C. §552a et seq, I also request that the Federal Bureau of Investigation expunge all records associated with me that describe the exercise of my rights under the First Amendment of the United States Constitution that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any records derived from that information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5). Specifically, I invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be permitted prompt access to all records pertaining to me in the possession of the Federal Bureau of Investigation described in the preceding paragraph in a reasonable time and manner, to be accompanied by my named representative, and to be given access to review and copy the aforementioned records. Under 5 U.S.C. §552a(a)(4), I request that my access include the ability to review all records in the possession of the Federal Bureau of Investigation described in the preceding paragraph that may be associated with me through my name, identifying number,

---

[1]"Records" in the Privacy Act is defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552a(g)(1)(A-D), the expungement of any records that both a) describe or document the exercise of my rights under the First Amendment of the United States Constitution and b) were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Ali Uddin Malik, c/o Ameena Qazi, CAIR-California, 2180 W. Crescent Avenue, Suite F, Anaheim, California 92801.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Ali Uddin Malik

PAU AZ MALIK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FOI- FOIA/PA Request
Records/Info Section
170 Marcel Drive
Winchester, VA
22602-4843

2. Article Number
(Transfer from service label)

7011 1570 0003 4811 3550

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                    9-9-15

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

August 30, 2011

Federal Bureau of Investigations
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

RE: Privacy Act Request

Dear Sir or Madam,

This letter is a request for records[1] made pursuant to the Privacy Act, 5 U.S.C. §552a et seq. I, Yasser AbdelRahim, via my attorney representative, hereby request the opportunity to review all records in the possession of the Federal Bureau of Investigation that are associated with me that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any information derived from that information. Pursuant to the Privacy Act, 5 U.S.C. §552a et seq, I also request that the Federal Bureau of Investigation expunge all records associated with me that describe the exercise of my rights under the First Amendment of the United States Constitution that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any records derived from that information.

I request this relief pursuant to 5 U.S.C. §552a(d)(1) and (f)(1-5). Specifically, I invoke my right under 5 U.S.C. §552a(d)(1) and 5 U.S.C. §552a(f)(1-5) to be permitted prompt access to all records pertaining to me in the possession of the Federal Bureau of Investigation described in the preceding paragraph in a reasonable time and manner, to be accompanied by my named representative, and to be given access to review and copy the aforementioned records. Under 5 U.S.C. §552a(a)(4), I request that my access include the ability to review all records in the possession of the Federal Bureau of Investigation described in the preceding paragraph that may be associated with me through my name, identifying number,

---

[1] "Records" in the Privacy Act is defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. §552a(a)(4)

August 30, 2011
Page 2

symbol or other identifying particular, including any fingerprints, photographs or audio or visual recordings.

I also request, pursuant to 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552a(g)(1)(A-D), the expungement of any records that both a) describe or document the exercise of my rights under the First Amendment of the United States Constitution and b) were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex.

I reserve the right to request further amendments, deletions and expungments.

Nothing in this letter should be construed to limit any other legal or equitable remedies made available to me under 5 U.S.C. §552a or any other provision of law.

Please direct all correspondence regarding this request to me at Yasser AbdelRahim, c/o Ameena Qazi, CAIR-California, 2180 W. Crescent Avenue, Suite F, Anaheim, California 92801.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U. S. C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Yasser AbdelRahim



# EXHIBIT 2



128 North Fair Oaks Avenue, Pasadena, California 91103
Tel: 626.585.9600 • Fax: 626.577.7079 • www.hskrr.com

Cornelia Dai
Barbara Enloe Hadsell
Virginia Keeny
Gladys Limón
Cindy Panuco
Josh Piovia-Scott
Randy Renick
Anne Richardson
Reem Salahi
Dan Stormer
*of counsel*
Traber & Voorhees

December 21, 2011

**VIA U.S. MAIL**

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

    Re:    Appeal of Ali Uddin Malik's (FOIPA Request No.: 1173727-000); Yasser Abdelrahim's (FIOPA Request No.: 1173728-000); and Yassir Ibrahim Mohammed's (FOIPA Request No.: 1173729-000) Denial of Privacy Act Requests

Dear Sir or Madam:

    We write to appeal your failure to respond to Ali Uddin Malik, Yasser Abdelrahim and Yassir Ibrahim Mohammed's (collectively "clients") request for records made pursuant to the Privacy Act, 5 U.S.C. §552a et seq. Our clients submitted their initial requests on or around August 30, 2011. Specifically, our clients requested: (1) that they have the opportunity to review all records in the possession of the Federal Bureau of Investigation (FBI) that are associated with them and (2) that the FBI expunge all records associated with them that describe the exercise of their rights under the First Amendment of the United States Constitution that were gathered through the surveillance of former FBI informant Craig Monteilh and/or Operation Flex, as well as any records derived from that information. *See* 5 U.S.C. §552a(d)(2), §552a(e)(7), and 5 U.S.C. §552(g)(1)(A-D).

