WILMER CUTLER PICKERING
   HALE AND DORR LLP
Brian R. Michael (SBN: 240560)
brian.michael@wilmerhale.com
P. Patty Li (SBN: 266937)
patty.li@wilmerhale.com
Katie Moran (SBN: 272041)
katie.moran@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

WILMER CUTLER PICKERING
   HALE AND DORR LLP
Howard M. Shapiro (admitted *pro hac vice*)
howard.shapiro@wilmerhale.com
Carl J. Nichols (admitted *pro hac vice*)
carl.nichols@wilmerhale.com
Annie L. Owens (admitted *pro hac vice*)
annie.owens@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Attorneys for Defendants J. Stephen Tidwell
and Barbara Walls

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| YASSIR FAZAGA *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION *et al.*, <br><br> Defendants. | No. SA CV 11-00301-CJC (VBKx) <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY OF INDIVIDUAL-CAPACITY DEFENDANTS J. STEPHEN TIDWELL AND BARBARA WALLS IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date: February 10, 2012 <br> Time: 10:00 a.m. <br> Judge: Hon. Cormac J. Carney <br> Crtrm: Courtroom 9B |

Defendants J. Stephen Tidwell and Barbara Walls respectfully submit this notice of supplemental authority to apprise the Court of the January 23, 2012 decision by the United States Court of Appeals for the Fourth Circuit in *Lebron v. Rumsfeld*,--F.3d ---, 2012 WL 213352 (4th Cir. Jan. 23, 2012) (copy attached as Exhibit A).

Defendants Tidwell and Walls seek dismissal of the First Amended Complaint for several reasons, including that (1) special factors counsel against creating a new damages remedy under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), for Tidwell and Walls's alleged supervision of a counterterrorism investigation; and (2) Tidwell and Walls are entitled to qualified immunity on Plaintiffs' claim for alleged violations of the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb–2000bb-4 ("RFRA").

In support of their motion, Defendants Tidwell and Walls relied upon *Lebron v. Rumsfeld*, 764 F. Supp. 2d 787 (D.S.C. 2011), which dismissed *Bivens* and RFRA claims against government officials arising out of their implementation of counterterrorism policies and the plaintiff's detention as an enemy combatant. *See* Mem. of Law in Support of Mot. to Dismiss at 11, 33 (Dkt. # 42). Three days after Defendants Tidwell and Walls filed their reply brief in this case, the Fourth Circuit affirmed the judgment of the district court in *Lebron*, providing further support for Defendants' motion to dismiss.

While *Lebron* arises in a context different than the present litigation, the Fourth Circuit noted that, with respect to the availability of a *Bivens* remedy, "the Supreme Court has long counselled restraint in implying new remedies at law," *Lebron*, 2012 WL 213352, at *4, and held that special factors precluded the Court from recognizing a *Bivens* action challenging the military and national-security-related detention and interrogation policies the individual defendants had allegedly developed and implemented, *id.* at *5. Specifically, the Fourth Circuit held that "[p]reserving the constitutionally prescribed balance of powers" counseled hesitation because "[q]uestions of national security, particularly in times of conflict, do not admit of easy

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

answers, especially not as products of the necessarily limited analysis undertaken in a single case." *Id.* at *5, *6.  The Fourth Circuit further held that it would be inappropriate to recognize a *Bivens* remedy because litigation of such a case would unduly risk disclosure of sensitive national-security information; in so holding, the Court rejected the argument that the availability of the state-secrets privilege is sufficient to address such a concern.  *Id.* at *10.  The Court emphasized that the novel national-security-related questions such a suit raises "are far removed from questions … routinely confronted by district courts in suits under 42 U.S.C. § 1983 or *Bivens*."  *Id.* at *11.

With respect to plaintiffs' RFRA claim, the Court held that qualified immunity precluded such a claim because "it is anything but clear that Congress has created under RFRA a cause of action that [plaintiffs] may bring against these federal officers." *Id.* at *14.

Dated:  February 3, 2012

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By:  /s/ Brian R. Michael

Brian R. Michael
P. Patty Li
Katie Moran
350 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

Howard M. Shapiro
Carl J. Nichols
Annie L. Owens

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

|  |  |
|---|---|
| 1 | 1875 Pennsylvania Avenue, N.W. |
| 2 | Washington, D.C. 20006 |
|   | Telephone: (202) 663-6000 |
| 3 | Facsimile: (202) 663-6363 |
| 4 |   |
|   | *Attorneys for Defendants* |
| 5 | *J. Stephen Tidwell and* |
|   | *Barbara Walls* |

**Wilmer Cutler Pickering Hale and Dorr LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

3
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS
Case No. SA CV 11-00301-CJC (VBKx)