# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASSIR FAZAGA, et al., | Case No. SACV 11-0301-CJC (VBKx) |
| Plaintiffs, | |
| vs. | ORDER RE SETTLEMENT CONFERENCE |
| FEDERAL BUREAU OF INVESTIGATION, et al., | |
| Defendants. | |

**PLEASE READ THIS ORDER CAREFULLY!**

This case has been referred to Magistrate Judge David T. Bristow for settlement proceedings.

The Settlement Conference is placed on calendar for **March 29, 2012, at 9:30 a.m. in Courtroom 4 of the United States District Court, Eastern Division, Riverside Courthouse, in Riverside, California.**

The Magistrate Judge will not be involved in the actual trial of the case, but rather will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference.

1.  The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the

settlement judge, of every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

3. In addition to counsel who will try the case being present, a person with full settlement authority should likewise be present for the conference. This requirement contemplates the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client.[1] The plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer made prior to the settlement conference. The defendant's representative must have final settlement authority to commit the defendant to pay, **in the representative's sole discretion**, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the settlement conference, whichever is **lower**.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4. If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman)

---

[1] However, unless otherwise ordered by the Court, if this matter is a lawsuit in which the United States or any of its agencies is a party, the Assistant United States Attorney who will try the case may appear without a representative, provided that he or she comes armed with the full measure of authority conveyed by his or her superiors within the United States Attorney's Office after appropriate consultation.

is **absolutely required**.

5. Subject to paragraph 7 below, counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be cancelled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's sole discretion**, an amount recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, **in his or her sole discretion**, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7. When a person whose personal attendance would otherwise be required pursuant to the foregoing paragraphs resides outside the District, the Court will consider excusing the personal attendance of such person, so long as such person can and will be available by telephone during the entire settlement conference. **If a party desires to avail itself of this excuse from personal attendance, counsel should so request in such party's Settlement Conference Statement** (and specify where such person will be located during the settlement conference). After the party's Settlement Conference Statement is submitted, counsel should contact Magistrate Judge Bristow's courtroom deputy clerk to ascertain whether the request has been granted. **Frequently, such requests are not granted.**

      8.      The Magistrate Judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. If all counsel and parties are not present to hear the Court's opinions, it is all too easy for counsel to misrepresent the Court's comments in an effort to obtain a tactical advantage with opposing counsel. Violation of this policy may be misleading and therefore a hindrance to settlement.

      9.      Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

      10.      In order to avoid the unnecessary expenditure of resources if the case is not ripe for settlement, and in order to provide the parties with a starting point for their settlement discussions with the Magistrate Judge if the case is ripe for settlement, plaintiff shall advise defendant(s) of the terms upon which plaintiff then is prepared to settle the case, in a letter delivered or faxed no later than ten (10) **court days** prior to the Settlement Conference. Within forty-eight (48) hours of receipt of plaintiff's settlement offer, each defendant shall respond to the same by letter advising plaintiff of the terms upon which such defendant is prepared to settle the case.[2] **If, following**

---

[2] The Court expects the parties to exchange good faith settlement offers. For the plaintiff, this means offering to settle on terms less favorable than those which the plaintiff reasonably could expect to achieve if plaintiff prevailed at trial, taking into account plaintiff's non-recoupable costs of litigation. For each defendant, this means (continued...)

4

1 **this exchange of settlement offers, counsel for any of the parties believes that the case is not ripe for settlement and/or that proceeding with the settlement conference as scheduled will not be a productive use of the Magistrate Judge's and the parties' time, then counsel for the parties shall immediately contact the courtroom deputy and arrange for a telephonic conference with the Magistrate Judge to discuss the advisability of proceeding with the settlement conference as scheduled.**

11. Assuming the settlement conference remains on calendar, no later than 4:00 p.m. five (5) court days prior thereto, each party shall **submit a Settlement Conference Statement directly to the chambers of Magistrate Judge Bristow** (i.e., United States District Court, Eastern Division, Riverside Courthouse, 3470 Twelfth Street, Courtroom 4, Riverside, California) or fax to (951) 328-4448[3]. The parties shall exchange the Statements on the same date. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements shall be double-spaced and shall not exceed ten (10) pages in length.

The parties' respective Settlement Conference Statements shall include the following:

A. A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B. An itemized statement of the damages claimed, and of any other relief

---

[2](...continued)
offering to settle on terms less favorable to such defendant than those such defendant reasonably could expect to achieve if such defendant prevailed at trial, taking into account such defendant's non-recoupable costs of litigation.

[3] If the Settlement Conference Statement, including the Confidential Addendum, exceeds 15 pages in length, it should be hand delivered, not faxed.

sought.

C. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

D. A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged pursuant to ¶ 10 above. A copy of such party's letter sent pursuant to ¶ 10 above should be attached to such party's Settlement Conference Statement.

12. **Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered (or faxed) directly to Magistrate Judge Bristow only, along with the Settlement Conference Statement.** The Confidential Addendum shall <u>not</u> be filed with the Court <u>or</u> served upon the other parties. The Confidential Addendum shall contain:

A. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

B. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (I) further discovery, (ii) pretrial and (iii) trial.

C. The party's evaluation of the terms on which the other side is prepared to settle the case.

D. The party's evaluation of the terms on which the case could be settled **fairly**, **taking into account the litigation position and settlement position of the other side.**

13. If it does not appear to the Court from its review of the parties' Settlement Conference Statements and Confidential Addenda that a Settlement Conference at this juncture in the proceedings is likely to result in a settlement of the matter, the Court may order the Settlement Conference off calendar or defer it to a later juncture in the proceedings (e.g., after a pending or anticipated dispositive summary judgment motion is decided).

14. At the commencement of the conference, counsel for each party should be prepared to make the equivalent of a mini-opening statement and/or to respond to the Court's questions regarding the relevant facts and law, in the presence of all parties and counsel. Counsel should have available for the Court's perusal copies of all key documents in the case, as well as copies of all important witnesses' deposition transcripts.

15. Any failure of the trial attorneys, parties or persons with authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference. The failure of any party to timely submit a Settlement Conference Statement and Confidential Addendum in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

16. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. See Local Rule 16-14.7.

17. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

DATED: February 6, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE