WILMER CUTLER PICKERING
  HALE AND DORR LLP
Brian R. Michael (SBN: 240560)
brian.michael@wilmerhale.com
P. Patty Li (SBN: 266937)
patty.li@wilmerhale.com
Katie Moran (SBN: 272041)
katie.moran@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Howard M. Shapiro (admitted *pro hac vice*)
howard.shapiro@wilmerhale.com
Carl J. Nichols (admitted *pro hac vice*)
carl.nichols@wilmerhale.com
Annie L. Owens (admitted *pro hac vice*)
annie.owens@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorneys for Defendants J. Stephen Tidwell
and Barbara Walls

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| YASSIR FAZAGA *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATION *et al.*,<br><br>　　　　Defendants. | No. SA CV 11-00301-CJC (VBKx)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY OF INDIVIDUAL-CAPACITY DEFENDANTS J. STEPHEN TIDWELL AND BARBARA WALLS IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: July 19, 2012<br>Time: 10:00 a.m.<br>Judge: Hon. Cormac J. Carney<br>Crtrm: Courtroom 9B |

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1  Defendants J. Stephen Tidwell and Barbara Walls respectfully submit this
2  notice of supplemental authority to apprise the Court of the June 15, 2012, decision by
3  the United States Court of Appeals for the District of Columbia Circuit in *Doe v.*
4  *Rumsfeld*, No. 11-5209, Slip Op. (D.C. Cir. June 15, 2012) (attached as Exhibit A).
5  As the Court is aware, Defendants Tidwell and Walls seek dismissal of the First
6  Amended Complaint for several reasons, including that special factors counseling
7  hesitation preclude the creation of a new damages remedy under *Bivens v. Six*
8  *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct.
9  1999, 29 L. Ed. 2d 619 (1971), on Counts 1, 3, 6, and 9.
10 The D.C. Circuit's decision in *Doe* reaffirms that, as the Supreme Court
11 repeatedly has stated, courts should be extremely reluctant to extend *Bivens* to new
12 contexts.  In reversing the district court's denial of a motion to dismiss, the D.C.
13 Circuit rejected plaintiff's attempt to create a *Bivens* remedy predicated on plaintiff's
14 claim "that Secretary Rumsfeld developed, authorized, and implemented" the military
15 detention policies that allegedly harmed plaintiff, a contractor detained in Iraq.  Slip
16 Op. 4.  Instead, the court explained, "[t]he implication of a *Bivens* action, consistent
17 with the dicta in *Bivens* itself and the later holdings of the Supreme Court and this
18 court, is not something to be undertaken lightly."  *Id.* at 7.  It noted that, "[i]n the
19 forty-two years since the Supreme Court decided *Bivens*, only twice has it extended
20 *Bivens* remedies into new classes of cases," *id.* (citing *Arar v. Ashcroft*, 585 F.3d 559,
21 571 (2d Cir. 2009)), and that the creation of new *Bivens* remedies is "'disfavored,'" *id.*
22 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Accordingly, the court held
23 that plaintiff's claims for damages under the Fifth, Eighth, and Fourteenth
24 Amendments should be dismissed.
25 In so holding, D.C. Circuit refused to extend *Bivens* to the national-security and
26 intelligence context, making clear that such considerations are special factors strongly
27 counseling against the creation of a *Bivens* remedy.  The court emphasized not only
28 that "[t]he Supreme Court has never implied a *Bivens* remedy in a case involving the

1  military, national security, or intelligence," Slip Op. 7, but also that "this circuit and
2  others have not implied *Bivens* actions in cases involving these special factors," *id.* at
3  9, and it declined to do so as well, *id.* at 7-11 (citing *United States v. Stanley*, 483 U.S.
4  669, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987); *Chappell v. Wallace*, 462 U.S. 296,
5  103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983); *Lebron v. Rumsfeld*, 670 F.3d 540 (4th Cir.
6  2012); *Arar*, 585 F.3d 559; *Wilson v. Libby*, 535 F.3d 697 (D.C. Cir. 2008)).

Moreover, the court held that Congress's failure to create a statutory remedy was a further special factor counseling hesitation, even where there is not "a statute as directly implicated in this case as there was in [*Bush v.*] *Lucas*[, 462 U.S. 367 (1983),] or *Wilson*[, 535 F.3d 697]." Slip. Op. 12.  Rather, "congressional inaction also can inform our understanding of Congress's intent," particularly in the field of national security. *Id.*  Accordingly, the court concluded that "[i]t would be inappropriate … to presume to supplant Congress's judgment in a field so decidedly entrusted to its purview." *Id.*

Dated:  June 26, 2012

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By:   /s/ Brian R. Michael

Brian R. Michael
P. Patty Li
Katie Moran
350 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

Howard M. Shapiro
Carl J. Nichols

Annie L. Owens
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendants*
*J. Stephen Tidwell and*
*Barbara Walls*