SCHEPER KIM & HARRIS LLP
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
ANGELA M. MACHALA (State Bar No. 224496)
amachala@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for Defendants**
Pat Rose, Kevin Armstrong and Paul Allen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| YASSIR FAZAGA, ALI UDDIN MALIK, YASSER ABDELRAHIM, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; ROBERT MUELLER, DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, in his official capacity; STEVEN M. MARTINEZ, ASSISTANT DIRECTOR IN CHARGE, FEDERAL BUREAU OF INVESTIGATION'S LOS ANGELES DIVISION, in his official capacity; J. STEPHEN TIDWELL; BARBARA WALLS; PAT ROSE; KEVIN ARMSTRONG; PAUL ALLEN, <br><br> Defendants. | CASE NO. <br><br> SACV 11-00301-CJC(VBKx) <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY OF INDIVIDUAL-CAPACITY DEFENDANTS PAT ROSE, KEVIN ARMSTRONG AND PAUL ALLEN IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date: July 19, 2012 <br> Time: 10:00 a.m. <br> Judge: Hon. Cormac J. Carney <br> Ctrm: 9B |

Defendants Pat Rose, Kevin Armstrong, and Paul Allen respectfully submit this notice of supplemental authority to apprise the Court of the June 20, 2012 decision by the United States Court of Appeals for the Ninth Circuit in *Chavez v. United States*, -- F.3d ---, 2012 U.S. App. LEXIS 12555 (9th Cir. June 20, 2012) (copy attached as Exhibit A).

As the Court is aware, Defendant Pat Rose seeks dismissal of the First Amended Complaint for several reasons, including that she is entitled to qualified immunity on all claims because Plaintiffs' allegations of supervisory liability fail under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), which held that plaintiffs cannot base a claim against supervisors on a theory of *respondeat superior*. See Notice of Motion and Motion by Defendants Pat Rose, Kevin Armstrong and Paul Allen to Dismiss Plaintiffs' First Amended Class Action Complaint at 18-20 (Dkt. # 57) ("Motion"). Specifically, Agent Rose argues that Plaintiffs' conclusory allegations that she "actively monitored, directed, and authorized the actions of" Agents Armstrong and Allen at all times and "maintained extremely close oversight and supervision of Monteilh," including reading his daily notes, amounted to allegations of nothing more than *respondeat superior*. *Id.* at 19; see also Reply Memorandum of Points and Authorities in Support of Motion to Dismiss by Defendants Pat Rose, Kevin Armstrong And Paul Allen (Dkt. # 70) ("Reply"). Agent Rose also argued that because these allegations were conclusory and formulaic, they were not entitled to be assumed true pursuant to *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Motion at 19-20; Reply at 24.

The Ninth Circuit's decision in *Chavez* provides further support for Agent Rose's position. In *Chavez*, plaintiffs, who operated a shuttle service in Arizona, alleged that Border Patrol agents stopped their shuttle repeatedly and in violation of their Fourth Amendment rights. Plaintiffs brought *Bivens* claims against both the agents who stopped them and against supervisors who they claimed "'personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted' the

allegedly unconstitutional stops." *Chavez*, 2012 U.S. App. LEXIS 12555, at *4-5. Relying on both *Iqbal* and *Twombly*, *see id.* at *10, *Chavez* held that plaintiffs' conclusory allegations failed to state a claim against all of the supervisors but one, a direct participant in the stops (discussed below). The Court noted that "[t]he Court discounts, as it must, the plaintiffs' wholly conclusory allegations that the supervisory defendants 'personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted' the allegedly unconstitutional stops." *Id.* at * 15. Having discounted these conclusory allegations, the Court held that "the remaining allegations do not plausibly suggest that these supervisors clearly should have regarded their conduct as unlawful." *Id.* Thus, the plaintiffs failed to state a claim against, *inter alia*, the supervisor who had line authority over and direct responsibility for the activities of the Border Patrol agents who made the stops, as well as the supervisors who had failed to investigate Plaintiffs' earlier complaints about the frequent stops. *Id.* at *16-18.

      The Court left standing the claims against just one supervisor, Ralph Hunt. The Court noted that "[i]n contrast to the other supervisory defendants, Hunt faces liability not only as a supervisor, but also for his *direct participation in the stops*." *Id.* at * 19 (emphasis added). The Court focused on the allegations that Hunt had twice personally stopped the Plaintiffs' shuttle based solely on their and their passengers' apparent Mexican ancestry, a characteristic that a reasonable officer clearly would have known did not create a reasonable suspicion. *Id.* at * 21-22. Accordingly, based on Hunt's personal participation in the underlying conduct, the Court held that the complaint adequately stated a claim against him for Fourth Amendment violations and that qualified immunity did not shield him from liability. *Id.*

| | | |
|---|---|---|
| 1 | DATED: July 6, 2012 | Respectfully submitted, |
| 2 | | SCHEPER KIM & HARRIS LLP |
| 3 | | DAVID C. SCHEPER |
| | | ALEXANDER H. COTE |
| 4 | | ANGELA M. MACHALA |

By:  /s/ Angela M. Machala

Attorneys for Defendants Pat Rose, Kevin Armstrong and Paul Allen