Peter Bibring (SBN 223981)
 *pbibring@aclu-sc.org*
Ahilan T. Arulanantham (SBN 237841)
 *aarulanantham@aclu-sc.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California  90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Attorneys for Plaintiffs

(Additional Counsel listed on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASSIR FAZAGA, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION *et al.*,<br><br>                    Defendants. | CASE NO.: SA CV 11-00301 CJC (VBKx)<br><br>PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTIONS TO DISMISS |

Additional Plaintiffs' Attorneys:

Ameena Mirza Qazi (SBN 250404)
 *aqazi@cair.com*
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, California  92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

Dan Stormer (SBN 101967)
 *dstormer@hadsellstormer.com*
Joshua Piovia-Scott (SBN 222364)
 *jps@hskrr.com*
Reem Salahi (SBN 259711)
 *reem@hskrr.com*
HADSELL STORMER KEENY RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Plaintiffs respectfully submit this notice of supplemental authority to apprise the Court of the decision of the Tenth Circuit in *Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012).

Plaintiffs have argued that the allegations that Defendants explicitly singled out Plaintiffs for surveillance because of their religion and religious practices, under Establishment Clause jurisprudence, describe facial religious discrimination that would be unconstitutional unless their actions pass strict scrutiny, under *Larson v. Valente*, 456 U.S. 228, 255 (1982). Defendants have argued that Plaintiffs' Establishment Clause claim would be analyzed not under strict scrutiny but under the three-prong test of *Lemon v. Kurtzman*, 403 U.S. 602, 612–13 (1971). *Awad* directly engages the question of the proper test.

*Awad* addressed an Establishment Clause challenge to an amendment to the Oklahoma constitution that would have prevented state courts "from considering or using Sharia law." 670 F.3d at 1116. As the ballot language for the amendment explained, "Sharia Law is Islamic law. It is based on two principal sources, the Koran and the teachings of Mohammed." *Id.* at 1118.

In addressing the merits of Awad's claim that this provision violated the Establishment Clause by singling out Islam for a different treatment and thus discriminating among religions, the Tenth Circuit's first examined whether the case was governed by the *Lemon* test or strict scrutiny under *Larson*, and held that *Larson* provided the appropriate framework.

The Tenth Circuit noted that the Supreme Court in *Larson* had explicitly "instruct[ed] that *Lemon* applies to 'laws affording uniform benefit to all religions, and not to provisions ... that discriminate *among* religions.'" *Id.* at 1126-27 (citing *Larson*, 456 U.S. at 252 (emphasis in original)). The court reasoned that "[s]trict scrutiny is required when laws discriminate among religions because '[n]eutral treatment of religions [is] "the clearest command of the Establishment Clause."'" *Id.* at 1127 (quoting *Colorado Christian Univ. v. Weaver*, 534 F.3d 1245, 1266

(10th Cir. 2008) (quoting *Larson*, [456 U.S. at 244]))).

The Tenth Circuit next rejected arguments that *Larson* is no longer good law, reasoning that "the Supreme Court has never overturned it" (and has, along with various circuits, continued to "referenc[e] or appl[y]" it) and that "*Larson's* rare use likely reflects that legislatures seldom pass laws that make 'explicit and deliberate distinctions between different religious organizations' as contemplated in *Larson*." *Id.* at 1127 (quoting *Larson*, 456 U.S. at 247 n.23).

The court then concluded that *Larson*'s strict scrutiny governed that case "because the proposed amendment discriminates among religions," indeed "present[ing] stronger 'explicit and deliberate distinctions' among religions than the provision that warranted strict scrutiny in *Larson*" because the amendment explicitly noted the religion it discriminated against (rather than distinguishing among religions based the percentage of funding that comes from nonmembers, as the statute in *Larson* did). *Id.* at 1129; *see also id.* ("Because the amendment discriminates among religions, it is 'suspect,' and 'we apply strict scrutiny in adjudging its constitutionality.'" (citing *Larson*, 456 U.S. at 246)).

Finally, in applying strict scrutiny to find Awad likely to succeed in showing the amendment unconstitutional, the court cited cases discussing strict scrutiny in various contexts, including race-based affirmative action. *See id.* at 1131 (citing *Grutter v. Bollinger*, 539 U.S. 306 (2003)).

Dated: August 7, 2012

Respectfully submitted,

ACLU FOUNDATION OF SOUTHERN
   CALIFORNIA
COUNCIL ON AMERICAN-ISLAMIC
   RELATIONS, CALIFORNIA
HADSELL STORMER KEENY
   RICHARDSON & RENICK LLP

/s/ Peter Bibring
Peter Bibring
*Attorneys for Plaintiffs*