Peter Bibring (SBN 223981)
  pbibring@aclu-sc.org
Ahilan T. Arulanantham (SBN 237841)
  aarulanantham@aclu-sc.org
Jennifer L. Pasquarella (SBN 263241)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California  90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297


Attorneys for Plaintiffs

(Additional Counsel listed on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASSIR FAZAGA, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION *et al.*,<br><br>                    Defendants. | CASE NO.: SA CV 11-00301 CJC (VBKx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF PARTIAL FINAL JUDGMENT PURSUANT TO F.R.C.P. 54(b)<br><br>Hearing Date: December 10, 2012<br>Time: 1:30 p.m.<br>Courtroom:  9-D |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Additional Plaintiffs' Attorneys:

2

3  Ameena Mirza Qazi (SBN 250404)
    *aqazi@cair.com*

4  COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA

5  2180 W. Crescent Avenue, Suite F
   Anaheim, California  92801

6  Telephone: (714) 776-1847

7  Facsimile: (714) 776-8340

8
   Dan Stormer (SBN 101967)

9    *dstormer@hadsellstormer.com*

10 Joshua Piovia-Scott (SBN 222364)
     *jps@hadsellstormer.com*

11 Reem Salahi (SBN 259711)
     *reem@hadsellstormer.com*

12 HADSELL STORMER RICHARDSON & RENICK, LLP

13 128 N. Fair Oaks Avenue, Suite 204

14 Pasadena, California 91103
   Telephone: (626) 585-9600

15 Facsimile: (626) 577-7079

16

17

18

19

20

21

22

23

24

25

26

27

28

## Memorandum of Law

### INTRODUCTION

Following this Court's rulings on the motions to dismiss, the Individual Capacity Defendants have filed interlocutory appeals of this Court's order denying qualified immunity on Plaintiffs' FISA Claim.[1] Although this Court dismissed all other claims in the case (including other claims against the Indivdiual Capacity Defendants and all claims against the Government Defendants) and no further litigation on those claims will be required before appeal, those claims will be nonetheless stayed in this Court while the pending appeal on qualified immunity is litigated, creating inefficient, serial appeals. By this motion, Plaintiffs ask this Court to issue a partial final judgment on the remaining claims, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, so that Plaintiffs may immediately appeal this Court's ruling on whether the state secrets privilege poses a bar to Plaintiffs' statutory and constitutional claims against the Government and Individual Defendants, thus avoiding serial, piecemeal litigation and expediting resolution of the case by putting all dispositive questions for appeal before the Ninth Circuit at the same time.[2]

The Individual Capacity Defendants have respresented to Plaintiffs' counsel that they take no position on this motion, so long as partial judgment is issued on both Plaintiffs' claims against the Government Defendants and the claims against

---

[1] The Individual Defendants have appealed this Court's decision denying their motion to dismiss on qualified immunity. (Dkt. Nos. 112 and 115.) In the Ninth Circuit, unless an appeal from denial of qualified immunity is certified by the district court as frivolous or forfeited, filing of the appeal divests the district court of jurisdiction. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009).

[2] With respect to the Individual Defendants, Plaintiffs only seek partial final judgment as to the dismissed non-FISA claims. However, with respect to the Government Defendants, Plaintiffs seek partial final judgment as to *all* claims, both FISA and non-FISA.

1  | them that this Court dismissed.

2  | **PROCEDURAL BACKGROUND**

3  | Plaintiffs filed their First Amended Complaint against the Government

4  | Defendants and five individual capacity defendants ("Individual Defendants") on

5  | September 13, 2011. (Dkt. No. 49.) On November 4, 2011, the Government

6  | Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint and For

7  | Summary Judgment on non-privilege grounds, sovereign immunity grounds, and

8  | the state secrets privilege. (Dkt. No. 55.) The Individual Defendants followed suit,

9  | filing to dismiss Plaintiffs' claims on qualified immunity grounds on November

10 | 11, 2011. (Dkt. No. 57 and 58.) Plaintiffs opposed both of these motions on

11 | December 23, 2011. (Dkt. Nos. 63 and 64.) A hearing was held on the motions on

12 | August 14, 2012. On the same day, this Court entered two orders: one dismissing

13 | all of Plaintiffs' non-FISA claims against all Defendants based on the state secrets

14 | privilege (Dkt. No. 101); the other dismissing Plaintiffs' FISA claims against the

15 | Government Defendants on sovereign immunity grounds, but denying the

16 | Individual Defendants' motion to dismiss the FISA claims based on qualified

17 | immunity. (Dkt. No. 102.) At the present time, all claims against the Government

18 | Defendants have been dismissed in their entirety. Only Plaintiffs' FISA claims

19 | against the Individual Defendants in their individual capacities remain before this

20 | Court.

