STUART F. DELERY
Principal Deputy Assistant Attorney General
ANDRE BIROTTE, JR.
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
LYNN Y. LEE (SBN #235531)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Rm 6102
Washington, D.C. 20530
Telephone:  202-514-4782
*Attorneys for the Federal Bureau of Investigation
and Defendants Sued in Their Official Capacities*

STEPHEN E. HANDLER
U.S. Department of Justice, Civil Division, Torts Branch
1331 Pennsylvania Avenue N.W., Rm 8070N
Washington, D.C. 20530
Telephone: (202) 616-4279
*Attorney for the United States*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| YASSIR FAZAGA *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION  *et al.*<br><br>Defendants. | CASE NO. SA11-cv-00301 CJC (VBKx)<br><br>**GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUANCE OF PARTIAL FINAL JUDGMENT PURSUANT TO F.R.C.P. 54(b)** |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................... 1

ARGUMENT...................................................................................................... 3

   I.      Rule 54(b) Must Be Applied to Preserve the Historic Policy
           Against Piecemeal Appeals Where Overlapping Factual and
           Legal Issues Exist.................................................................................. 3

   II.     Plaintiffs Fail to Establish that the Entry of Partial Final
           Judgment on the State Secrets Dismissal Would be Appropriate
           Here. ..................................................................................................... 7

   III.    The District Court's State Secrets Dismissal Is Not Appropriate
           for Certification Under 28 U.S.C. § 1292(b). ................................... 14

CONCLUSION.................................................................................................. 17

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Al-Haramain Islamic Foundation,*
4  507 F.3d 1190 (9th Cir. 2007) ............................................................... 15, 16

5

*AmerisourceBergen Corp. v. Dialysist W.,*
6  465 F.3d 946 (9th Cir. 2006) ................................................................... 6, 13

7

*Ashcroft v. Iqbal,*
  556 U.S. 662 ................................................................................................ 13
8

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,*
9  819 F.2d 1519 (9th Cir. 1987) ..................................................................... 6

10

*Couch v. Telescope Inc.,*
11  611 F.3d 629 (9th Cir. 2010) ....................................................................... 16

12

*Curtiss-Wright Corp. v. Gen. Electric Co.,*
13  446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1(1980) ....................................... passim

14

*Digital Envoy v. Google,*
15  No. C 04-1497, 2006 WL 824412 (N.D. Cal. Mar. 28, 2006) ...................... 11

16

*Favreau v. City of Escondido,*
17  No. 10-2348, 2012 WL 2092737 (S.D. Cal. June 11, 2012) ......................... 12

18

*In re Cement Antitrust Litig.,*
  673 F.2d 1020 (9th Cir. 1981) ..................................................................... 15
19

*Kasza v. Browner,*
20  133 F.3d 1159 (9th Cir. 1998) ..................................................................... 15

21

*Mohammed v. Jeppesen Dataplan, Inc.,*
22  614 F.3d 1070 (9th Cir. 2010), .................................................................... 15

23

*Morrison-Knudsen Co. v. Archer,*
24  655 F.2d 962 (9th Cir. 1981) ............................................................... 5, 6, 7, 11

25

*Reese v. BP Exploration (Alaska) Inc.,*
26  643 F.3d 681 (9th Cir. 2011) ....................................................................... 16

27

*Robinson v. R. De La Vega,*
28  No. 07-409, 2008 WL 4748171 (S.D. Cal. Oct. 24, 2008) ............................ 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*S.E.C. v. Platforms Wireless Intern. Corp.*,
   617 F.3d 1072 (9th Cir. 2010) .......................................................................... 6

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427, 76 S. Ct. 895, 100 L. Ed. 1297 (1956) .................................... 3, 4

*Texaco v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) ............................................................................. 6

*Wood v. GCC Bend, LLC*,
   422 F.3d 873 (9th Cir. 2005) .................................................................... passim

**STATUTES**

28 U.S.C. §1292 ......................................................................................... passim

## **INTRODUCTION**

Plaintiffs have moved for the entry of partial final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, *see* Dkt. 121-1, so that they may appeal this Court's dismissal of claims based on the state secrets privilege. *See* Dkt. 101. Plaintiffs contend that the entry of final judgment on the state secrets dismissal is warranted because the individual capacity defendants are now appealing the Court's denial of their motion to dismiss, on qualified immunity grounds, the sole remaining claim in this case arising under the Foreign Intelligence Surveillance Act (FISA).

