UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| YASSIR FAZAGA, ALI UDDIN MALIK, YASSER ABDELRAHIM,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, ET AL.,<br><br>Defendants. | Case No.: 8:11-cv-00301-CJC(VBKx)<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ISSUANCE OF PARTIAL FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) |

**INTRODUCTION AND BACKGROUND**

Plaintiffs Yassir Fazaga, Ali Uddin Malik, and Yasser Abdelrahim (collectively, "Plaintiffs") filed this putative class action against the Federal Bureau of Investigation ("FBI"), the United States of America, and two FBI officers sued in their official capacities (together, the "Government"), as well as five FBI agents sued in their individual capacities (together, the "Agent Defendants"). On August 14, 2012, the Court

-1-

dismissed all of the claims in this case with the exception of Plaintiffs' Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1810, claim against the Agent Defendants. (*See* Dkt. Nos. 101, 102.) The Agent Defendants have since appealed this Court's decision denying them qualified immunity. (*See* Dkt. Nos. 112, 115.) On November 2, 2012, the Court approved the parties' stipulation to stay all further proceedings related to the remaining FISA claim pending resolution of the Agent Defendants' interlocutory appeal. (Dkt. No. 123.)

Plaintiffs now request that the Court enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) to allow them to immediately appeal the Court's dismissal of the majority of their claims. (Dkt. No. 121.) Plaintiffs seek partial final judgment as to all their claims against the Government in addition to the dismissed non-FISA claims against the Agent Defendants. The Government opposes Plaintiffs' motion, (Dkt. No. 124), and the Agent Defendants have not taken a position. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion and enters partial final judgment.[1]

**ANALYSIS**

Federal Rule of Civil Procedure 54(b) states that when there are multiple claims or multiple parties to an action:

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 11, 2012 at 4:30 p.m. is hereby vacated and off calendar. In light of the Court's ruling, the December 11, 2012 status conference is also vacated and off calendar.

> designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). The Ninth Circuit has reiterated the Supreme Court's framework for applying Rule 54(b). *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). First, the district court must determine that it has rendered a "final judgment" that is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal citations and quotations omitted). Then the Court must determine whether there is any just reason for delay. This decision "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." *Id.* (internal citations and quotations omitted).

A court must take care to apply Rule 54(b) to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). The Ninth Circuit has noted that it is proper for the district judge "to consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." *Wood*, 422 F.3d at 878 n.2. However, "claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.' " *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. Cal. 1991) ("Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case.").

1  First, the Government and Plaintiffs agree that the Orders issued on August 14, 2012 reflect the Court's ultimate disposition of all the claims against the Government and the non-FISA claims against the Agent Defendants. (Gov. Defs.' Opp'n to Pls. Mot. for Issuance of Partial Final J. ["Gov. Defs.' Opp'n"] at 4 n.1; Pls.' Mem. in Supp. of Mot. for Issuance of Partial Final J. ["Pls.' Mem."] at 4–5.)

Second, there is no just reason for delay. Plaintiffs have indicated their intent to appeal the Court's dismissal of their claims, (Pls.' Mem. at 1), and the interests of justice will not be served by requiring them to wait years to do so while the remaining FISA claim against the Agent Defendants is litigated. Practical considerations counsel in favor of granting Plaintiffs' motion, as this case has already been stayed pending the resolution of the Agent Defendants' qualified immunity appeal. Judicial efficiency will be served by allowing the Ninth Circuit to resolve the related appeals simultaneously, and any additional delay imposed by a grant of partial final judgment is not likely to substantially prejudice any party. The Government argues that certification is inappropriate because the FISA claim may ultimately involve the same state secrets concerns Plaintiffs intend to appeal, and the same factual and legal questions may arise. But, there will be no parallel litigation given the existing stay, and a ruling on the state secrets issue is likely to assist in streamlining the litigation, providing guidance to this Court, and potentially reducing the need for additional appeals.

///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, The Court **GRANTS** Plaintiffs' motion for issuance of partial final judgment. The Court will sign and enter Plaintiffs' proposed order concurrently herewith.

DATED: December 3, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE