ETHAN P. DAVIS
Acting Assistant Attorney General
ANTHONY J. COPPOLINO
Deputy Branch Director
E-mail: tony.coppolino@usdoj.gov
JOSEPH J. DEMOTT
Trial Attorney
E-mail: joseph.demott@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: 202-514-3367

*Attorneys for the Federal Bureau of
Investigation and Official Capacity Defendants*

(Additional counsel listed on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASSIR FAZAGA, et al.<br><br>Plaintiffs,<br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | No. 8:11-cv-00301-CJC-VBK<br><br>**MEMORANDUM IN SUPPORT OF GOVERNMENT DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS PENDING PETITION FOR WRIT OF CERTIORARI**<br><br>DATE: October 5, 2020<br>TIME: 1:30 PM<br>JUDGE: Hon. Cormac J. Carney<br>CRTRM: 9B |

STEPHEN E. HANDLER
Senior Trial Counsel
E-mail: stephen.handler@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Avenue N.W. Room 8070N
Washington, D.C. 20530
Telephone: (202) 616-4279
*Attorney for the United States*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................1

ARGUMENT ...............................................................................................................5

   I.    The Standards for Granting a Stay of Proceedings to Await Disposition of a Related Proceeding ............................................................5

   II.   The Relevant Factors Support the Granting of a Stay of Proceedings Pending a Decision on Seeking Certiorari. ............................8

CONCLUSION..........................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Billon, Inc. v. Slatin*,
   No. SACV 16-00788-CJC, 2017 WL 2719980 (C.D. Cal. Jan. 26, 2017) ......... 5, 6

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
   403 U.S. 388 (1971) ....................................................................................... 2

*Campbell v. Or. Dep't of State Lands*,
   No. 2:16-cv-01677-SU, 2017 WL 3367094 (D. Or. Aug. 4, 2017) ................. 7

*Chen v. St. Jude Med., LLC*,
   No. SACV 17-00143-CJC, 2017 WL 8220441 (C.D. Cal. June 5, 2017) .............. 6

*Clapper v. Amnesty Int'l, USA*,
   568 U.S. 398 (2013) ..................................................................................... 10

*Clinton v. Jones*,
   520 U.S. 681 (1997) ....................................................................................... 6

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ......................................................................... 6

*Couture Textile, Inc. v. Rue 21, Inc.*,
   No. CV-16-05544-BRO, 2017 WL 10562584 (C.D. Cal. July 21, 2017) .............. 6

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007) .................................................................. 7, 11

*Errington v. Time Warner Cable Inc.*,
   No. 15-CV-02196 RSWL, 2016 WL 2930696 (C.D. Cal. May 18, 2016) ............. 7

*Fazaga v. FBI*,
   884 F. Supp. 2d 1022 (C.D. Cal. 2012) ................................................*passim*

*Fazaga v. FBI*,
   885 F. Supp. 2d 978 (C.D. Cal. 2012) ........................................................... 3

*Fazaga v. FBI*,
   965 F.3d 1015 (9th Cir. 2020) ............................................................... 1, 4, 5

*Fontes v. Time Warner Cable Inc.*,
  No. CV14-2060-CAS, 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) .................. 7
*Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*,
  No. SACV 17-00364-CJC, 2017 WL 6940557 (C.D. Cal. June 27, 2017) ............ 6
*Grivas v. Metagenics, Inc.*,
  No. SACV 15-01838-CJC, 2016 WL 11266835 (C.D. Cal. Mar. 31, 2016) ......... 6
*Haig v. Agee*,
  453 U.S. 280 (1981) ................................................................................................. 10
*Hawai'i v. Trump*,
  233 F. Supp. 3d 850 (D. Haw. 2017) ....................................................................... 7
*In re JPMorgan Chase LPI Hazard Litig.*,
  No. C-11-03058 JCS, 2013 WL 3829271 (N.D. Cal. July 23, 2013) ..................... 6
*In re Nat'l Sec. Agency Telecomms. Records Litig.*,
  564 F. Supp. 2d 1109 (N.D. Cal. 2008) ................................................................... 4
*Kasza v. Browner*,
  133 F.3d 1159 (9th Cir. 1998) ............................................................................... 10
*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ..................................................................................... 6, 7, 11
*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ............................................................................... 6, 9
*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ............................................................................. 6, 7
*Mohamed v. Jeppesen Dataplan, Inc.*,
  614 F.3d 1070 (9th Cir. 2010) ................................................................................. 4
*Rossano v. Fashion Mktg. & Merch. Grp. Inc.*,
  No. CV 19-10523-MWF, 2020 WL 4288059 (C.D. Cal. May 4, 2020) ................ 7
*Sensibaugh v. EF Educ. First, Inc.*,
  No. CV 20-1068-MWF, 2020 WL 3455641 (C.D. Cal. May 7, 2020) .................. 7

