1   Peter Bibring (SBN 223981)
2     *pbibring@aclusocal.org*
    Ahilan T. Arulanantham (SBN 237841)
3     *aarulanantham@aclusocal.org*
    Mohammad Tajsar (SBN 280152)
4   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
5   1313 West Eighth Street
    Los Angeles, California 90017
6   Telephone: (213) 977-9500
    Facsimile: (213) 977-5297
7

8
9   *Attorneys for Plaintiffs*
    *(Additional Counsel listed on next page)*
10

11

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14

15
    YASSIR FAZAGA, *et al.*,          CASE NO.: 8:11-cv-00301-CJC-VBK
16
17                  Plaintiffs,        **PLAINTIFFS' OPPOSITION TO
                                       GOVERNMENT DEFENDANTS'**
18        v.                          **MOTION FOR A STAY OF
                                       PROCEEDINGS**
19   FEDERAL BUREAU OF
20   INVESTIGATION *et al.*,
21                  Defendants.
22
23
24
25
26
27
28

*Additional Plaintiffs' Attorneys:*

Dan Stormer (SBN 101967)
   *dstormer@hadsellstormer.com*
HADSELL STORMER RENICK & DAI, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

1

# TABLE OF CONTENTS

INTRODUCTION ................................................................................1

PROCEDURAL HISTORY .................................................................3

LEGAL STANDARD ..........................................................................5

ARGUMENT.........................................................................................6

I.   LITIGATION UNAFFECTED BY ANY POTENTIAL
     *CERTIORARI* PROCEEDINGS SHOULD RESUME......................6

     A.   The Court should reinstate litigation over any surviving
          claim that does not require disclosure of privileged
          information ............................................................................7

          1.   Search Claims.................................................................7

          2.   Religion Claims..............................................................9

          3.   FTCA Claims ...............................................................10

     B.   *Landis* authorizes the partial resumption of litigation
          unaffected by potential Supreme Court litigation ..................10

II.  THE *LANDIS* STAY FACTORS WEIGHS SHARPLY
     AGAINST HALTING ALL LITIGATION AGAINST
     THE GOVERNMENT .......................................................................11

     A.   Staying all proceedings against the Government
          Defendants introduces undue delay that harms Plaintiffs .......11

     B.   Resuming litigation over non-privileged portions of
          the case will not harm any government interests ...................13

          1.   Discovery into the search claims does not
               implicate the Government's existing state
               secrets assertion or harm the secrecy interests.............14

                  2.     Responding to Plaintiffs' summary judgment motion on their religious claims does not risk disclosure of secret information ....................................16

        C.     The additional *Landis* factors counsel against a complete stay of proceedings ...................................................17

CONCLUSION……………………………………………………………….18

# TABLE OF AUTHORITIES

**Cases**

*Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*,
   686 F.3d 965 (9th Cir. 2012) ............................................................................15

*Ciuffitelli v. Deloitte & Touche LLP*,
   2016 WL 6963039 (D. Or. Nov. 28, 2016) ..................................................6, 17

*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*,
   713 F.2d 1477 (10th Cir. 1983) ........................................................................5

*Dependable Highway Express v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007) ....................................................................5, 11

*Fazaga v. Fed. Bureau of Investigation*,
   965 F.3d 1015 (9th Cir. 2020) ...............................................................*passim*

*Gibbs v. Plain Green, LLC*,
   331 F. Supp. 3d 518 (E.D. Va. 2018) .............................................................13

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990) ......................................................................6

*Hill v. Kemp*,
   2007 WL 2571958 (N.D. Okla. Aug. 31, 2007) ..............................................10

*Howard v. City of Albuquerque*,
   349 F. Supp. 3d 1137 (D.N.M. 2018) .............................................................11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...............................................................................*passim*

*MCI Commc'ns Corp. v. AT&T Co.*,
   1982 WL 1806 (D.D.C. Feb. 18, 1982) ..........................................................10

*Melendres v. Arpaio*,
   695 F.3d 990 (9th Cir. 2012) ..........................................................................12

*Mohamed v. Jeppesen Dataplan, Inc.*,
   614 F.3d 1070 (9th Cir. 2010) ........................................................................17

*Pagtalunan v. Galaza*,
   291 F.3d 639 (9th Cir. 2002) ..........................................................................13

*Skellerup Indus. Ltd. v. City of Los Angeles*,
    163 F.R.D. 598 (C.D. Cal. 1995) ................................................................6

*United States v. Mandycz*,
    321 F. Supp. 2d 862 (E.D. Mich. 2004) .......................................5, 18

*Walker v. Monsanto Co. Pension Plan*,
    472 F. Supp. 2d 1053 (S.D. Ill. 2006) .............................................10

