JS-6



FILED
CLERK, U.S. DISTRICT COURT

9/29/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| YASSIR FAZAGA, ALI UDDIN MALIK, YASSER ABDELRAHIM,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>Defendants. | Case No.: SACV 11-00301-CJC (VBKx)<br><br>**ORDER GRANTING GOVERNMENT DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING PETITION FOR WRIT OF CERTIORARI [Dkt. 164] AND STAYING CASE AS TO ALL CLAIMS AND PARTIES** |

On February 22, 2011, Plaintiffs Yassir Fazaga, Ali Uddin Malik, and Yasser AbdelRahim, three Muslim residents in Southern California, filed a putative class action suit against the Federal Bureau of Investigation ("FBI"), the United States of America, and seven FBI officers and agents (collectively, "Defendants") for claims arising from a group of counterterrorism investigations, known as "Operation Flex," conducted in Plaintiffs' community with the help of a civilian informant, Craig Monteilh, from 2006 to 2007. Plaintiffs allege that, as part of Operation Flex, the FBI employed Monteilh to gather information in various Islamic community centers in Orange County by presenting

himself as a Muslim convert. (Dkt. 49 [First Amended Complaint] ¶ 1.) They contend that over a fourteen-month period, the FBI conducted a "dragnet investigation" using Monteilh to "indiscriminately collect personal information on hundreds and perhaps thousands of innocent Muslim Americans in Southern California." (*Id.* ¶ 2.) Plaintiffs assert claims for violations of the First Amendment's Establishment and Free Exercise Clauses, the Fourth Amendment, the Fifth Amendment's Equal Protection Clause, the Privacy Act, the Religious Freedom Restoration Act, the Foreign Intelligence Surveillance Act, and the Federal Tort Claims Act.

In 2012, the Court dismissed all of Plaintiffs' claims except for their FISA claim after the government invoked the state secrets privilege. (Dkts. 101, 102, 128); *see Fazaga v. FBI*, 884 F. Supp. 2d 1022 (C.D. Cal. 2012). Eight years later, in an opinion spanning more than 100 pages, the Ninth Circuit affirmed in part, reversed in part, and remanded, concluding that "FISA displaces the dismissal remedy of the common law state secrets privilege as applied to electronic surveillance." *Fazaga v. FBI*, 965 F.3d 1015, 1040 (9th Cir. 2020). The Ninth Circuit also denied the government's petition for rehearing en banc. *See id.* at 1023. However, Judge Patrick Bumatay filed a dissent from the denial of rehearing en banc. *See id.* at 1072–85. Joined in whole or in part by nine other judges, he wrote that the panel's decision "seriously degrades the Executive's ability to protect our Nation's secrets," and that he "fear[s] it is only a stepping stone to further erosions." *Id.* at 1085.

The government is considering whether to seek a writ of certiorari from the Supreme Court. Its deadline to file a petition is December 17, 2020. (Dkt. 164-1 at 1.) Now before the Court is the Government Defendants'—i.e. the United States, the FBI,

the Director of the FBI, and the Assistant Director in Charge of the FBI's Los Angeles Division—motion for a stay pending the possible writ of certiorari.[1] (Dkt. 164.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Those competing interests include (1) the possible damage that may result from granting a stay, (2) the hardship or inequity a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

Here, these competing interests weigh in favor of granting a stay. There is little possible damage that may result from granting a stay. The stay will likely end before the end of the next Supreme Court term, approximately nine months from now, if not much sooner. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). After the eight-year delay between the Court's order and the issuance of the Ninth Circuit's mandate, a delay of nine additional months will not make much of a difference in witness' memories or the loss of evidence. Indeed, Plaintiff has not pointed

---

[1] The Government Defendants seek a stay only on Plaintiffs' claims against them, not on Plaintiffs' claims against FBI agents J. Stephen Tidwell, Barbara Walls, Pat Rose, Kevin Armstrong, and Paul Allen, sued in their individual capacities. (Dkt. 164-1 at 1 n.1.)

to any specific hardship that will result if the Court issues a stay. *See Couture Textile, Inc. v. Rue 21, Inc.*, 2017 WL 10562584, at *4 (C.D. Cal. July 21, 2017) (denying stay and explaining, "[w]hile Plaintiff has an interest in prosecuting the case as quickly as possible, it has made no showing that a stay to allow the bankruptcy action to proceed will cause any specific hardship to Plaintiff"). In contrast, proceeding in this case before the Supreme Court weighs in on the critical issue of the state secrets privilege could complicate the issues substantially and create needless waste. Under these circumstances, the Court "find[s] it is efficient for its own docket and the fairest course for the parties to enter a stay of [this] action before it, pending resolution of" Supreme Court proceedings, if any. *See Leyva*, 593 F.2d at 863.

Accordingly, the motion to stay is **GRANTED.**[2] This case is stayed as to all claims and parties until whichever of the following events applies: (1) the government decides not to petition the Supreme Court for a writ of certiorari, in which case the government is instructed to file a notice in this Court within three days of that decision, (2) the government files a petition for writ of certiorari and the Supreme Court denies it, in which case the government is instructed to file a notice within three days of the Supreme Court's denial, or (3) the government files a petition for writ of certiorari and the Supreme Court grants it, in which case the government is instructed to file a notice within three days of the filing of the Supreme Court's decision.

DATED: September 29, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 5, 2020, at 1:30 p.m. is hereby vacated and off calendar.