UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YASSIR FAZAGA; ALI UDDIN MALIK; YASSER ABDELRAHIM, | No.    12-56867 |
| Plaintiffs-Appellees, | D.C. No. 8:11-cv-00301-CJC-VBK Central District of California, Santa Ana |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity; PAUL DELACOURT, Assistant Director in Charge, Federal Bureau of Investigation's Los Angeles Division, in his official capacity; PAT ROSE; KEVIN ARMSTRONG; PAUL ALLEN, | ORDER |
| Defendants, | |
| and | |
| BARBARA WALLS;  J. STEPHEN TIDWELL, | |
| Defendants-Appellants, | |

| | |
|---|---|
| YASSIR FAZAGA; ALI UDDIN MALIK; YASSER ABDELRAHIM, | No.    12-56874 |
| Plaintiffs-Appellees, | D.C. No. 8:11-cv-00301-CJC-VBK |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER A. WRAY, Director of the Federal Bureau of | |

Investigation, in his official capacity; PAUL
DELACOURT, Assistant Director in Charge,
Federal Bureau of Investigation's Los
Angeles Division, in his official capacity; J.
STEPHEN TIDWELL; BARBARA
WALLS,

                          Defendants,

 and

PAT ROSE; KEVIN ARMSTRONG; PAUL
ALLEN,

                          Defendants-Appellants.

---

YASSIR FAZAGA; ALI UDDIN MALIK;
YASSER ABDELRAHIM,

                        Plaintiffs-Appellants,

  v.

FEDERAL BUREAU OF
INVESTIGATION; CHRISTOPHER A.
WRAY, Director of the Federal Bureau of
Investigation, in his official capacity; PAUL
DELACOURT, Assistant Director in Charge,
Federal Bureau of Investigation's Los
Angeles Division, in his official capacity; J.
STEPHEN TIDWELL; BARBARA
WALLS; PAT ROSE; KEVIN
ARMSTRONG; PAUL ALLEN; UNITED
STATES OF AMERICA,

                        Defendants-Appellees.

No.    13-55017

D.C. No.
8:11-cv-00301-CJC-VBK

Before:  GOULD and BERZON, Circuit Judges, and STEEH,[*] District Judge.

The Supreme Court reversed the opinion in this case with respect to the relationship between the state secrets privilege and Foreign Intelligence Surveillance Act ("FISA") § 1806(f) and remanded for further proceedings.  *FBI v. Fazaga*, 142 S. Ct. 1051, 1063 (2022).  Specifically, the Supreme Court held that FISA's *ex parte* and *in camera* procedures set out in § 1806(f) do not displace the state secrets privilege.  *Id.* at 1062.  The Supreme Court, however, did not "decide whether the Government's evidence is privileged or whether the District Court was correct to dismiss [Plaintiffs'] claims on the pleadings," including whether "the state secrets privilege authorizes dismissal only where the case concerns a Government contract or where the very subject of the action is secret" or whether dismissal under the state secrets privilege is permitted in other circumstances.  *Id.* at 1063.

Therefore, within 21 days of this order, Plaintiffs are directed to file a supplemental brief addressing which issues should be addressed by this Court on remand and the appropriate resolution of those issues.  Within 21 days of service of Plaintiffs' supplemental brief, Defendants shall file a supplemental brief in response.  The briefs shall not exceed 7,000 words, excluding the items listed in Fed. R. App. P. 32(f).

---

[*]    The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.