    Your agency subsequently responded on or around September 22, 2011 stating

**Hadsell Stormer Keeny Richardson & Renick, LLP**

December 21, 2011
Page 2

that our clients' letters did not contain sufficient information to conduct an accurate search of the Central Records System. Our clients filled out the forms sent by your agency with their basic information and a time frame for the information sought. Those forms were sent back to your agency on or around September 26, October 18, and October 21, 2011. On or around October 19 and October 24, 2011, your agency acknowledged receipt of our clients' Freedom of Information/Privacy Act requests and indicated that your agency was searching the indices of the Central Records System for information responsive to the requests.

Since that correspondence in October 2011, our clients have not received any followup communications from your agency as required under 5 U.S.C. §552a, et seq. 5 U.S.C. §552a(d)(2) requires your agency to acknowledge receipt of a FOIPA request within ten (10) days excluding weekends and holidays and to:

 (B) promptly, either–
  (i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or
  (ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official.

While your agency has acknowledged receipt of our clients' requests, it has neither notified them of any corrections made nor informed them of its refusal to do so.

Your failure to promptly make corrections or inform our clients of your refusal to do so constitutes a constructive denial of our clients' requests. *Cf.* 5 U.S.C. 706(1). Where the statute contemplates that such a determination must be made "promptly," a two month delay can hardly be defined as such.

Thus in accordance with 5 U.S.C. §552a(d)(3), our clients request a final determination of their Privacy Act requests within thirty (30) days from the date of this letter.

*Hadsell Stormer Keeny Richardson & Renick, LLP*

December 21, 2011
Page 3

Feel free to contact me with any questions at the above address or by email reem@hskrr.com or phone (626) 585-9600.

    Sincerely,
    Hadsell Stormer Keeny Richardson & Renick, LLP

    American Civil Liberties Union of Southern California

    Council on American Islamic Relations, California

    Reem Salahi
    Attorneys for Malik, Abdelrahim and Mohammed

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NAJI JAWDAT HAMDAN, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,

Defendants.

Case No: CV 10-6149-JHN-JEMx

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), formerly at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C., and currently located in Winchester, Virginia. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001, to July 31, 2002, I was the Assistant Judge Advocate General of the United States Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 276 employees who staff a total of ten (10) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to Federal Bureau of Investigation ("FBI") records and information pursuant to the FOIA, 5 U.S.C. § 552; Privacy Act of 1974; Executive Order ("E.O.") 13526; Presidential, Attorney General and FBI policies and procedures; judicial decisions; and other Presidential and Congressional directives. My responsibilities also

(01/26/1998)


~~SECRET~~

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** PRIORITY                              **Date:** 12/24/1999

**To:** Los Angeles

DECLASSIFIED BY 65179/DMH/LRP/bls
ON 11-17-2010

**From:** Los Angeles
 LBRA Squad 4
 **Contact:** [redacted]                    b6 -1
                                              b7C -1
**Approved By:** [redacted]

(U) **Drafted By:** [redacted]

(U) **Case ID #:** (S) 199M-LA-165731  (Pending)

(U) **Title:** (S) NAJI JAWADI HEMDAN
                  IT - Other

**Synopsis:** (S) Surveillance of 12705 Ramona Street #J, Hawthorne, California.

(U) ~~(S) Derived From : G-3~~                b6 -2
    ~~Declassify On: X-1~~                    b7C -2

(U) **Details:** (S) [redacted] is a Detective with the Long Beach Police Department and is assigned to the Long Beach component of the Federal Bureau of Investigation (FBI) Metropolitan Violent Crimes Task Force.

(U) (S) On 12/24/1999 at approximately 12:15 p.m. Detective (Det.) [redacted] and Special Agent (SA) [redacted] conducted a physical surveillance at 12705 Ramona Street, Apartment #J, Hawthorne, California to determine if Hemdan resided at the location.                                 b6 -1,2
                                                                                      b7C -1,2

(U) (S) SA [redacted] and Det. [redacted] observed the mail box marked with the letter "J" to have the name Naji Hamdan affixed to the box.                                                  b6 -1,2
                                                                                      b7C -1,2

(U) (S) While walking past the apartment labeled "J", SA [redacted] and Det. [redacted] observed the windows to be open and heard voices and a television set on.                                b6 -1,2
                                                                                      b7C -1,2

(U) (S) During a search of the underground garage SA [redacted] and Detective [redacted] observed a wooden box affixed to the wall

~~SECRET~~

                                                                                 b7E -1

FBI-ACLU-25



(U) To: Los Angeles From: Los Angeles
Re: ( ) 199M-LA-165731, 12/24/1999

with the letter "J" marked on the front and was locked with a padlock. No other markings were on the box. No vehicles known to belong to Hamden were located in the garage or parked on the street in front of the apartment complex. The surveillance was concluded at that point.



2

FBI-ACLU-26