21 | **ARGUMENT**

22 | I.    **ENTRY OF PARTIAL FINAL JUDGMENT  WOULD AVOID**

23 |       **PIECEMEAL LITIGATION AND CONSERVE JUDICIAL**

24 |       **RESOURCES**

25 |       A.    **Legal Standard for Motions Under Rule 54(b)**

26 |       Under Rule 54(b), "[w]hen an action presents more than one claim for relief

27 | – whether as a claim, counterclaim, crossclaim, or third-party claim – or when

28 | multiple parties are involved, the court may direct entry of final judgment as to one

1    or more, but fewer than all, claims or parties only if the court expressly determines

2    there is no just reason for delay." Fed. R. Civ. Proc. 54(b).

3         This rule aims to avoid stranding parties in a situation where they must wait

4    several years until *all other* claims in a civil action are resolved before appealing a

5    ruling on claims that have been disposed of entirely at the outset. *See Dickinson v.*

6    *Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950) ("The liberalization of our

7    practice to allow more issues and parties to be joined in one action and to expand

8    the privilege of intervention by those not originally parties has increased the

9    danger of hardship and denial of justice through delay if each issue must await the

10   determination of all issues as to all parties before a final judgment can be had.");

11   *S.E.C. v. Capital Consultants LLC*, 453 F.3d 1166, 1173, 1173 n. 28 (9th Cir.

12   2006). Absent a Rule 54(b) certification, plaintiffs may not appeal from orders

13   dismissing some but not all defendants. *See, e.g., Burnett v. Faecher*, 361 F. App'x

14   900 (9th Cir. 2010) (unpublished disposition) ("Without the district court's

15   certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, orders

16   dismissing some but not all of the defendants are not appealable final orders.").

17        A district court entertaining a motion pursuant to Rule 54(b) must make two

18   determinations. First, it must determine that the order in question must be in effect

19   a "final judgment" — it "must be a 'judgment' in the sense that it is a decision

20   upon a cognizable claim for relief, and it must be 'final' in the sense that it is an

21   'ultimate disposition of an individual claim entered in the course of a multiple

22   claims action." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980)

23   (citation omitted). Second, the district court must determine that there is no "just

24   reason for delay," Fed. R. Civ. P. 54(b), a determination that requires consideration

25   of many factors, including judicial efficiency and hardship to the parties. The

26   district court's order certifying partial final judgment must contain "specific

27   findings setting forth the reason for [certification]." *Morrison-Knudsen Co. v.*

28

1 | *Archer*, 655 F.2d 962, 965 (9th Cir. 1981).[3]

2 | **B.    The District Court's Aug. 14th Orders Dismissing All of**

3 | **Plaintiffs' Claims Against Government Defendants Constitute a**

4 | **Final Judgment for Purposes of Rule 54(b)**

5 | To be certified under Rule 54(b), an order "must be a 'judgment' in the

6 | sense that it is a decision upon a cognizable claim for relief, and it must be 'final'

7 | in the sense that it is an 'ultimate disposition of an individual claim entered in the

8 | course of a multiple claims action." *Curtiss-Wright* 446 U.S. at 7 (citation

9 | omitted). "[T]he requirement of finality is to be given a practical rather than a

10 | technical construction." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d

11 | 842. 845 (9th Cir. 2009) (quotations omitted).  The Court's orders granting the

12 | Government Defendants' motions to dismiss easily meet this standard. Under those

13 | two orders, all claims against the Government Defendants have now been

14 | dismissed in their entirety.