The Court has broad discretion in deciding when to enter partial final judgment as to certain claims under Rule 54(b), and the Government does not contend that the Court would abuse its discretion in doing so here. The Government obviously favors the ultimate entry of final judgment for the defendants as to the non-FISA claims. But the question at hand is *when* final judgment should be entered as to the state secrets dismissal. That issue is complicated by the fact that not all claims in this case have been finally resolved. As set forth below, the better reading of applicable authority weighs against the entry of partial final judgment in the present circumstances of this case.

Rule 54(b) must be applied in a manner that effectively preserves "the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1(1980) (internal citations omitted). The key consideration in deciding whether to certify a partial final judgment under Rule 54(b) is

whether there are overlapping factual and legal issues between the claims for which final

judgment is sought and the remaining claims in the case.  *See Wood v. GCC Bend, LLC*,

422 F.3d 873, 878-79 (9th Cir. 2005).  In particular, the Court must scrutinize a Rule

54(b) motion with an eye toward preventing "piecemeal appeals in cases which should be

reviewed only as single units."  *Wood,* 422 F.3d at 879 (quoting *Curtiss-Wright*, 446 U.S.

at 10).

      In this case, the unresolved FISA claim implicates some of the same overlapping

factual and legal questions at issue in the Court's state secrets dismissal, and the prospect

plainly exists that the Court will have to apply its state secrets ruling in litigation of the

FISA claim should its decision to allow that claim to proceed be affirmed.  That outcome

would most likely lead to another appeal on the same state secrets privilege issues that

plaintiffs seek to appeal now.  The fact that the individual defendants have the right to

take an interlocutory appeal on the qualified immunity issue does not, by itself, justify an

appeal now on the state secrets dismissal where yet another appeal involving the same

privilege assertion may occur before all claims in the case are finally resolved.

      In addition, plaintiffs' intent to raise on appeal the question of whether the state

secrets privilege has been "preempted" by the procedures under the FISA makes the entry

of partial final judgment under Rule 54(b) even less appropriate now.  That issue pertains

to the unresolved FISA claim and has not yet been considered by the Court.  Rule 54(b) is

intended to address final, independent, and segregable claims and issues that have been

decided by the district court—not to facilitate appellate review of questions of law

pertaining to an unresolved claim that the district court has not yet had occasion to

consider.

For these reasons, set forth further below, the historic policy of avoiding piecemeal

appeals would not be well served by entering a partial final judgment now on the state

secrets dismissal where overlapping fact and legal issues remain unresolved.

## ARGUMENT

## I. Rule 54(b) Must Be Applied to Preserve the Historic Policy Against Piecemeal Appeals Where Overlapping Factual and Legal Issues Exist.

Rule 54(b) provides that "[w]hen an action presents more than one claim for

relief—whether as a claim, counterclaim, cross claim, or third-party claim—or when

multiple parties are involved, the court may direct entry of a final judgment as to one or

more, but fewer than all, claims or parties only if the court expressly determines that

there is no just reason for delay."  *See* Fed. R. Civ. P. 54(b).  The Supreme Court set out a

framework for applying this rule in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.

Ct. 895, 100 L. Ed. 1297 (1956), which it repeated in *Curtiss-Wright Corp.*, 446 U.S. at

7-10.  *See Wood*, 422 F.3d at 877-78.