*Small v. GE Capital, Inc.*,
   No. EDCV 15-2479 JGB, 2016 WL 4502460 (C.D. Cal. June 9, 2016) ................ 7

*United States v. Reynolds*,
   345 U.S. 1 (1953) .............................................................................................. 4, 10

*Walker v. Monsanto Co. Pension Plan*,
   472 F. Supp. 2d 1053 (S.D. Ill. 2006) ..................................................................... 8

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ...................................................................................... 1, 5

**Statutes**

50 U.S.C. § 1806(f) ................................................................................................. 1, 5

50 U.S.C. § 1810 ......................................................................................................... 2

**Federal Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 3

Fed. R. Civ. P. 56 ........................................................................................................ 3

Supreme Court Rule 13 ............................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court's prior decision dismissing most of the claims in this case, pursuant to the Government's invocation of the state secrets privilege, *see Fazaga v. FBI*, 884 F. Supp. 2d 1022 (C.D. Cal. 2012), was reversed by a panel of the Court of Appeals for the Ninth Circuit on the ground that Section 1806(f) of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1806(f), displaces the state secrets privilege. *See Fazaga v. FBI*, 965 F.3d 1015 (9th Cir. 2020). The Court of Appeals also denied the Government's petition for rehearing en banc. *See id.* Circuit Judge Bumatay filed a dissent from the denial of rehearing en banc in which nine other Circuit Judges joined in whole or in part. *See id.* at 1072.

The Government is presently considering whether to petition the Supreme Court for a writ of certiorari seeking review of the panel decision. The Government's cert petition would be due on December 17, 2020. In the meantime, the Government requests that this Court stay further proceedings in this case pending: (1) a decision by the United States on whether to petition the Supreme Court for a writ of certiorari; (2) a decision by the Supreme Court on the writ of certiorari, if a petition is filed; and (3) resolution of proceedings in the Supreme Court, if a writ of certiorari is granted.[1] The grounds for this motion are set forth further below.

## BACKGROUND

The background of this action is described in the Court's prior decision in this case. *Fazaga*, 884 F. Supp. 2d at 1029-35. In sum, this case arose from a group of counter-terrorism investigations given the name "Operation Flex"

---

[1] The Government's request for a stay does not extend to briefing in connection with the individual capacity defendants' renewed motions to dismiss *Bivens* claims against them, including in light of the Supreme Court's intervening decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), or on other grounds those defendants may raise.

conducted by the FBI between 2006 and 2007 in Southern California. Plaintiffs are three members of Muslim religious communities (Sheikh Yassir Fazaga, Ali Uddin Malik, and Yasser Abdelrahim) who allege that, through Operation Flex, the FBI utilized a paid informant (Craig Monteilh) to "indiscriminately collect personal information on hundreds and perhaps thousands of innocent Muslim Americans in Southern California . . . simply because the targets were Muslim." *See* First Am. Compl. ¶¶ 1-3, 86, 89; *see Fazaga*, 884 F. Supp. 2d at 1028-29. Plaintiffs brought claims against the Government Defendants sued in their official capacity on various grounds, including that the alleged investigative actions violated their rights under the First Amendment Free Exercise Clause and Establishment Clause, the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment Equal Protection Clause, the Privacy Act, the Fourth Amendment, the Foreign Intelligence Surveillance Act, and the Federal Tort Claims Act (FTCA). *See* First Am. Compl. Plaintiffs also brought claims against several FBI agents sued in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the civil-liability provision of FISA, 50 U.S.C. § 1810 ("Section 1810").