*Ziglar v. Abbasi*,
    137 S.Ct. 1843 (2017) ................................................................9

**Statutes**

50 U.S.C. § 1806(f).....................................................................4, 6

iv

# INTRODUCTION

Although the parties' disagreement is profound, its scope is narrow. Both sides agree that no litigation should occur as to evidence over which Defendants the United States, the Federal Bureau of Investigation, and the Official Capacity Defendants (collectively "the Government") have already asserted the *Reynolds* state secrets privilege. Both also agree that this Court should assess the availability of *Bivens* claims against the Individual Defendants without further delay. The only dispute concerns whether the Court should also proceed on Plaintiffs' arguments that do *not* implicate any evidence the Government asserts is secret. Specifically, Plaintiffs propose this Court permit: (1) discovery of non-privileged information relevant to their search claims against the Government; (2) summary judgment proceedings on their religious discrimination in reliance on the public record; and (3) other preliminary Federal Tort Claims Act litigation and discovery.

As to these three proposals, the Government's position is at war with its prior representations to this Court about the scope of its state secrets assertion. Before the Court's rulings on Defendants' motions to dismiss and summary judgment papers, the Government repeatedly stated that the search claims were distinguishable from the religious discrimination claims insofar as the state secrets privilege warrants dismissal of only the discrimination claims in their entirety. The Government claimed the search litigation could go forward, because "the majority of the audio and video will be available in connection with further proceedings." Dkt. 55 at 5. Yet now, having lost their other arguments for dismissal of the claims arising from Monteilh's recordings, the Government shifts course. It asks this Court to stop litigation as to *all* the evidence, on *all* claims against it—even that over which they never asserted the *Reynolds* privilege—because any such litigation could somehow lead to the disclosure of secret evidence.

The Government's justifications for this new approach cannot be reconciled with either the law governing stays or the need to move forward in this case.

1

1   Courts disfavor complete stays of litigation against a party as the Government now

2   seeks for itself. Its reasons for setting aside that default rule lack merit. It contends

3   first that the Supreme Court could affirm this Court's original ruling, but neglects

4   to mention that it never defended this Court's dismissal of the search claims on

5   state secrets grounds. Unless the Government suddenly changes course in the

6   Supreme Court, Plaintiffs' challenge to the confidential informant Craig

7   Monteilh's surreptitious recording of them in mosque prayer halls and his

8   extensive video recording in contexts where they had a reasonable expectation of

9   privacy will go forward on the merits. The only question is whether that process

10  will begin now, or instead in months or—more likely, if the Supreme Court grants

11  review—*years* from now. Where there is literally no reason to decline to address

12  the legality of at least some portions of the disturbing conduct underlying this case,

13  the Court should proceed to do so.

14       The Government further argues that it will be harmed by the limited process

15  Plaintiffs propose here, but the only alleged harm is the threat that secret material

16  will be disclosed, which Plaintiffs' proposal takes off the table. To repeat:

17  Plaintiffs propose commencing only as to matters over which the Government does

18  *not* assert privilege, as the Government previously represented such information

19  *could* be disclosed. The Government cannot plausibly assert harm from being

20  forced to litigate over non-privileged evidence. On the other hand, while the

21  Government asserts Plaintiffs will suffer little from even further delays in this

22  litigation, another complete halt of litigation against the Government threatens to

23  work an even greater injury to Plaintiffs. They have already waited a *decade* to

24  have their claims adjudicated. In the meantime, they continue to suffer ongoing,

25  irreparable injury from the Government's unlawful maintenance of information

26  about their lawful activities and associations. Because the Government offers no

27  other compelling reason to rebut the presumption against staying proceedings, its

28  motion must fail.

2

# PROCEDURAL HISTORY

Plaintiffs filed this action on February 22, 2011 against the Government and various individuals alleging that a secret government surveillance program conducted between 2006 and 2007 targeting them and other Muslims in Orange County violated their rights to be free from unlawful searches and seizures, unlawful religious discrimination, and certain other common law torts brought against the United States via the Federal Tort Claims Act (FTCA). Plaintiffs pled a total of eleven claims. The Government sought dismissal under the *Reynolds* state secrets privilege of the discrimination claims, but not the search claims. Following this Court's dismissal of all of Plaintiffs' claims against the Government on state secrets grounds, Plaintiffs appealed. The Ninth Circuit's amended opinion and order affirmed the dismissal of four of Plaintiffs' eleven claims, remanded the other seven claims for further proceedings, and denied Defendants' petition for rehearing *en banc*, *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015 (9th Cir. 2020), as follows:

| Claim | Harm | Defendants | Status | Ninth Circuit Result |
|---|---|---|---|---|
| 1st COA (1st A – Establishment; *Bivens*) | Religious Discrimination | All individual capacity Defendants. | Survives in part. | Assess *Bivens* on remand under *Ziglar v. Abassi*; consider qualified immunity. |
| 1st COA (1st A – Establishment; Injunctive) | Religious Discrimination | All official capacity Defendants. | Survives. | *Reynolds* privilege displaced by FISA, 50 U.S.C. § 1806(f); expungement remedy available. |
| 2nd COA (§ 1985 – Establishment) | Religious Discrimination | All individual capacity Defendants. | Dismissed. | Held QI re: intra-corporate conspiracy rule applies against Agent Defendants. |
| 3rd COA (1st A – Free Exercise; *Bivens*) | Religious Discrimination | All individual capacity Defendants. | Survives in part. | Assess *Bivens* on remand under *Ziglar v. Abassi*; consider qualified immunity. |
| 3rd COA (1st A – Free Exercise) | Religious Discrimination | All official capacity Defendants. | Survives. | *Reynolds* privilege displaced by FISA, 50 U.S.C. § 1806(f); expungement remedy available. |
| 4th COA (§ 1985 – Establishment) | Religious Discrimination | All individual capacity Defendants. | Dismissed. | Held QI re: intra-corporate conspiracy rule applies against Agent Defendants. |

| Claim | Harm | Defendants | Status | Ninth Circuit Result |
|---|---|---|---|---|
| 5th COA: RFRA | Religious Discrimination | All Defendants. | Survives in part. | Dismissed on QI as to Agent Defendants; Survives as to Government Defendants. |
| 6th COA: EP (*Bivens*) | Religious Discrimination | All individual capacity Defendants. | Survives in part. | Assess *Bivens* on remand under *Ziglar v. Abassi*; consider qualified immunity. |
| 6th COA: EP (Injunctive) | Religious Discrimination | All official capacity Defendants. | Survives. | *Reynolds* privilege displaced by FISA, 50 U.S.C. § 1806(f); expungement remedy available. |
| 7th COA: § 1985 (EP) | Religious Discrimination | All individual capacity Defendants. | Dismissed. | Held QI re: intra-corporate conspiracy rule applies against Agent Defendants. |
| 8th COA: Privacy Act | Religious Discrimination | Federal Bureau of Investigation. | Dismissed. | Dismissed. |
| 9th COA: 4th A (*Bivens*) | Unlawful Search | All individual capacity Defendants. | Survives in part. | Dismissed on QI and *Iqbal* grounds, except against Allen & Armstrong as to portions of Fazaga's and AbdelRahim's claims. |
| 9th COA: 4th A (Inj.) | Unlawful Search | All official capacity Defendants. | Survives. | *Reynolds* privilege displaced by FISA, 50 U.S.C. § 1806(f); expungement remedy available. |
| 10th COA: FISA | Unlawful Search | As Filed - All Defendants | Survives in Part. | Dismissed on QI and *Iqbal* grounds, and sovereign immunity grounds, except against Allen & Armstrong as to portions of Fazaga's and AbdelRahim's claims. |
| 11th COA: FTCA | Unlawful Search and Religious Discrimination | United States | Survives. | Remanded for application of discretionary function exception after merits determination. |

After the Ninth Circuit's mandate issued, this Court held a status conference soliciting the parties' positions on how to proceed with the litigation. *See* Dkt. 162. The parties submitted a Joint Status Report detailing their positions. Dkt. 163. The Government noted in the Report its intent to seek a stay of all proceedings pending its deliberation on whether to seek *certiorari* review of the Ninth Circuit's decision. On September 1, 2020, the Government filed the instant Motion to stay all litigation against it for the duration of Supreme Court proceedings.

4

**LEGAL STANDARD**

Plaintiffs agree with the Government that the Court's authority to grant a stay derives from its general power "to control the disposition of the causes on its docket" and requires it to "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Nonetheless, it bears mention that complete stays, as the Government seeks here for all claims against itself, are disfavored. "'[T]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citing *Landis*, 299 U.S. at 255, and quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' " *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). A request to stay proceedings that "would result in undue delay" is inappropriate. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066.

Moreover, although the Government fails to mention them, two other legal standards govern its request here. *First*, where a party seeks a stay in connection with a *certiorari* petition, the movant must make additional showings: "(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Supreme Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *United States v. Mandycz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004) (quoting *Packwood v. Senate Select Comm. on Ethics,* 510 U.S. 1319 (1994) (Rehnquist, J., in chambers)). The Government makes no attempt to establish the first two of these three factors.

*Second*, because the Government's request particularly targets Plaintiffs' proposal to take certain discovery, "[a] party seeking a stay of discovery carries the

1    heavy burden of making a 'strong showing' why discovery should be denied."