15 | The orders plainly involve "judgments" insofar as they dispose entirely of

16 | cognizable claims for relief, and they are clearly "final" because they reflect the

17 | "ultimate disposition of an individual claim" before this Court. *See Curtiss-Wright*,

---

18 | [3] Although in the past, separate final judgments were traditionally "reserved for the

19 | unusual case in which the costs and risks of multiplying the number of proceedings

20 | and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment," *Morrison-Knudsen Co., Inc. v.*

21 | *Archer*, 655 F.2d 962, 965 (9th Cir. 1981), the "present trend is toward greater

22 | deference to a district court's decision to certify under Rule 54(b)." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (calling *Morrison-Knudsen* "outdated

23 | and overly restrictive"). Under the contemporary standard, "Rule 54(b)

24 | certification is proper if it will aid expeditious decision of the case," *id.* at 797 (citing *Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465 (9th Cir. 1987))

25 | (quotation omitted), even when the claims to be certified for partial final judgment

26 | are not "separate from and independent of the remaining claims." *Id.* So long as the certification does not lead to "piecemeal appeals in cases which should be

27 | reviewed only as single units," *McIntyre v. United States*, 789 F.2d 1408, 1410

28 | (9th Cir. 1986) (quotations omitted), it is proper.

1  446 U.S. at 7. Because there are no more issues to be litigated before this Court on

2  the claims dismissed on state secrets grounds (and indeed, no issues whatsoever to

3  be litigated between the Plaintiffs and Government Defendants), the orders are

4  "final judgments" for purposes of Rule 54(b).

5       Rule 54(b) was designed for precisely the situation with respect to

6  Government Defendants – where litigation in the district court has effectively

7  concluded against some parties to a case, but not others. *See, e.g., Liberty Mut. Ins.*

8  *Co. v. Wetzel*, 424 U.S. 737, 744 n. 3 (1976) ("Rule [54(b)] was amended to insure

9  that orders finally disposing of some but not all of the parties could be appealed

10  pursuant to its provisions."); *Prickett v. Consolidated Liquidating Corp.*, 180 F.2d

11  8, 9 (9th Cir. 1950) (54(b) certification is appropriate as to some defendants when

12  all claims against those defendants had been dismissed by a court).

13       Issuance of a Rule 54(b) judgment is also appropriate in the circumstances

14  applicable as to the Individual Defendants, in which some claims have been

15  dismissed against a party, even though others remain. *See, e.g., Halkin v. Helms*,

16  598 F.2d 1, 5 (D.C. Cir. 1978) (where some but not all of plaintiffs' claims against

17  the National Security Agency were dismissed on state secrets grounds, "[t]he

18  District Court entered a partial final judgment with respect to the dismissal, See

19  Fed.R.Civ.P. 54(b)"). Because the state secrets privilege poses an insurmountable

20  barrier to Plaintiffs' non-FISA claims against the Individual Defendants, the

21  Court's order dismissing them is also an "ultimate disposition." *See Curtiss-*

22  *Wright*, 446 U.S. at 7.

23      **C.**    **There Is no Just Reason for Prolonging This Litigation by**

24           **Delaying an Appeal**

25       To certify a partial judgment, the district court must also determine that there

26  is "no just reason for delay." Fed. R. Civ. P. 54(b).  In conducting this inquiry,

27  courts adopt a "pragmatic approach focusing on severability and efficient judicial

28  administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819

1  F.2d 1519, 1525 (9th Cir. 1987); *accord S.E.C. v. Platforms Wireless Intern.*

2  *Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010); *see also* Fed. R. Civ. P. 1 (rules

3  "should be construed and administered to secure the just, speedy, and inexpensive

4  determination of every action").