A district court must first determine that it has rendered a "final judgment," that is,

a judgment that is "'an ultimate disposition of an individual claim entered in the course of

a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Mackey*, 351 U.S. at

436); *see also Wood*, 422 F.3d at 878.[1]   Once having found finality, the district court must go on to determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 8; *see also Wood*, 422 F.3d at 878.  "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8.  The function of the district court is to act as a "dispatcher" exercising sound judicial discretion to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Id*. (quoting *Mackey*, 351 U.S. at 437).  This discretion is to be exercised "in the interest of sound judicial administration" in order "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id*. (quoting *Mackey*, 351 U.S. at 438).

In particular, the court in *Curtiss-Wright* found it was appropriate for the district court to consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *See* 446 U.S. at 8.  Indeed, a court reviewing a Rule 54(b) certification must "scrutinize the district court's evaluation of

---

[1]   The Government does not dispute that the Court's state secrets dismissal is a "final" disposition of certain claims entered in the course of a multiple claim action, and we thus address the remaining analysis under *Curtiss-Wright.*

such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 10.

The key consideration in deciding a Rule 54(b) motion is thus whether there are overlapping factual and legal issues between the claims to be certified for appeal and any remaining claim in the case. *See Wood*, 422 F.3d at 880; *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, C.J.) ("[a] similarity of legal or factual issues will weigh heavily against the entry of judgment under [Rule 54(b)] . . ."). While claims that  present overlapping facts are not foreclosed from being considered separate matters for purposes of Rule 54(b), *Wood*, 422 F.3d at 881, "the greater the overlap the greater the chance that [the court of appeal] will have to revisit the same facts—spun only slightly differently—in a successive appeal." *Id*. at 882.[2]

Within the foregoing parameters, the decision to certify a partial final judgment is "left to the sound judicial discretion of the district court." *Curtiss-Wright*, 446 U.S. at 10. However, "sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id*.

---

[2]  Courts have granted certification on one or more claims, despite the presence of facts that overlap remaining claims, when for example counterclaims are involved that arise out of the same transaction or occurrence as the certified claim, "or the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Wood,* 422 F.3d at 881.  No counterclaims are at issue here and, as set forth below, no controlling legal question warrants appeal now.

Plaintiffs' recitation of the standards governing certification of partial final

judgment under Rule 54(b) does not set forth the full range of factors that a district court

should consider.  Plaintiffs cast the Rule 54(b) question as a "pragmatic" consideration

"focusing on severability and efficient judicial administration."  *See* Pls. Mot. at 5-6.  As

explained above, however, *Curtiss-Wright* requires consideration of the historic policy

against piecemeal appeals, where overlapping factual and legal issues exist and may give

rise to successive appeals.  *See Wood*, 422 F.3d at 877-79; *see also AmerisourceBergen

Corp. v. Dialysist W.*, 465 F.3d 946, 954-55 (9th Cir. 2006) (applying *Curtiss-Wright*).

Plaintiffs cite *Curtiss-Wright* only in passing (for the proposition that only a "final"

judgment can be certified), and the authority on which they otherwise rely contains only

an abbreviated discussion of Rule 54(b) standards.  *See* Pls. Mot. at 5-6 (citing

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1525 (9th Cir.

1987) and *S.E.C. v. Platforms Wireless Intern. Corp.,* 617 F.3d 1072, 1085 (9th Cir.

2010)).[3]  The full range of considerations set forth in *Curtiss-Wright* for deciding a Rule

54(b) motion cannot be set aside by passing references in lower court decisions.

Likewise, plaintiffs err in asserting that then-Circuit Judge Kennedy's discussion

of Rule 54(b) in *Morrison-Knudsen*, which focuses on the existence of overlapping

---

[3]  *Continental Airlines* relegates *Curtiss-Wright* to a "see also" reference, and
relies on a treatise indicating that appellate courts have taken a "more pragmatic"
approach since that decision. *See* 819 F.2d at 1525.  *S.E.C. v Platform Wireless* does not
mention *Curtiss-Wright* at all, and cites *Wood* only in passing.  *See* 617 F.3d at 1084-85;
*see also Texaco v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991) (passing citation to
*Curtiss-Wright* with no discussion of its standards).

factual and legal issues, is "outdated" and "overly restrictive." *Morrison-Knudsen* was cited approvingly by the Ninth Circuit in *Wood, see* 422 F.3d at 882, a case decided after the authority on which plaintiffs rely. *See* Pls. Mot. at 4, n.3. And, as in *Wood,* the court in *Morrison-Knudsen* focused properly on *Curtiss-Wright*, *see* 655 F.2d at 965.