      Some of the general facts about Operation Flex, including that Mr. Monteilh served as an informant, have been publicly disclosed. Notably, the FBI explained in a public declaration that Operation Flex "focused on fewer than 25 individuals" and was "directed at determining whether particular individuals were involved in the recruitment and training of individuals in the United States or overseas for possible terrorist activity." *See Fazaga,* 884 F. Supp. 2d at 1029 (citing Public Declaration of Mark Giuliano, Assistant Director (AD), Counterterrorism Division ¶ 11). However, the Attorney General asserted the state secrets privilege to protect other details regarding Operation Flex, including (i) the identities of the specific individuals who have or have not been the subject of counterterrorism investigations, (ii) the reasons why individuals were subject to investigation,

including in Operation Flex, and the status and results of investigations, and (iii) certain sources and methods used in obtaining information for counterterrorism investigations, including in Operation Flex. *See Fazaga*, 884 F. Supp. 2d at 1030 (citing Public Declaration of Attorney General Holder ¶ 4 and Public Giuliano Decl. ¶ 6).

The Government moved to dismiss Plaintiffs' claims and for summary judgment, pursuant to Federal Rules of Civil Procedure 12 and 56, on various grounds including the state secrets privilege. *Id.* at 1029. Except for the FISA and Fourth Amendment claims, the Government initially sought dismissal and summary judgment with respect to all of Plaintiffs' claims on the ground that litigation of those claims would risk or require disclosure of certain evidence properly protected by the Attorney General's privilege assertion. The individual capacity defendants also filed motions to dismiss the claims against them pursuant to Rule 12(b)(6), including based on the Government's assertion of the state secrets privilege. *See id.* at 1034.

After hearing extensive oral argument on August 14, 2012, the Court issued two separate decisions in which it dismissed all claims pursuant to the state secrets privilege, with the exception of the FISA Section 1810 claim against the individual capacity defendants. *See Fazaga*, 884 F.Supp. 2d at 1035-1049; *Fazaga v. FBI*, 885 F. Supp. 2d 978 (C.D. Cal. 2012) (holding that the individual capacity defendants were not entitled to qualified immunity with respect to the FISA Section 1810 claim). In sum, the Court held that the privileged information would provide "essential evidence for Defendants' full and effective defense against Plaintiffs' claims—namely, showing that Defendants' purported "dragnet" investigations were not indiscriminate schemes to target Muslims, but were properly predicated and focused." *Fazaga*, 884 F. Supp. 2d at 1047. The Court also held that dismissal of Plaintiffs' claims is required for a separate reason – that because the privileged and nonprivileged information is inextricably intertwined, litigating the case to

judgment on the merits would present an unacceptable risk of disclosing state secrets. *Id.* at 1048-49 (citing *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1082-83 (9th Cir. 2010)).

On the question of whether FISA Section 1806(f) displaced the state secrets privilege, the Court noted that the Government Defendants had not moved to dismiss the FISA Section 1810 claim on state secrets grounds, and held that, even if FISA preempted the privilege to any extent, it would not do so as to matters outside of FISA's purview. *Fazaga*, 884 F. Supp.2d at 1038 (citing *In re Nat'l Sec. Agency Telecomms. Records Litig.*, 564 F. Supp. 2d 1109, 1120 (N.D. Cal. 2008) (noting that FISA preemption would extend only to information within FISA's purview)).[2] The Court recognized that the central subject matter of the case is Operation Flex – a group of counterterrorism investigations that extend well beyond the purview of electronic surveillance as discussed in the Government's public and classified filings. *Id.*

A panel for the Court of Appeals reversed, and rehearing en banc was denied. *See Fazaga v. FBI*, 965 F.3d 1015 (9th Cir. July 20, 2020). The panel does not appear to have reviewed the Government's state secrets assertion. *See id.* at 1039 ("[W]e . . . need not review the Government's state secrets claim to decide whether the standard for dismissal at this juncture . . . has been met."). Instead, the panel considered Plaintiffs' contention that "the procedures established under FISA for adjudicating the legality of challenged electronic surveillance replace the common law state secrets privilege with respect to such surveillance to the extent that privilege allows the categorical dismissal of causes of action." *Id.* Embracing that

---

[2] Privilege was asserted over "previously undisclosed information related to whether court-ordered searches or surveillance" were used. 884 F. Supp. 2d at 1041 (citing Public Holder Decl. ¶ 4; Public Giuliano Decl. ¶ 15); *see also id.* at 1044 (privilege assertion encompassed "whether court-authorized searches or surveillance occurred, such as wire taps and monitoring of electronic communication.").