2    *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting

3    *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *cf. Skellerup*

4    *Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had

5    the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P.

6    12(b)(6) would stay discovery, the Rules would contain a provision for that effect.

7    In fact, such a notion is directly at odds with the need for expeditious resolution of

8    litigation"); *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-0580-AC, 2016

9    WL 6963039, at *4 (D. Or. Nov. 28, 2016) ("District courts in this circuit have

10   rejected the general proposition that a pending dispositive motion justifies a stay of

11   discovery.") (collecting cases).

**ARGUMENT**

## I.    LITIGATION UNAFFECTED BY ANY POTENTIAL *CERTIORARI* PROCEEDINGS SHOULD RESUME.

15         Plaintiffs object to a complete stay of all litigation against the Government.[1]

16   As set forth in their portion of the August 31 Joint Status Report, and repeated

17   below, Plaintiffs instead request a partial stay that protects the Government's state

18   secrets arguments pending *certiorari* briefing while simultaneously allowing other,

19   unaffected portions of this litigation to proceed. Plaintiffs specifically agree not to

20   seek evidence over which the Government has asserted the *Reynolds* privilege. Nor

21   will Plaintiffs seek to use FISA procedures outlined in 50 U.S.C. § 1806(f) to

22   litigate about evidence over which the Government has asserted that privilege, as

23   authorized by the Ninth Circuit's amended opinion. *Fazaga*, 965 F.3d at 1065

24   (explaining procedures on remand to include use of § 1806(f)'s *ex parte* and *in*

25   *camera* procedures "to determine whether the electronic surveillance was lawfully

---

[1] Plaintiffs agree with the Government that any remaining pleading challenges the Individual Defendants may raise should proceed now.

1   authorized and conducted"). Instead, Plaintiffs request the Court allow certain

2   limited litigation to continue as to the evidence that is not secret.

3

4       **A.**    **The Court should reinstate litigation over any surviving claim that does not require disclosure of privileged information.**

5       In order to efficiently use what could easily be more than six

6   months before anyone knows whether the Supreme Court will grant

7   *certiorari*, and to prevent further suspension in an already long-delayed case,

8   Plaintiffs request the Court allow the parties to begin discovery of information not

9   covered by the Government's existing state secrets assertion, and allow further

10   motion practice on the religion claims (which the Government did move to dismiss

11   under the *Reynolds* privilege). Plaintiffs outline their proposal below with respect

12   to each of the three categories of claims that survive the Ninth Circuit's ruling.

13       **1.**    **Search Claims**

14       The Court should permit the parties to proceed with some litigation on the

15   search claims (the Ninth, Tenth, and part of the Eleventh Cause of Action). As the

16   Government's Motion makes clear, any petition for writ of *certiorari* is likely to

17   focus on the Ninth Circuit's holding that FISA preempts the *Reynolds* state secrets

18   privilege. Dkt. 164-1 at 9 (describing the "issue in this case" as "how litigation that

19   implicates the disclosure of national security information should proceed").

20   Significant aspects of the surviving unlawful search claims will not be affected by

21   resolution of that question. The Government did not assert the *Reynolds* privilege

22   as to the search claims, and has never argued—either in this Court or the Ninth

23   Circuit—that those claims should be dismissed under *Reynolds*. *Id.* at 1041 ("[T]he

24   Government Defendants requested dismissal of Plaintiffs' religion claims in toto—

25   but not the Fourth Amendment and FISA claims—at the pleading stage"); Dkt.

26   164-1 at 3 (explaining that Government sought dismissal and judgment on state

27   secrets grounds on all but "the FISA and Fourth Amendment claims"). On the

28   contrary, the Government stated "[t]he FBI expects that the majority of the audio

1    and video [collected by their informant Craig Monteilh] will be available in

2    connection with further proceedings." *See* Dkt. 55 at 5.[2]

3        That audio and video will bear on at least two aspects of the Fourth

4    Amendment claims that will go forward against the Government (and possibly also

5    against some Individual Defendants) regardless of what happens at the Supreme

6    Court: *first*, Monteilh's audio and visual recordings of conversations to which he

7    was not a party, including, but not limited to, audio recordings of prayer hall

8    conversations, *Fazaga*, 965 F.3d at 1034–38; *see* Dkt. 66 at 14, ¶ 30; *id.* at 26,

9    ¶ 65; *id.* at 45, ¶ 17; *id.* at 51, ¶ 17 (declarations of Craig Monteilh describing

10   leaving audio recording devices in prayer halls)[3]; *id.* at 26, ¶ 66 (leaving audio

11   recording device in mosque offices); *id.* at 26, ¶ 65 (leaving audio recording

12   devices in restaurants and cafes); *second*, Monteilh's *video* recording of certain