5       Here, there is no reason for delay, and in fact both justice and efficiency

6  strongly favor certification under Rule 54(b), for the following reasons:

7       *First*, this case is already going to the Ninth Circuit on interlocutory appeal

8  by the Individual Capacity Defendants from this Court's denial of qualified

9  immunity on Plaintiffs' claim under FISA. *See supra*, at 4, 5 & n.**Error!**

10  **Bookmark not defined.**. A Rule 54(b) certification allowing appeal of the Court's

11  state secrets ruling advances judicial efficiency by putting these two dispositive

12  issues before the Ninth Circuit at the same time. And while the Ninth Circuit has

13  recognized that staying district court proceedings during an interlocutory appeal

14  can "significantly disrupt and delay trial court proceedings," *Chuman*, 960 F.2d at

15  105, issuing a partial judgment on the remaining claims here would alleviate that

16  problem by allowing expeditious resolution of those claims at the Court of

17  Appeals.

18       *Second*, unless this Court grants certification under Rule 54(b), the parties

19  and Court create the potential for – indeed a high likelihood of – inefficient serial

20  litigation and appeal.  If the Ninth Circuit affirms this Court's ruling denying

21  qualified immunity to the Individual Capacity Defendants on the FISA claim, those

22  claims will proceed to discovery and summary judgment or trial.  Only after final

23  judgment would Plaintiffs be entitled to appeal the state secrets ruling, raising the

24  possibility that, if Plaintiffs prevail on that (second) appeal, this Court and the

25  parties could face a second round of discovery, summary judgment, and trial on the

26  remaining claims.

27       Similarly, if the Ninth Circuit reverses this Court's decision denying

28  qualified immunity to the Individual Capacity Defendants on the FISA claim, that

1    appeal would be immediately followed by a second appeal by Plaintiffs on the state

2    secrets ruling, creating two separate appeal proceedings, one after the other, where

3    one would have sufficed.

4            *Third*, because this Court has dismissed not only all claims against the

5    Government Defendants, but all claims against the Individual Capacity Defendants

6    on which state secrets was asserted, there is no risk of this Court simultaneously

7    addressing the state secrets issue during an interlocutory appeal on that issue —

8    inefficient parallel litigation on an "identical issue" in two courts will not occur.

9    *C.f. CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961)

10   (recognizing "the long established rule prohibiting piecemeal litigation" in which

11   "both [an appeals court] and the district court simultaneously pass[] upon what is

12   in substance the identical claim"). Even if this Court might have occasion or

13   inclination to revisit its state secrets ruling — which it presumably will not —

14   proceedings in this Court would still be stayed pending the outcome of the

15   Individual Capacity Defendants' appeal from denial of qualified immunity, thus

16   avoiding any risk of parallel proceedings.  *See supra* n. 3.

17           Because this Court will not again pass upon either the question whether the

18   state secrets privilege requires dismissal of Plaintiffs' non-FISA claims against the

19   Government and Individual Defendants, or whether FISA waives sovereign

20   immunity, and because permitting an immediate appeal would actually reduce the

21   number of appellate proceedings, this Court should put all remaining dispositive

22   issues before the same appellate court at the same time by granting partial final

23   judgment in favor of the Government Defendants under Rule 54(b).[4]

24   _____

[4] Should the Court be inclined to permit Plaintiffs to take an immediate appeal

25   against the Government and Individual Defendants with respect to the state secrets

26   rulings, but believe that Rule 54(b) is not the appropriate vehicle, it may
     alternatively certify the dismissal for interlocutory appeal under 28 U.S.C. 1292(b)

27   as a controlling question of law: whether the state secrets privilege applies,

28   whether it is pre-empted by FISA in this case, and whether its application would

(cont'd)

7

# **CONCLUSION**

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs respectfully request that this Court enter partial final judgment for the Government Defendants on all claims, and for the Individual Capacity defendants on all claims other than their FISA claims, so as to permit Plaintiffs to appeal this Court's ruling that the state secrets privilege requires dismissal of their non-FISA claims.

Dated:  Dated: November 1, 2012

Respectfully submitted,

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA

HADSELL STORMER KEENY RICHARDSON & RENICK, LLP

By: s/ Peter Bibring
         Peter Bibring

Attorneys for Plaintiffs

require dismissal of the case. Because that dismissal involves a controlling question of law as to which there is substantial ground for difference of opinion, and because (for the reasons stated above) permitting immediate appeal would materially advance the ultimate resolution of this litigation, certification under Section 1292(b) would also be appropriate. To perfect such a certification, the Court would have to amend its order granting the Government Defendants' Motion to Dismiss "to include the required permission or statement." *See* Fed. R. App. P. 5(a)(3).

8