Accordingly, there is little doubt that the question at hand is whether the historic policy against piecemeal appeals would be served by certifying partial final judgment where overlapping factual and legal issues exist as to the unresolved claim.

**II.    Plaintiffs Fail to Establish that the Entry of Partial Final Judgment on the State Secrets Dismissal Would be Appropriate Here.**

Proceeding from an incomplete exposition of the governing law, the sum and substance of plaintiffs' argument in favor of partial final judgment is that, because "this case is already going to the Ninth Circuit" upon the individual capacity defendants' appeal of the denial of qualified immunity on the FISA claim, allowing plaintiffs to appeal on the state secrets ruling "advances judicial efficiency" by putting the two issues before the Ninth Circuit at the same time. *See* Pls. Mot. at 6. But the mere fact that one appeal is being taken as a matter of right on qualified immunity issues does not justify a second appeal on the distinct state secrets privilege issue, where the likelihood exists of a later appeal addressing application of the privilege to overlapping factual issues.

Rather, the key consideration in deciding plaintiffs' Rule 54(b) motion is whether the state secrets privilege issues are likely to arise again if the Court's ruling on the FISA claim is affirmed. That is plainly the case.[4]

To begin with, the unresolved FISA claim concerns the same investigation at issue in the other claims. Plaintiffs' lawsuit raises various challenges to the alleged actions of a former FBI confidential source in the "Operation Flex" investigation, including a claim that his actions (and others taken by the FBI in that investigation) constituted unauthorized electronic surveillance subject to the requirements of the FISA. Plaintiffs incorporate all their factual allegations in the FISA claim, *see* Amended Complaint (Dkt. 49) ¶ 252 (incorporating ¶¶ 1-251), and those allegations implicate privileged information concerning who was subject to an FBI investigation, the reasons for that investigation, and the sources and methods utilized.[5] Thus, the availability of information concerning

---

[4] By its arguments herein, the Government does not mean suggest that the individual defendants' appeal on the qualified immunity question will not be successful. Our position is based on the fact that the FISA claim is currently unresolved. In deciding plaintiffs' motion under Rule 54(b), the Court may consider the possibility that its decision to allow this claim to proceed may be affirmed.

[5] *See* Declaration of Attorney General Eric H. Holder (Dkt. 32-3); Declaration of Mark Giuliano, Assistant Director of the FBI's Counterterrorism Division (Dkt. 33) (describing information subject to states secrets privilege) (filed August 1, 2011).

the FBI's investigation, and actions of its former confidential source, would remain at issue in litigating the FISA claim.[6]

The Government did not previously seek dismissal of the FISA claim based on the state secrets privilege because, as we noted at the time, certain facts relevant to that claim were not a secret.[7]  But the Government carefully reserved the possibility that, in the course of attempting to litigate the FISA claim, privileged information could arise and dismissal of that claim might still be required.[8]  The Court also appeared to recognize that the impact of the state secrets privilege could arise again in litigation on the FISA claim.  *See* Order Granting in Part Defendants' Motion to Dismiss Plaintiffs' FISA Claim (Dkt.

---

[6]   The Government does not concede that all of the information implicated by plaintiffs' allegations would be relevant to litigation of the FISA claim; we note simply that the availability of FBI investigative information would again be put at issue by the parties.  In particular, plaintiffs' FISA claim not only seeks challenge the collection of audio by the FBI's confidential source (Mr. Monteilh), but puts at issue whether the FBI otherwise engaged in alleged unlawful electronic surveillance.  *See* Am. Compl. ¶¶ 94-95.  Litigation of the FISA claim will thus entail an inquiry into whether the FBI undertook alleged electronic surveillance, both through Mr. Monteilh's alleged actions and apart from Mr. Monteilh's alleged actions, and such inquiry is likely to implicate information which is subject to the Government's privilege assertion.