**Mem. in Supp. of Gov't Defs.' Mot. for a Stay of Proceedings**
**Pending Petition for Writ of Certiorari** **Page 4**

theory, the panel held that, in enacting FISA, Congress displaced the common law dismissal remedy created by *United States v. Reynolds*, 345 U.S. 1 (1953), as applied to electronic surveillance. *Id.* at 1039-40, 1043-53, 1065-66. The panel further held that FISA Section 1806(f) procedures were to be used when an aggrieved person affirmatively challenges, in any civil case, the legality of electronic surveillance or its use in litigation, whether the challenge is under FISA itself, the Constitution, or any other law. *Id.* at 1052.[3] Circuit Judge Bumatay wrote a dissenting opinion in which nine other circuit judges joined in whole or part. *Id*. at 1072-85. The Ninth Circuit mandate was filed in this Court on July 28, 2020, ECF No. 155. Under the Supreme Court's orders in light of the current pandemic, the United States has 150 days from the denial of rehearing in which to file a writ of certiorari—or until Thursday, December 17, 2020. *See* Order (S. Ct. Mar. 19, 2020) (extending deadline for petitioning for certiorari from 90 days to 150 days).[4]

## ARGUMENT

### I. The Standards for Granting a Stay of Proceedings to Await Disposition of a Related Proceeding

As this Court has previously recognized, a court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with

---

[3] The panel also ruled on other issues that are not the focus of this motion. Notably, with respect to the constitutional *Bivens* claims against the individual capacity defendants, the panel observed that recent Supreme Court decisions "have severely restricted the availability of *Bivens* actions." *Fazaga*, 965 F.3d at 1055 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856-57 (2017)). The panel declined to assess the viability of the *Bivens* claims in light of *Abbasi*, leaving that for this Court on remand. *See id.* at 1056. The panel also held that three supervisory FBI officials (defendants Stephen Tidwell, Barbara Walls, and Pat Rose) had qualified immunity with respect to plaintiffs' FISA Section 1810 claim, *see id*. at 1039, and that claim is dismissed with respect to those defendants.

[4] https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

**Mem. in Supp. of Gov't Defs.' Mot. for a Stay of Proceedings**
**Pending Petition for Writ of Certiorari** Page 5

economy of time and effort for itself, for counsel, and for litigants." *Billon, Inc. v. Slatin*, No. SACV 16-00788-CJC, 2017 WL 2719980 (C.D. Cal. Jan. 26, 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing *Landis*, 299 U.S. 248)). This inherent power includes the authority to order a stay "pending resolution of independent proceedings which bear upon the case." *Billon*, 2017 WL 2719980, at *1 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). Where a stay is considered pending the resolution of another action, "the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay." *Id.* (citing *Landis*, 299 U.S. at 254).

In determining whether to stay a case, "the competing interests which will be affected . . . must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citation omitted); *see also Chen v. St. Jude Med., LLC*, No. SACV 17-00143-CJC, 2017 WL 8220441 (C.D. Cal. June 5, 2017); *Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*, No. SACV 17-00364-CJC, 2017 WL 6940557 (C.D. Cal. June 27, 2017); *Grivas v. Metagenics, Inc.*, No. SACV 15-01838-CJC, 2016 WL 11266835 (C.D. Cal. Mar. 31, 2016).

Absent a showing that a stay will injure the non-movant, the movant need not show significant hardship beyond the unnecessary expenditure of time and resources to continue potentially unneeded litigation. *See, e.g.*, *Couture Textile, Inc. v. Rue 21, Inc.*, No. CV-16-05544-BRO, 2017 WL 10562584, at *4 (C.D. Cal.

July 21, 2017); *In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013).  To be sure, "'if there is even a fair possibility that the stay . . . will work damage to [someone] else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255); *see also Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").  But "[t]he proponent of a stay need not make a showing of hardship or inequity unless its opponent first demonstrates that there is a 'fair possibility' that a stay will cause it injury." *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) (citing *Dependable Highway Express,* 498 F.3d at 1066).