13   sensitive locations, including the interiors of mosques and houses, *see id.* at 8,

14   ¶ 11; *id.* at 13, ¶ 23; *id.* at 37, ¶¶ 7–8 (the internal layout of mosques and homes);

15   *id.* at 15–16, ¶ 33; *id.* at 37, ¶ 5 (speeches and sermons at mosques and fundraising

16   events); *id.* at 15, ¶ 32; *id.* at 39, ¶ 16 (mosque fundraising booths and events).[4]

17   As the Government did not assert the *Reynolds* privilege over this evidence, and

18

19       ───────────────────

20       [2] *See also* Reply Br. of Pls.-Appellants, at 42–43, *Fazaga v. Fed. Bureau of
     Investigation*, No. 12-56867 (9th Cir. July 7, 2015), ECF 73 (declining to defend

21   this Court's dismissal of search claims on privilege grounds).

22       [3] In support of their Oppositions to the various Defendants' Motions to

23   Dismiss, Plaintiffs filed four declarations executed by Craig Monteilh, one
     supporting Plaintiffs' general allegations in the Complaint, and three detailing the

24   Government's targeting of each named Plaintiff. *See* Dkt. 66. As these declarations

25   were joined together in one filing, Plaintiffs refer to them here by their ECF page
     number and the relevant paragraph number contained therein.

26

27       [4] The Ninth Circuit dismissed claims against the Individual Defendants as to
     recordings inside mosques, but allowed all of them to proceed against the

28   Government. *Fazaga*, 965 F.3d at 1053–55.

8

1    since there is no other remaining basis on which to dismiss them, litigation based

2    on this evidence should proceed.

3                    **2.    Religion Claims**

4           Plaintiffs also request the Court restart proceedings on the surviving

5    religious discrimination claims for two limited purposes. *First*, as to those claims

6    brought against the Agent Defendants under *Bivens* (the First, Third, and Sixth

7    Causes of Action as against the Agent Defendants), Plaintiffs agree with the

8    Government that the Court should consider the Individual Defendants' motion to

9    dismiss under *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), and perhaps other grounds,

10   during the pendency of *certiorari* proceedings. *See* Dkt. 164-1 at 1 n.1.

11          *Second*, as to the surviving religious discrimination claims against the

12   Government (the First, Third, Fifth, Sixth and portions of the Eleventh Causes of

13   Action as against the Government), Plaintiffs request the Court permit them to

14   move for summary judgment. Plaintiffs can litigate these claims without the use of

15   any evidence designated as a state secret, and therefore any assertion of the

16   privilege is premature until Plaintiffs have been permitted to move for summary

17   judgment. *See* Br. of Pls.-Appellants, at 25–26, *Fazaga v. Fed. Bureau of

18   Investigation*, No. 13-55017 (9th Cir. Nov. 17, 2014), ECF 32-2.[5] Monteilh's

19   declarations establish crystal-clear violations of the Constitution's prohibition on

20   religious discrimination. *See, e.g.*, Dkt. 66 at 10, ¶ 17 (Allen and Armstrong "did

21   not give me any specific targets, but instead told me to gather as much information

22   on as many people in the Muslim community as possible"), *id*. at 20, ¶ 46 (they

23   told Monteilh to focus on Muslims who appeared more devout because they were

24   more suspicious). If Defendants choose to respond using information over which

25   they simultaneously assert the state secrets privilege, only then would FISA come

26   _____

27          [5] The Ninth Circuit did not consider this argument because it adopted
     Plaintiffs' alternative argument that FISA displaces the privilege. *Fazaga*, 965 F.3d
28   at 1039.

                                                    9

into play. Thus, any request for a stay out of concern for the use of FISA would be premature until Defendants have responded to the summary judgment motion.

### 3.    FTCA Claims

As to Plaintiffs' FTCA claims, the Government may seek to dismiss the various FTCA claims on grounds other than the discretionary function exception while *certiorari* proceedings are pending before the Supreme Court. Although the application of the discretionary function exception turns on the merits of Plaintiffs' claims against the Government, *Fazaga*, 965 F.3d at 1065 (reiterating that the Government has no discretion to violate the law), the Ninth Circuit did not have occasion to entertain other grounds for dismissal raised by the Government in its original motion to dismiss. If *certiorari* proceedings remain on-going after that litigation concludes, Plaintiffs request the Court allow discovery on the same terms described above—*i.e.*, permit it where relevant to the FTCA claim and not covered by any state secrets privilege.