[7]   *See* Memorandum of Points & Authorities in Support of Government Defendants' Motion to Dismiss Amended Complaint & for Summary Judgment (Dkt. 55) at 4 (stating that "[a]t least at this stage of the proceedings, sufficient non-privileged evidence may be available" to litigate the FISA claim because the FBI has previously disclosed that its confidential source had collected audio and video information for the FBI, and some of that audio and video information was produced in that prior case) (citing Public Declaration of Mark. F. Giuliano ("Pub. Giuliano Decl.") ¶ 12 (Dkt. 33)).

[8]   *See id.* at 5 (noting "it remains possible that the need to protect properly privileged national security information might still foreclose litigation" of the FISA claim).

102) at 12 n.4 ("The Court, however, declines at this time to rule on the issue of whether Plaintiffs' FISA claim should be dismissed under the state secrets privilege, as that issue was not before the Court.").

Plaintiffs' observation that the Court is not likely to revisit its ruling that the state secrets privilege requires dismissal of the non-FISA claims, *see* Pls. Mot. at 7, is true but not the pertinent consideration. The question is whether information protected by the state secrets privilege is likely to again be at issue in litigating the FISA claim, and thus whether the privilege may have to be applied again by the Court to demands for information by the parties. As to the FISA claim, the Government is now a third-party holder of information in a lawsuit between plaintiffs and the individual capacity defendants. Access to the Government's investigative information will be put at issue by both sides in litigating that claim. As noted, plaintiffs have incorporated all of their factual allegations in the FISA claim, and the individual capacity defendants likewise can be expected to seek investigative information in order to defend against this claim. While it may be possible for the Court to address the merits of the FISA claim in whole or part without the need for privileged information, the factual questions implicated by that claim have not yet been addressed.

Accordingly, unlike a more typical application of Rule 54(b), where the district court has resolved a question of law unique to a discrete claim against one party, here the Court's state secrets ruling applied the privilege to most—but not all—claims in the case

that arise from the same factual background.  *See, e.g., Wood*, 422 F.3d at 880.  Even assuming the non-FISA claims are in some sense distinguishable, the likelihood exists that the Court would have to revisit the state secrets privilege and apply it during litigation of the FISA claim.  Application of the privilege to claims presenting overlapping factual issues is the type of matter that should be treated as a "single unit" and thus addressed only once on appeal, after all claims that touch on privileged information have been finally resolved.  *See*, *e.g.*, *Robinson v. R. De La Vega*, No. 07-409, 2008 WL 4748171, *3 (S.D. Cal. Oct. 24, 2008) (rejecting Rule 54(b) certification because it would result in unnecessary interlocutory appellate review of claims which, while separate and distinguishable, would inevitably involve the same set of facts and legal issues which have yet to be tried) (citing *Morrison-Knudsen*, 655 F.2d at 965); *Digital Envoy v. Google*, No. C 04-1497, 2006 WL 824412, *4, 5 (N.D. Cal. Mar. 28, 2006) (even assuming claim "presents a relatively narrow and discrete issue that perhaps could be litigated independently without inefficient use of judicial resources, the remaining claims will involve issues that intertwine and overlap factually").

Plaintiffs contend that permitting an appeal now on the state secrets dismissal might reduce the ultimate number of appellate proceedings in this case.  *See* Pls. Mot. at 7.  In particular, they assert that, absent appeal now, they may not be able to appeal the state secrets ruling until after final judgment and, if the Court were then reversed, further

proceedings would ensue.  *See* Pls. Mot. at 6.  But that argument again misses the central

issue under Rule 54(b).  As one court put it:

> In granting partial summary judgment on some claims or
> for some parties, every district court risks the potential
> of a second trial following direct appeal.  That risk is inherent
> in our appellate system of justice.  Rule 54(b) is more concerned
> with successive appeals on the same facts, not successive trials
> on the same facts.