     Accordingly, courts routinely stay proceedings pending resolution of related cases in an appellate court, including pending a decision by the Supreme Court. *See, e.g.*, *Sensibaugh v. EF Educ. First, Inc.*, No. CV 20-1068-MWF, 2020 WL 3455641 (C.D. Cal. May 7, 2020) (granting stay of proceedings pending resolution of an issue before the Supreme Court); *Rossano v. Fashion Mktg. & Merch. Grp. Inc.,* No. CV 19-10523-MWF, 2020 WL 4288059 (C.D. Cal. May 4, 2020) (granting stay of proceedings pending ruling by Supreme Court in a case raising a related issue); *see also Small v. GE Capital, Inc.*, No. EDCV 15-2479 JGB, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016) ("[F]urther litigation absent a ruling" on key issues by appellate court "may be unnecessary and will require both parties and the court to spend substantial resources."); *Campbell v. Or. Dep't of State Lands*, No. 2:16-cv-01677-SU, 2017 WL 3367094 (D. Or. Aug. 4, 2017) ("[A]llowing the Ninth Circuit—whose decision will be binding on this Court and

the parties—to decide these issues will save significant judicial resources, efforts, and time.").[5]

The grant of a stay pending a decision by the Supreme Court on a petition for a writ of certiorari is also appropriate. *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054-55 (S.D. Ill. 2006) (staying certain counts pending a writ of certiorari to the Supreme Court in another case concerning claims "substantially identical" to the claims before the district court, and observing that "[s]uch stays are entered quite routinely"). Here, the Government seeks a stay pending disposition of a cert petition not in a related case, but in this very case. As set forth further below, the grounds for a stay in these circumstances are amply satisfied.

## II. The Relevant Factors Support the Granting of a Stay of Proceedings Pending a Decision on Seeking Certiorari.

The Government seeks a stay of proceedings in this action for the straightforward reason that it is presently considering whether to seek review of the Ninth Circuit panel decision in the Supreme Court. This avenue of further review remains available to the Government and could result in this Court's prior decision upholding the state secrets privilege and rejecting the FISA displacement theory being affirmed, or some other outcome that would significantly impact further proceedings in this Court on remaining claims. Accordingly, the Government seeks an opportunity to complete deliberations on whether to seek certiorari before further relevant proceedings commence, and a further stay of proceedings if certiorari is sought and then if granted by the Supreme Court.

---

[5] *See also Errington v. Time Warner Cable Inc.*, No. 15-CV-02196 RSWL, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016); *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS, 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) (granting stay pending resolution of related issues pending in the D.C. Circuit).

**Mem. in Supp. of Gov't Defs.' Mot. for a Stay of Proceedings**
**Pending Petition for Writ of Certiorari** Page 8

The balance of interests supports a stay of proceedings in these circumstances. On the one hand, it is not apparent what damage may result to Plaintiffs from the granting of a stay. This case admittedly has been pending for a long time, but the challenged investigative activities occurred well over a decade ago, and Plaintiffs seek only retrospective relief in the form of the expungement of records or damages. Also, any harm caused by the delay in this case resulted from the nearly eight years in which this case was pending on appeal. By comparison, the time it would take for the Government to decide whether to seek certiorari, and for the Supreme Court to rule on that petition, would be a matter of months, at the longest. *See Leyva*, 593 F.2d at 864 (recognizing that a stay is appropriate where it "appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court"). Waiting to see whether certiorari is sought and granted would not prejudice Plaintiffs, particularly where there are *Bivens* matters that could be litigated in the meantime.

On the other hand, further proceedings in accord with the Ninth Circuit panel decision would risk significant harm to the Government's interests. At issue in this case is how litigation that implicates the disclosure of national security information should proceed. The Government contends that the Ninth Circuit panel has imposed a process that does not apply as a matter of law to the review of information subject to the state secrets privilege in this case, or to resolution of the claims on the merits through that process. Proceeding before any further review, under a statutory framework that should not apply, would not only perpetuate that error of law but would itself risk the disclosure of the very information that the state secrets privilege seeks to protect in this case. Notably, the privilege was asserted here to protect information that has not previously been disclosed, including the subjects of Operation Flex, the reasons for the investigations, and the sources and methods that were used, including alleged electronic surveillance. A claim may proceed to the merits only as to a party that has established standing as a factual

matter. But the very process of seeking dismissal of a claim for lack of standing or reaching the merits would tend to reveal that a party was—or was not—subject to the alleged activities, and thereby risks disclosure of privileged information. As the Supreme Court has pointed out, where the very question of whether the Government has undertaken investigative actions involving particular persons is protected, attempting to address the merits of any claims would inherently risk or require disclosure of that very evidence. *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 412 n.4 (2013) (condemning *in camera* proceedings that would reveal subjects of Government surveillance as contrary to national security interests).