### B.    *Landis* authorizes the partial resumption of litigation unaffected by potential Supreme Court litigation.

Plaintiffs' proposal for a partial stay accords with courts' routine rejection of complete stays of proceedings under *Landis* when some portion of the litigation can proceed without implicating pending appellate litigation. *See, e.g.*, *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (granting a partial stay of proceedings on litigation of three claims pending resolution of a relevant petition for a writ of *certiorari*); *Hill v. Kemp*, No. 04-0028-CVE-PJC, 2007 WL 2571958, at *2 (N.D. Okla. Aug. 31, 2007) (denying motion for *Landis* stay pending plaintiffs' decision whether to seek writ of *certiorari* because of existence of claims and parties not implicated by the Supreme Court's potential review); *MCI Commc'ns Corp. v. AT&T Co.*, No. 79-1182, 1982 WL 1806, at *4 (D.D.C. Feb. 18, 1982) (*Landis* stay pending appellate and Supreme Court proceedings denied where discovery could commence on unrelated issues).

10

The ability to allow partial litigation to proceed pending appellate review flows naturally from the "broad discretion" a court enjoys "in managing its docket, which includes decisions regarding issuing stays for all *or part* of a proceeding." *Howard v. City of Albuquerque*, 349 F. Supp. 3d 1137, 1144 (D.N.M. 2018) (emphasis added).

## II.   THE *LANDIS* STAY FACTORS WEIGHS SHARPLY AGAINST HALTING ALL LITIGATION AGAINST THE GOVERNMENT.

In response to Plaintiffs' proposal outlined above, the Government now moves to stay *all* litigation against it while it considers whether to seek *certiorari* review. It cannot meet the high standard for such a blanket stay. *See* Legal Standard, *supra*.

The Government's request to halt *all* proceedings against it is overbroad and inappropriate, for three reasons. *First*, the Government's proposed stay—which would suspend all proceedings except for pleading challenges the Individual Defendants intend to raise—introduces an unnecessary, and potentially drawn-out, delay that threatens Plaintiffs' ability to litigate their claims and exacerbates ongoing injuries the Constitution entitles them to challenge through this action. *Second*, imposing only a partial stay of proceedings, as Plaintiffs request, will not result in disclosure of any information the Government asserts the state secrets privilege to protect, thus avoiding any harm the Government claims will result from further proceedings. *Third*, a complete halt to the litigation subverts the ordinary course of federal litigation, and is unsupported by any other relevant factor that may justify such a departure.

### A.   Staying all proceedings against the Government Defendants introduces undue delay that harms Plaintiffs.

The Court must deny a request to stay litigation under *Landis* that "would result in undue delay" of the proceedings or "work damage" to Plaintiffs. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066. While the Government suggests

that its stay request will extend only "a matter of months, at the longest," granting the stay motion is likely to cause a much longer delay. The Government's deadline to file a petition for *certiorari* is December 17, 2020. Given the effect of the holidays on Plaintiffs' response time, the Supreme Court will likely decide the petition no sooner than the spring of 2021. This Court and the Parties will likely wait at least six months, and perhaps more, before learning whether the Supreme Court will grant review. If the Court grants the petition, argument would presumably be set no earlier than October of 2021, meaning a decision would be unlikely before December of 2021, and could come as late as June 2022. Thus, although the Government faults the Ninth Circuit for the harms caused by the case's lengthy appellate proceedings to date, Dkt. 164-1 at 9, its stay request will undoubtedly introduce additional, cascading delays.

These added delays would injure Plaintiffs for two different reasons. *First*, Plaintiffs allege, among other injuries, that the Government Defendants illegally maintain vast amounts of ill-gotten information about their First Amendment-protected activities, including information about their religious exercise and their associations. They further allege that the Government Defendants collected this information in part by violating their Fourth Amendment rights. Not only is the maintenance of these records a violation on its own, but it has also resulted in Plaintiffs' being additionally scrutinized, questioned, and searched in other contexts, including during travel. *See, e.g.*, First Amended Compl., Dkt. 49-2 at ¶¶ 185, 215. Consequently, and since the unlawful surveillance and seizures occurred in 2006 and 2007, any delay would exacerbate the constitutionally recognized "irreparable injury" that impair[s their] fundamental rights." *Fazaga*, 965 F.3d at 1055; *see Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1987)). The Government Defendants' mischaracterize Plaintiffs' prayer for relief

1   as seeking "only retrospective relief" without regard to the ongoing injuries they

2   continue to suffer as a result of its unlawful surveillance activities. Dkt. 164-1.

3       *Second*, an additional suspension of proceedings unnecessarily hampers

4   Plaintiffs' efforts to conduct discovery into the non-privileged evidence necessary

5   to litigate their search claims. "Unnecessary delay inherently increases the risk that

6   witnesses' memories will fade and evidence will become stale." *Pagtalunan v.*

7   *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *see, e.g.*, *Iopa v. Saltchuk-Young Bros.*,

8   Ltd., 916 F.3d 1298, 1301 (9th Cir. 2019) (same, with nine-month delay). Given

9   the age of this case, placing only a partial stay on proceedings preserves "the

10   economy of time and effort" and moves the parties, and the Court, closer to a final

11   resolution of the merits. *Gibbs v. Plain Green, LLC,* 331 F. Supp. 3d 518 (E.D. Va.