*Favreau v. City of Escondido*, No. 10-2348, 2012 WL 2092737, *3 (S.D. Cal. June 11,

2012) (citing *Wood,* 422 F.3d at 880, 882).  Thus, the issue is not whether plaintiffs may

prevail on appeal after final judgment is entered on all claims (necessitating still further

proceedings), but whether allowing an interlocutory appeal now would undercut the

historic policy against piecemeal appeals where overlapping factual and legal issues are

likely to arise before final judgment on the unresolved claim.

    In addition, the entry of final judgment under Rule 54(b) is not appropriate where

plaintiffs seek to put at issue on appeal an issue that this Court has not yet considered.

Specifically, in the context of seeking certification of interlocutory review under 28

U.S.C. §1292(b), plaintiffs indicate that, among the issues they would raise on appeal

now, is whether state secrets privilege is "preempted by FISA in this case."  Pls. Mot. at

7-8, n.4.  However, this Court has not yet reached that issue because it has not yet

considered application of the privilege to the FISA claim.[9]  The purpose of Rule 54(b) is

---

    [9]  *See* Order Granting Defendants' Motion to Dismiss Based on State Secrets
Privilege (Dkt. 101) at 17 and n.8 (finding that question of whether FISA preempts the

to permit review of distinct and independent claims that have been finally resolved, not to permit a party to seek appellate review of an issue they anticipate might arise in litigating an unresolved claim.

Finally, plaintiffs present no equitable reasons to justify an immediate appeal. This is not a case where partial final judgment may appropriately be certified to prevent economic hardship by a party that prevailed on a discrete claim while awaiting complete final judgment. *See Curtiss-Wright*, 446 U.S. at 11 (large liquidated debts would not be paid for many months while case proceeded); *AmerisourceBergen Corp.*, 465 F.3d at 955 (certifying final judgment in favor of party owed $2.2 million). While plaintiffs assert they would be "stranded" in district court awaiting the outcome of the individual capacity defendants' appeal, *see* Pls. Mot. at 3, that is the result of plaintiffs' decision to sue FBI officials in their personal capacity. These individuals have the right to pursue an appeal of the qualified immunity issue at this stage. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The existence of the qualified immunity appeal does not establish equitable grounds to permit a separate appeal on the states secrets privilege.[10]

---

state secrets privilege is not at issue because defendants have not moved to dismiss the FISA claim on privilege grounds, and also finding no authority indicating that FISA would preempt the state secrets privilege as to non-FISA claims).

[10] Also, if plaintiffs are concerned about being stranded in district court until the individual capacity defendants' appeal is resolved, they have the option of stipulating to

As noted above, Rule 54(b) certification is not to be routinely granted, *Curtiss-Wright*, 446 U.S. at 10; *Wood*, 422 F.3d at 879, and plaintiffs have presented no reason why this case is so complex as to warrant an exception to that policy. *Wood*, 422 F.3d at 879 (in recognition of enormous caseload of the Court of Appeals, partial final judgment should not be routinely granted). Accordingly, while the Government favors the ultimate entry of final judgment for the defendants as set forth in the state secrets dismissal, the timing of that judgment sought by plaintiffs would inherently risk successive appeals on the state secrets issues, and thus would not well serve the policies underlying Rule 54(b).

## III.    The District Court's State Secrets Dismissal Is Not Appropriate for Certification Under 28 U.S.C. § 1292(b).

Assuming the Court denies their Rule 54(b) motion, plaintiffs also argue, in the alternative, that the Court should certify its state secrets dismissal of the non-FISA claims for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Such a course is not appropriate here.  Interlocutory appeal under section 1292(b) is warranted when the Court finds that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The 1292(b) certification inquiry thus has been broken into three steps: (1) the matter at issue must be a controlling question of law; (2) there must be substantial grounds for a

the dismissal of the remaining FISA claim against the individual capacity defendants with prejudice so that a fully final judgment could then be entered in this case.

difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981).  Section 1292(b) is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  *In re Cement Antitrust Lit.*, 673 F.2d at 1026.  There is no basis on which to find that high threshold is satisfied here.