As discussed in the Government's portion of the Joint Status Report filed on August 31, 2020, Plaintiffs' proposal for proceeding would put directly at issue information subject to the state secrets privilege. *See* ECF. No. 163 at 22-28. Plaintiffs propose piecemeal litigation of purportedly non-privileged aspects of their search claims under the Fourth Amendment and FISA, but that would still risk or require disclosure of privileged information intertwined with non-privileged evidence. *See id.* at 23-27. Plaintiffs also propose to litigate their claims of religious discrimination on summary judgment, which would replicate proceedings that led to the Court's 2012 decision and would put directly at issue privileged information concerning the scope and reasons for Operation Flex, as this Court previously found. *See id.* at 27-28; *Fazaga*, 884 F. Supp. 2d at 1047. Thus, even the limited further proceedings that Plaintiffs propose would risk or require the disclosure of privileged information and thus put at issue whether the FISA displaces the state secrets privilege.

"[N]o governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307 (1981) (citations omitted). That interest is implicated here, where further proceedings would involve information over which the Government has asserted the state secrets privilege and would risk or require the disclosure of state secrets, as this Court previously concluded. In any

matter of privilege, but particularly one involving the state secrets privilege, to which the "utmost deference" is due, *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998), a stay is appropriate to avoid "disclosure of the very thing the privilege is designed to protect," *Reynolds*, 345 U.S. at 8, at least until it is clear that further review of the panel decision will not proceed.

The remaining factors also weigh in favor of staying the proceedings here. Certainly, "the orderly course of justice" supports a stay, as any Supreme Court review would address questions of law that have a direct bearing on further proceedings, particularly if the Supreme Court agrees with this Court's prior decision upholding the privilege and rejecting the FISA displacement theory. And even if the Supreme Court were to affirm the Ninth Circuit, it would very likely clarify the remaining issues of law and proof in this litigation. For these reasons, the "economy of time and effort for [the Court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, also counsels in favor of a stay.

Finally, there is little concern that a stay would be "indefinite in nature." *Dependable Highway Express*, 498 F.3d at 1066. Supreme Court Rule 13, as modified by the Supreme Court's Miscellaneous Order of March 19, 2020, prescribes a finite time in which a party may seek review. If the Government petitions for certiorari, it will do so no later than December 17, 2020, if not before. If a petition is filed and certiorari is granted, there is also a prescribed time in which the parties may brief the merits, and the Supreme Court would presumably resolve the matter in regular order. While Plaintiffs assert that, if certiorari is sought and *granted*, the Supreme Court may not decide the matter until the 2021-22 term, that is both speculative and, in any event, not a justification for proceeding now. Plaintiffs chose to appeal this Court's prior decision, and further review by the Supreme Court remains an available avenue that, if sought and granted, could result in rejection of the FISA displacement theory, affirmance of this Court's decision upholding the state secrets privilege, and the issuance of binding guidance that

would impact litigation of remaining claims. Accordingly, it would be appropriate to stay these proceedings while the certiorari process plays itself out, particularly since there are *Bivens* matters that could be litigated in the meantime.

## CONCLUSION

For the foregoing reasons, the Government Defendants respectfully request that the Court grant their motion for a stay of proceedings pending a determination and resolution of a petition for a writ of certiorari to the United States Supreme Court.

Dated: September 1, 2020        Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

/s/ *Anthony. J. Coppolino*
ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Joseph J. DeMott*
JOSEPH DEMOTT
Trial Attorney
E-mail: joseph.demott@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20530
Telephone: 202-514-3367
*Attorneys for the Federal Bureau of Investigation and Official Capacity Defendants*

STEPHEN E. HANDLER
Senior Trial Counsel
E-mail: stephen.handler@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Avenue N.W. Room 8070N
Washington, D.C. 20530

Telephone: (202) 616-4279
*Attorney for the United States*