12   2018) ("Although denying a stay can risk waste, the opposite can also be true:

13   granting a stay may waste judicial resources.") (citation omitted).

14       Accordingly, both the ongoing, irreparable injuries Plaintiffs face and the

15   unnecessary delay of discovery constitute sufficient, independent grounds to deny

16   the Government's Motion for a complete stay of proceedings.

17

18       **B.**    **Resuming litigation over non-privileged portions of the case will not harm any government interests.**

19       *Landis* cautions that "if there is even a fair possibility that the stay … will

20   work damage to some one else," the party seeking the stay "must make out a clear

21   case of hardship or inequity." *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S.

22   at 255). As explained above, Plaintiffs raise at least a "fair possibility" that staying

23   this case further will harm their ability to vindicate their claims in this Court and

24   exacerbate ongoing constitutional injuries. As a result, the burden shifts to the

25   Government to demonstrate "clear . . . hardship or inequity" from partial

26   resumption of this litigation. Its Motion fails to make such a showing. *Id.*

27       The Government raises two arguments to suggest it will be harmed by the

28   limited litigation Plaintiffs propose resumes pending *certiorari* proceedings. *First*,

the Government claims that *discovery* on Plaintiffs' search claims cannot commence because it will be required "to address the *merits* of any claims" implicating that discovery, and because it should not be forced to litigate whether Plaintiffs have standing to bring their claims. Dkt. 164-1 at 10 (emphasis added). Dkt. 164-1 at 10. *Second*, the Government claims that Plaintiffs' request to seek summary judgment on their religion claims "would replicate proceedings that led to the Court's 2012 decision and would put directly at issue privileged information." *Id.* Both arguments lack merit, as explained below.

### 1. Discovery into the search claims does not implicate the Government's existing state secrets assertion or harm the secrecy interests.

The Government demands a stay on discovery as to the search claims for two reasons. It argues Plaintiffs may lack standing to press their Fourth Amendment claims, and litigating that question will require disclosure of privileged information. And it also suggests that litigating over non-privileged aspects of the search claims could lead to the disclosure of information "intertwined with" evidence covered by its existing state secrets assertion. Dkt. 164-1 at 9-10. Both claims are without merit, in part because they are directly at odds with the position the Government previously took as to whether the search claims could be litigated.

Even assuming the Government may still raise a standing challenge, Plaintiffs need not rely on any privileged or otherwise sensitive information to establish their standing to challenge Monteilh's recording in the prayer halls and private spaces of mosques. Plaintiffs already know, and Monteilh's declarations already establish, that Monteilh surveilled them in those locations. *See* Part I.A.1, *supra* (citing to Monteilh's declarations). The Government itself declassified at least one of the Agents' tasking orders to him, in which he agreed to conduct such electronic surveillance, *see Fazaga v. FBI*, No. 13-55017, Dkt. 72-2 (Attachment 1), and Monteilh himself filed a letter with the Ninth Circuit on its public docket

1    providing more details about the nature and scope of the surveillance the

2    Government authorized him to conduct, *Fazaga*, No. 12-56867, Dkt. 141.

3    Depending on how discovery proceeds, this Court could appropriately order the

4    Government to consider other documents for release after declassification review.

5    *See Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 984

6    (9th Cir. 2012) (discussing declassification process generally). Given what has

7    now become an extensive public record detailing how the Government employed

8    Monteilh to conduct a dragnet surveillance program targeting Plaintiffs, and, in

9    particular, the Government's own representation to this Court that the majority of

10   Monteilh's recordings would be available, the Government may not now insist on

11   total secrecy concerning this same record evidence. The Government itself

12   described this evidence as including "the majority of the audio and video"

13   Monteilh collected for the FBI, which it predicted "will be in available in

14   connection with further proceedings" in this case. *Fazaga*, 965 F.3d at 1043.

15   Plaintiffs wish to proceed only as to that evidence.

16        Though it does not explain in its Motion what precise standing inquiry it

17   refers to here, it is possible the Government's standing argument refers not to the

18   recordings described above, but instead to the portion of the search claim that

19   would challenge searches the Government has not publicly confirmed. *See* Dkt.

20   163 at 29 (objecting to proceeding on claims regarding "planted" devices on

21   ground that Plaintiffs are not entitled to any discovery until they can establish as a

22   factual matter, without any privileged evidence, that they are "aggrieved persons"

23   entitled to use Section 1806(f)'s procedures).