As an initial matter, it is open to question whether the Court's state secrets dismissal constitutes a "controlling question of law" for which certification under section 1292(b) is appropriate.  The controlling law in the Ninth Circuit on the state secrets privilege is well established, *see Mohammed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070 (9th Cir. 2010), *cert. denied,* 131 S.Ct. 2442 (2011),[11] and the Court merely applied that controlling law to the particular circumstances of this case by reviewing a privilege assertion as to specific information deciding its impact on certain claims.

Assuming, *arguendo,* that the Court's state secrets dismissal is regarded as a controlling question of law on the theory that it "materially affect[s] the outcome of litigation," *In re Cement Antitrust Lit.*, 673 F.2d at 1026, plaintiffs offer no basis on which to find any substantial ground for a difference of opinion as to the Court's ruling.  Plaintiffs' own disagreement with the Court is not sufficient to satisfy section 1292(b).  Rather, "[c]ourts traditionally will find that a substantial ground for difference of opinion

---

[11]  *See also Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190 (9th Cir. 2007); *Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998).

exists where '... novel and difficult questions of first impression are presented.'" *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681 (9th Cir. 2011); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Again, however, the law concerning the state secrets privilege is well established.  While plaintiffs may wish to present arguments on appeal concerning application of the state secrets doctrine in this case, they have not and cannot identify any substantial grounds for disagreement with how the Court applied the privilege to the non-FISA claims.

Finally, it is speculative that an immediate appeal would "materially advance termination of the case."  Only if the Court's state secrets dismissal is affirmed, but its ruling on qualified immunity reversed, would the case end without further proceedings. It is just as foreseeable that the parties will be dealing with the same factual and legal issues on remand, including application of the state secrets privilege to the FISA claim. More importantly, it is not an appropriate use of section 1292(b) to seek appellate review of an issue on which the district court has yet to rule.  As noted, plaintiffs seek interlocutory review in part to obtain guidance on whether the privilege is preempted for FISA claims.  *See* Pls. Mot. at 7, n.4.  But, again, the Court has not yet considered the FISA claim, nor applied the state secrets privilege to that claim, nor decided whether the privilege is preempted by procedures set forth in the FISA.  *See Al-Haramain Islamic Foundation,* 507 F.3d at 1205-06 (declining to address whether FISA preempts the state secrets privilege based on normal practice of allowing the district court to pass on legal

questions first).  The goal of advancing termination of a case through an interlocutory

review should not entail circumventing the district court on a key question in the case.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' request for partial final

judgment of its state secrets dismissal of non-FISA claims (Dkt. 101) and their alternative

request for interlocutory review under 28 U.S.C. § 1292(b).[12]

Dated: November 15, 2012          Respectfully submitted,

                                  STUART F. DELERY
                                  Principal Deputy Assistant Attorney General

                                  ANDRE BIROTTE, JR.
                                  United States Attorney

                                  VINCENT M. GARVEY
                                  Deputy Branch Director

                                     */s/ Anthony J. Coppolino*
                                  ANTHONY J. COPPOLINO
                                  Special Litigation Counsel

                                     */s/ Lynn Y. Lee*
                                  Lynn Y. Lee (SBN #235531)
                                  Trial Attorney

                                  U.S. Department of Justice
                                  Civil Division, Federal Programs Branch
                                  20 Massachusetts Avenue, N.W.  Rm 6102
                                  Washington, D.C. 20530

---

[12]  If the Court is inclined to permit interlocutory review of its state secrets dismissal at this stage, notwithstanding the Government's arguments to the contrary, it should do so under Rule 54(b), not section 1292(b), because there at least is no dispute that the state secrets dismissal of non-FISA claims is final.

17

Tel: (202) 514-4782
Fax: (202) 616-8460

*Attorneys for the Federal Bureau of Investigation and Defendants Sued in Their Official Capacities*

STEPHEN E. HANDLER
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Avenue N.W., Rm 8070N
Washington, D.C. 20530
Telephone: (202) 616-4279

*Attorney for the United States*