24        However, as Plaintiffs explained in their portion of the Status Report,

25   Plaintiffs do not propose to proceed with discovery as to any privileged

26   information. Plaintiffs object to staying discovery only on evidence over which the

27   Government has *not* asserted the privilege. For this evidence, no FISA discovery

28   process should be necessary, and no further standing showing will be necessary.

Nor will Plaintiffs' proposal result in discovery of any privileged information "intertwined" with non-privileged material. Dkt. 164 at 10. The Government claims that because non-privileged evidence may be "intertwined" with privileged evidence, "even the limited further proceedings that Plaintiffs propose would risk or require the disclosure of privileged information." *Id.* However, this is *directly contrary* to what the Government represented to the Court earlier, where it said litigation on the search claims *could* proceed because "the majority" of recordings would be available. Dkt. 55 at 5. If the Government has now decided to assert the state secrets privilege over new categories of information, it should make the assertion anew (complete with the procedural steps such an assertion requires, *see Fazaga*, 965 F.3d at 1042). Otherwise, the Court should not allow the Government to reverse course to raise this new roadblock for tactical purposes.

### 2. Responding to Plaintiffs' summary judgment motion on their religious claims does not risk disclosure of secret information.

The Government misunderstands Plaintiffs' proposal with respect to the surviving religious discrimination claims. Plaintiffs intend only to move for summary judgment on the *existing public record*, not, as the Government claims, by "put[ting] directly at issue privileged information." Dkt. 164-1 at 10. In response, the Government can review the filing to determine whether it can respond without reliance on evidence it claims is protected by the privilege. If it determines that it must rely on privileged evidence, it can assert the privilege publicly with specific reference to the matters raised in Plaintiffs' summary judgment papers, at which point Plaintiffs agree a stay would then be appropriate.

In doing so, the Government could cure one of the two objections Plaintiffs raised to its state secrets assertion at the Ninth Circuit, but which the Ninth Circuit did not address. *Fazaga*, 965 F.3d at 1039 ("Plaintiffs argue that, at this

1   preliminary stage, the district court erred in concluding that further litigation would

2   require the disclosure of privileged information."). If the Government does indeed

3   assert the privilege in response, Plaintiffs agree to stay further litigation for the

4   duration of the Supreme Court proceedings. As Plaintiffs argued previously,

5   Defendants' prediction may prove correct, but one cannot know "with certainty"

6   until Plaintiffs file their summary judgment motion on the religion claims.

7   *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1081 (9th Cir. 2010).

8   Allowing Plaintiffs' to brief their Rule 56 motion on their religious discrimination

9   claims therefore has the benefit both of clarifying the scope of the Government's

10  assertions (by tailoring it to the merits of Plaintiffs' claims, rather than serving as

11  an omnibus shield against *any* litigation), and of protecting any information the

12  Government claims as privileged from disclosure during the pendency of the

13  partial stay.

14
15          **C.      The additional *Landis* factors counsel against a complete stay of proceedings.**

16          The remaining factors this Court must consider in assessing the

17  Government's stay request counsel against granting its Motion.  Allowing this case

18  to proceed without reliance on any secret evidence does not threaten the "orderly

19  course of justice." To the contrary, it is assertions of the privilege that are

20  extraordinary, *Jeppesen*, 614 F.3d at 1080 (*Reynolds* privilege "is not to be lightly

21  invoked"), as are stays of discovery generally, *Ciuffitelli*, 2016 WL 6963039, at *4.

22  In much the same way that allowing litigation on the Individual Defendants'

23  pleading challenges does not threaten disclosure of sensitive information (thereby

24  not "complicating [the] issues, proof, and questions of law"), so too will litigation

25  on matters outside the scope of the privilege not threaten the Government's secrecy

26  assertions at issue in the Supreme Court. *Lockyer*, 398 F.3d at 1110. Holding the

27  entire case hostage while the Government considers *certiorari* is itself a subversion

28  of the "orderly course" of litigation. Nor has the Government explained why the

17

1  Court should expect four Justices to vote to grant certiorari, or that a "significant

2  possibility" exists to reverse the Ninth Circuit's judgment below. *Mandycz*, 321 F.

3  Supp. 2d at 864. In the absence of such a showing, the Government's request for a

4  complete stay of litigation as against it should be denied.

5                              **CONCLUSION**

6        For the foregoing reasons, Plaintiffs respectfully request the Court deny the

7  Government's Motion, and resume proceedings consistent with Plaintiffs' proposal

8  in Part I of the Argument section above.

9                                        Respectfully submitted,

10  Dated:  September 14, 2020              /s/ Mohammad Tajsar
                                           MOHAMMAD TAJSAR
11                                         Counsel for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28